# ORIGINAL CLERKS RECORD

# VOLUME I

APPELLATE COURT NO. 15-25-00139-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/25/2025 4:11:28 PM
CHRISTOPHER A. PRINE
Clerk

---

**NON-PARTY TEXAS ALCOHOLIC BEVERAGE COMMISSION**
   APPELLANT(S)

VS.                          TRIAL COURT CASE NO. 2023-07113

**ASHLEY DOMINGUEZ, ORLANDO HAYWARD AND REYNA HAYWARD, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF NIGUEL HAYWARD, DECEASED, EDUARDO MORENO, KELLY RAY WREN, AND DRAGGIN TOOLS TRUCKING, LLC**

---

   APPELLEE(S)

FROM THE 281ST District Court of Harris County, at Houston, Texas

HON., JUDGE CHRISTINE WEEMS PRESIDING.

Applied for by PATRICK TODD on the 22ND day of AUGUST, 2025, A.D., and delivered to the

**"FIFTEENTH" COURT OF APPEALS A.D.**

                              MARILYN BURGESS
                    Harris County, District Clerk


                    By: /s/ Tonisha Ricks
                         Tonisha Ricks, Deputy District Clerk
                         Civil/Family Post Trial


Attorney(s) for Appellant(s):

**PATRICK TODD**
**ASSISTANT ATTORNEY GENERAL**
**P.O. BOX 12548, CAPITOL STATION**
**AUSTIN, TX 78711**

1

Attorney(s) for Appellee:

| | |
|---|---|
| **DARAGH CARTER**<br>**SMITH & HASSLER**<br>**1225 NORTH LOOP WEST, SUITE 525**<br>**HOUSTON, TX 77008** | **CARLOS BALIDO**<br>**WALTERS BALIDO & CRAIN L.L.P.**<br>**10440 N CENTRAL EXPY STE 1500**<br>**DALLAS, TX 75231-2299** |
| **BRIAN CANO**<br>**FEE, SMITH & SHARP, L.L.P.**<br>**2777 ALLEN PKWY STE 800 HOUSTON,**<br>**TX 77019-2129** | **MUHAMMAD AZIZ**<br>**ABRAHAM, WATKINS, NICHOLS,**<br>**AGOSTO, AZIZ & STOGNER**<br>**800 COMMERCE ST**<br>**HOUSTON, TX 77002-1707** |
| **MICHAEL LOGAN**<br>**KANE RUSSELL COLEMAN LOGAN PC**<br>**901 MAIN ST STE 5200**<br>**DALLAS, TX 75202-3705** | **DANIELLE HOLLIS**<br>**WILSON ELSER**<br>**909 FANNIN STREET, SUITE 3300**<br>**HOUSTON, TX 77010** |

## INDEX

**NON-PARTY TEXAS ALCOHOLIC BEVERAGE COMMISSION**

**VS.          CAUSE NO. 2023-07113          APPELLATE # 15-25-00139-CV**

**ASHLEY DOMINGUEZ, ORLANDO HAYWARD AND REYNA HAYWARD, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF NIGUEL HAYWARD, DECEASED, EDUARDO MORENO, KELLY RAY WREN, AND DRAGGIN TOOLS TRUCKING, LLC**

|  | PAGE |
|---|---|
| **COVER PAGE <mark>VOLUME I</mark>** ....................................................... | 1 |
| INDEX PAGE(S)............................................................. | 3 |
| PLAINTIFFS ORIGINAL PETITION FILED FEBRUARY 2, 2023 ................................................... | 7 |
| DEFENDANTS KELLY RAY WREN AND DRAGGIN TOOLS TRUCKING, LLC'S GENERAL DENIAL ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES FILED MARCH 10, 2023................................................. | 14 |
| DEFENDANTS ORIGINAL ANSWER AND NOTICE OF APPEARANCE FILED MARCH 13, 2023 ................................. | 21 |
| PLAINTIFFS' FIRST AMENDED PETITION FILED AUGUST 6, 2024 ........................................... | 24 |
| PLAINTIFFS FIRST AMENDED PETITION FILED AUGUST 6, 2024 ........................................... | 38 |
| DEFENDANTS GENERAL DENIAL, ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO ORLANDO HAYWARD INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF NIGUEL HAYWARD, DECEASED FILED SEPTEMBER 3, 2024 ....................................... | 46 |
| DEFENDANT, LIFELEY, INC. D/B/A MOLLY'S PUB (CONROE)'S ORIGINAL ANSWER TO PLAINTIFF ASHLIE DOMINGUEZ'S FIRST AMENDED PETITION FILED SEPTEMBER 27, 2024 ..................................... | 54 |

# INDEX

**NON-PARTY TEXAS ALCOHOLIC BEVERAGE COMMISSION**

**VS.**        **CAUSE NO. 2023-07113**        **APPELLATE # 15-25-00139-CV**

**ASHLEY DOMINGUEZ, ORLANDO HAYWARD AND REYNA HAYWARD, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF NIGUEL HAYWARD, DECEASED, EDUARDO MORENO, KELLY RAY WREN, AND DRAGGIN TOOLS TRUCKING, LLC**

| | PAGE |
|---|---|
| DEFENDANT, LIFELEY, INC. D/B/A MOLLY'S PUB (CONROE)'S ORIGINAL ANSWER TO PLAINTIFF ASHLIE DOMINGUEZ'S FIRST AMENDED PETITION FILED SEPTEMBER 27, 2024 .................................................. | 61 |
| PLAINTIFF'S MOTION TO COMPEL THIRD PARTY COMPLIANCE AND MOTION TO OVERRULE OBJECTIONS FILED OCTOBER 7, 2024 .................................................. | 68 |
| DEFENDANT LIFFEY, INC. D/B/A MOLLY'S PUB (CONROE)'S AMENDED ANSWER TO PLAINTIFFS ORLANDO HAYWARD AND REYNA HAYWARD, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF NIGUEL HAYWARD, DECEASED'S FIRST AMENDED PETITION FILED OCTOBER 10, 2024 ................... | 76 |
| SANDBAGGERS PUB'S ORIGINAL ANSWER TO PLAINTIFF ASHLIE DOMINGUEZ'S FIRST AMENDED PETITION FILED OCTOBER 14, 2024.................................................. | 84 |
| NON-PARTY TEXAS ALCOHOLIC BEVERAGE COMMISSIONS RESPONSE TO PLAINTIFFS MOTION TO COMPEL FILED OCTOBER 30, 2024 ......................................... | 90 |
| PLAINTIFFS' SECOND AMENDED PETITION FILED NOVEMBER 8, 2024.................................................. | 112 |
| PLAINTIFFS SECOND AMENDED PETITION FILED NOVEMBER 8, 2024.................................................. | 130 |
| DEFENDANT LIFFEY LEASING, INC. D/B/A MOLLY'S PUB FIRST AMENDED ANSWER TO PLAINTIFF ASHLIE | 139 |

**INDEX**

**NON-PARTY TEXAS ALCOHOLIC BEVERAGE COMMISSION**

**VS.**            **CAUSE NO.  2023-07113**            **APPELLATE # 15-25-00139-CV**

**ASHLEY DOMINGUEZ, ORLANDO HAYWARD AND REYNA HAYWARD, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF NIGUEL HAYWARD, DECEASED, EDUARDO MORENO, KELLY RAY WREN, AND DRAGGIN TOOLS TRUCKING, LLC**

PAGE

DOMINGUEZ'S FIRST AMENDED PETITION FILED
NOVEMBER 18, 2024 ....................................................................

DEFENDANT LIFFEY LEASING, INC. D/B/A MOLLY'S PUB'S
ORIGINAL ANSWER TO PLAINTIFFS ORLANDO HAYWARD
AND REYNA HAYWARD, INDIVIDUALLY AND AS
REPRESENTATIVE OF THE ESTATE OF NIGUEL HAYWARD,
DECEASED'S SECOND AMENDED PETITION FILED
NOVEMBER 18, 2024 ....................................................................            147

TIME TO SPARE, LLC'S ORIGINAL ANSWER TO
PLAINTIFFS' SECOND AMENDED PETITIONS FILED
DECEMBER 19, 2024....................................................................            155

PLAINTIFFS' REPLY TO TEXAS ALCOHOL BEVERAGE
COMMISSION'S RESPONSE TO PLAINTIFFS' MOTION TO
COMPEL THIRD PARTY COMPLIANCE AND MOTION TO
OVERRULE OBJECTIONS FILED
FEBRUARY 3, 2025 ....................................................................            160

PLAINTIFFS' MOTION TO COMPEL DISCOVERY
RESPONSES AND MOTION TO OVERRULE OBJECTIONS
FROM DEFENDANT SANDBAGGER'S PUB, NP FILED
APRIL 30, 2025....................................................................            166

DEFENDANT SANDBAGGERS PUB'S RESPONSE TO
PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES
AND OVERRULE OBJECTIONS FILED MAY 13, 2025 ...........            175

DEFENDANT TIME TO SPARE, LLC'S RESPONSE TO
PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES
AND OVERRULE OBJECTIONS FILED MAY 13, 2025 ...........            188

**INDEX**

**NON-PARTY TEXAS ALCOHOLIC BEVERAGE COMMISSION**

**VS.          CAUSE NO.  2023-07113          APPELLATE # 15-25-00139-CV**

**ASHLEY DOMINGUEZ, ORLANDO HAYWARD AND REYNA HAYWARD, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF NIGUEL HAYWARD, DECEASED, EDUARDO MORENO, KELLY RAY WREN, AND DRAGGIN TOOLS TRUCKING, LLC**

| | PAGE |
|---|---|
| ORDER COMPELLING DISCOVERY SIGNED MAY 27, 2025 | 197 |
| ORDER COMPELLING PRODUCTION IN PART SEE ORDER SIGNED JULY 30, 2025 | 200 |
| ACTIVITY SCREEN | 202 |
| DOCKET SHEET | 205 |
| NOTICE OF APPEAL BY PATRICK TODD FILED AUGUST 19, 2025 | 206 |
| REQUEST FOR CLERKS RECORD BY PATRICK TODD FILED AUGUST 22, 2025 | 213 |
| CERTIFICATE | 220 |
| BILL OF COST | 222 |

COMPLETED ORIGINAL CLERKS RECORD. TR

# 2023-07113 / Court: 281

**Cause No. _____**

| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| | § | |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC | § | HARRIS COUNTY, TEXAS |

# PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ASHLIE DOMINGUEZ ("PLAINTIFF") and files this Original Petition complaining of Defendants EDUARDO MORENO, KELLY RAY WREN and DRAGGIN TOOLS TRUCKING, LLC and respectfully would show this court as follows:

## PARTIES

1. Plaintiff ASHLIE DOMINGUEZ resides in Harris County, Texas.

2. Defendant EDUARDO MORENO ("DEFENDANT MORENO") is an adult male individual residing at **927 N BRIGHT DRIVE, HOUSTON, TX 77073** and may be served with process at his last known residential address or wherever he may be found. Citation is requested.

3. Defendant KELLY RAY WREN ("DEFENDANT WREN") is an adult male individual residing at **22402 GLENMONT ESTATES BLVD., MAGNOLIA, TX 77355** and may be served with process at his last known residential address or wherever he may be found. Citation is requested.

4. Defendant DRAGGIN' TOOLS TRUCKING, LLC ("DRAGGIN TOOLS") is an

7

entity organized under the laws of the State of Texas, doing business in the State of Texas, and may be served with process by serving its registered agent, **PAUL TULLOS** at **11133 INTERSTATE 45 SOUTH, SUITE 400, CONROE, TX 77302**. Citation is requested.

## JURISDICTION & VENUE

5.	This court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Venue is proper in HARRIS County, Texas, per Tex CPRC §15.002(a)(2) because DEFENDANT MORENO resides in HARRIS County.

## DISCOVERY LEVEL

6.	PLAINTIFF requests that discovery in this case be governed at the level 3 category, pursuant to Tex. R. Civ. P. 190.4.

## FACTUAL BACKGROUND AND CAUSES OF ACTION

5.	PLAINTIFF was severely injured in a motor vehicle collision that occurred in the early morning hours of November 15, 2022.

6.	PLAINTIFF was riding as a restrained passenger in a Chrysler sedan driven by Niguel Hayward. The Chrysler was traveling northbound, in the northbound lanes, of Interstate 45 near mile marker 102.

7.	DEFENDANT MORENO was operating a Jeep Wrangler, traveling southbound in the northbound lanes of Interstate 45 near mile marker 102. Stated differently, DEFENDANT MORENO was driving the wrong way on the freeway.

8.	DEFENDANT MORENO caused the Jeep to collide head-on with the Chrysler. The damaged and disabled Chrysler spun out on the freeway, coming to rest facing southwest in the middle lane.

9.	DEFENDANT WREN was traveling northbound in the northbound lanes of

8

Interstate 45. DEFENDANT WREN was driving an 18-wheeler in the course and scope of DEFENDANT WREN'S employment for DEFENDANT DRAGGIN TOOLS.

10. DEFENDANT WREN came upon the disabled Chrysler, occupied by PLAINTIFF. DEFENDANT WREN failed to avoid the disabled Chrysler, causing the 18-wheeler to collide with the Chrysler.

11. Two separate crash reports were prepared: one for the initial collision between the Chrysler and DEFENDANT MORENO'S Jeep, another for the secondary collision between the Chrysler and DEFENDANT DRAGGIN TOOLS' 18-wheeler. Both crash reports were prepared by Dept. of Public Safety Trooper Riley Cooper.

12. The crash report for the collision between the Chrysler and DEFENDANT DRAGGIN TOOLS' 18-wheeler documents that the previous crash between the Jeep and the Chrysler "...had already stabilized and that this incident was a secondary crash."

## NEGLIGENCE OF DEFENDANT WREN

13. DEFENDANT WREN was negligent on the occasion in question. DEFENDANT WREN owed PLAINTIFF a duty to operate the 18-wheeler on a public roadway as would a person of ordinary prudence. DEFENDANT WREN breached this duty in one or more of the following ways:

a. Failing to adjust his speed in the face of a disabled vehicle in the roadway;

b. Failing to take evasive action to avoid colliding with the disabled Chrysler;

c. Failing to keep a proper lookout;

d. Failing to timely apply brakes;

e. Falling to control the speed of the 18-wheeler;

f. Failed to use a designated lane of travel; and

9

g.      Driving while too fatigued to operate a motor vehicle in a safe manner.

## NEGLIGENCE OF DEFENDANT DRAGGIN TOOLS

14.     DEFENDANT DRAGGIN TOOLS is negligent for failing to properly train and supervise DEFENDANT WREN, including but not limited to causing DEFENDANT WREN to operate the 18-wheeler on a public roadway while in a fatigued state.

15.     Further, DEFENDANT DRAGGIN TOOLS is vicariously liable, under the doctrine of *respondeat superior*, for the negligent acts and omissions of DEFENDANT WREN. At all times pertinent to the Incident, giving rise to PLAINTIFF'S claims, DEFENDANT WREN was acting within the course and scope of his employment for DRAGGIN TOOLS.

## NEGLIGENCE OF DEFENDANT MORENO

16.     DEFENDANT MORENO was negligent on the occasion in question. DEFENDANT MORENO owed PLAINTIFF a duty to operate his vehicle on a public roadway as would a person of ordinary prudence. DEFENDANT MORENO breached this duty in one or more of the following ways:

a.      Driving the wrong way on the freeway;

b.      Failing to take evasive action to avoid colliding with the Chrysler;

c.      Failing to keep a proper lookout;

d.      Failing to timely apply brakes;

h.      Falling to control speed;

i.      Failing to yield the right-of-way to the Chrysler; and

j.      Driving while impaired by drugs and/or alcohol.

10

## DAMAGES

17.     As a direct and proximate result of the above-described acts of negligence, PLAINTIFF will show she suffered actual damages within the jurisdictional limits of this Court.   Plaintiff seeks fair and reasonable compensation for the following elements of damages:

a.     PHYSICAL PAIN in the past and future;

b.     MENTAL ANGUISH in the past and future;

c.     PHYSICAL IMPAIRMENT in the past and future;

d.     DISFIGUREMENT AND SCARRING in the past and future;

e.     LOSS OF EARNING CAPACITY in the past and future;

f.     Prejudgment and post-judgment interest; and

g.     All other special items of damage necessarily incurred as a result of Defendants' conduct.

## JURY DEMAND

18.     PLAINTIFF hereby demands a trial by jury.

## RULE 193.7 NOTICE

19.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, PLAINTIFF hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants at any pre-trial proceeding and or at the trial of this matter without the necessity of authenticating the documents.

## STATEMENT OF RELIEF SOUGHT

20.     Pursuant to Texas Rule of Civil Procedure 47, PLAINTIFF is seeking monetary relief over $1,000,000.

11

## PRAYER

21.     For these reasons PLAINTIFF prays this court cite Defendants to appear and answer herein and that PLAINTIFF have judgment taken against Defendants and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which PLAINTIFF is justly entitled.

Respectfully submitted,

/s/ Daragh Carter
Daragh Carter
TBN: 24050387
Smith & Hassler
1225 North Loop West, Suite 525
Houston, Texas 77008
(713) 739-1250
(713) 864-7226 Facsimile
dcarter@smithandhassler.com

**ATTORNEY FOR PLAINTIFF
ASHLIE DOMINGUEZ**

12

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Abigail Villegas on behalf of Daragh Carter
Bar No. 24050387
avillegas@smithandhassler.com
Envelope ID: 72388783
Status as of 2/2/2023 4:04 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daragh Carter | 24050387 | dcarter@smithandhassler.com | 2/2/2023 3:36:29 PM | SENT |
| Abigail  Villegas | | avillegas@smithandhassler.com | 2/2/2023 3:36:29 PM | SENT |

13

PRG.16074

## CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | 281st JUDICIAL DISTRICT |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, and DRAGGIN TOOLS | § | |
| TRUCKING, LLC, | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

## DEFENDANTS KELLY RAY WREN AND DRAGGIN TOOLS TRUCKING, LLC's GENERAL DENIAL, ORIGINAL ANSWER, AND AFFIRMATIVE DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **KELLY RAY WREN** and **DRAGGIN TOOLS TRUCKING, LLC**, Defendants named in the above entitled and numbered cause, and files this their General Denial, Original Answer, and Affirmative Defenses and for same would respectfully show unto the Court as follows:

## I.
### GENERAL DENIAL

Subject to such stipulations as may hereafter be made, Defendants assert a general denial as is authorized by Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, and Defendants respectfully demand that Plaintiff be required to prove the charges and allegations against Defendants by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

## II.
### AFFIRMATIVE DEFENSES

*First Affirmative Defense*

As a first separate and affirmative defense to Plaintiff's Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendants assert at the time and on

1

the occasion in question, the claimed injuries and corresponding damages complained of therein were proximately caused, in whole or in part, by the acts, omissions, fault, negligence, negligence per se, responsibility, or other conduct, on the part of Plaintiff, including but not limited to failing to keep proper lookout, failure to pay attention, failing to timely apply the brakes, to take evasive action, and other negligent conduct or omissions.

### Second Affirmative Defense

As a second separate and affirmative defense to Plaintiff's Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendants ask the Court and jury to compare the relative percentages of fault of Plaintiff, all other parties to this lawsuit, and any negligent, culpable, and/or strictly liable third-party or parties and/or any other responsible third-party or parties, whether a party to this suit or otherwise, with that of Defendants, if any, pursuant to the doctrine of proportionate responsibility. *See* TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001, *et seq.* Such other responsible third-parties include those who may be responsible in whole or in part for the injuries and/or damages alleged by Plaintiff and/or for which a responsibility submission would be proper pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §33.001, *et seq.*

### Third Affirmative Defense

As a third separate and affirmative defense to Plaintiff's Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendants assert that Plaintiff failed, in whole or in part, to mitigate or reasonably avoid their damages, if any, and Defendants are not responsible for damages, if any, resulting from the Plaintiff's failure to act with ordinary prudence to eliminate or reduce the effects of their damages, if any, that resulted from the events in question.

### Fourth Affirmative Defense

As a fourth separate and affirmative defense to Plaintiff's Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendants assert that some and/or all of the injuries and conditions of which Plaintiff complains are due, in whole or in part, to pre-existing and degenerative injuries and conditions, wholly unrelated to the incident at issue and for which Defendants are not responsible.

### Fifth Affirmative Defense

As a fifth separate and affirmative defense to Plaintiff's Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendants assert that any award to Plaintiff should not include pre-judgment interest because any delay in the trial of the case has not been caused by Defendants. Accordingly, an award of pre-judgment interest would be unreasonable and improper given the circumstances of the case.

### Sixth Affirmative Defense

As a sixth separate and affirmative defense to Plaintiff's Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendants assert that Plaintiff's prior collision and becoming disabled in a lane of travel constituted a sudden emergency such that the impact with Plaintiff's vehicle by Defendant Wren was not proximately caused by Defendant Wren. Furthermore, Defendant acted reasonably and prudently under the circumstances.

### Seventh Affirmative Defense

As a seventh separate and affirmative defense to Plaintiff's Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendants assert that the collision with Plaintiff was an unavoidable accident that resulted from Defendant Moreno's vehicle colliding with Defendant Plaintiff's vehicle. As such, Defendants asserts that the accident between

3

Plaintiff and Defendant Wren did not result due to any negligent action of Defendant Wren, and that Defendant Wren could not prevent the accident that resulted with Plaintiff through the exercise of due care. Specifically, Plaintiff's vehicle came to rest in the middle of a lane of travel on Interstate 45 and Defendant Wren could not change lanes to avoid Plaintiff's vehicle due to the presence of other vehicles in adjacent lanes.

## III.
### SECTION 18.091

Defendants invoke Section 18.091 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. To the extent Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability. Defendants further request the Court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff are subject to federal or state income taxes.

## IV.
### SECTION 41.0105

Defendants invoke Section 41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. To the extent Plaintiff seeks recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiff. Defendants further request the Court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiff are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

## V.
### RIGHT TO AMEND

Defendants respectfully reserve the right to Amend this Answer to Plaintiff's allegations, amendments, supplement or other allegations after he has had an opportunity to more closely

4

investigate the claims, as is his right and privilege under the TEXAS RULES OF CIVIL PROCEDURE and the laws of the State of Texas.

## VI.
## NOTICE TO PLAINTIFF

Defendants hereby give notice of the intent to utilize items produced in discovery in the trial of this matter and the authenticity of said items is self-proven under Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE.

## VII.
## JURY DEMAND

In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants have demanded a trial by jury, all fees having previously been paid or are being contemporaneously paid with the filing of this pleading.

**WHEREFORE, PREMISES CONSIDERED**, Defendants, **KELLY RAY WREN** and **DRAGGIN TOOLS TRUCKING, LLC,** pray that the Plaintiff takes nothing by this suit, that Defendants go hence with their costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

FEE, SMITH & SHARP L.L.P.

**BRIAN G. CANO**
State Bar No. 24045613
**STEPHEN M. MENGIS**
State Bar No. 24094842
2777 Allen Parkway, Suite 800
Houston, Texas 77019
713-362-8313
713-362-8302 [Fax]
bcano@feesmith.com
smengis@feesmith.com
**ATTORNEYS FOR DEFENDANTS**

5

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 10th day of March, 2023.

_____
**BRIAN G. CANO**

6

19

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kourtney Mouton on behalf of Brian Cano
Bar No. 24045613
kmouton@feesmith.com
Envelope ID: 73567313
Status as of 3/10/2023 4:11 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Daragh Carter | | dcarter@smithandhassler.com | 3/10/2023 3:59:52 PM | SENT |

Cause No. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 281ST JUDICIAL DISTRICT |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | HARRIS COUNTY, TEXAS |
| WREN AND DRAGGIN' TOOLS | | |
| TRUCKING, LLC | | |

### Defendant's Original Answer and Notice of Appearance

Defendant Eduardo Moreno (driver's license number XXXXX852, social security number XXX-XX-X276) answers as follows:

1.

Defendant asserts a general denial as authorized by Texas Rule of Civil Procedure 92.

2.

### Jury Demand

Pursuant to the provisions of Texas Rule of Civil Procedure 216, Defendant requests a jury trial and is electronically submitting payment for the jury fee simultaneously with this filing.

3.

### Notice

All attorneys and staff of Linda M. Villarreal & Associates are employees of the Law Department of State Farm Mutual Automobile Insurance Company.

Defendant Eduardo Moreno respectfully requests that Plaintiff take nothing, that Defendant recover costs, and that the Court grant other relief, both general and special, to which Defendant is entitled.

21

Respectfully submitted,

Linda M. Villarreal & Associates


_____
Larry Knapp
Texas Bar Number: 11581500
1221 Lamar, Suite 900
Houston, Texas 77010
Telephone: (713) 437-8200
Facsimile: (855) 460-3974
Email: stex.law-villarreal@statefarm.com
Attorneys for Defendant
Eduardo Moreno

### Certificate of Service

I certify that a copy of this document was served pursuant to the Texas Rules of Civil Procedure on all parties and/or their respective attorneys of record on March 13, 2023.

*Via E-Service*
Mr. Daragh J. Carter
Smith & Hassler
1225 N Loop W, Suite 525
Houston, TX 77008


_____
Larry Knapp

22

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 73609395
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Original Answer and Notice of Appearance and Jury Fee
Status as of 3/13/2023 4:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daragh Carter | | dcarter@smithandhassler.com | 3/13/2023 3:15:12 PM | SENT |

23

CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC, | § | |
| | § | |
| Defendants. | § | 281st JUDICIAL DISTRICT |

Consolidated with:

CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT OF |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF NIGUEL HAYWARD, DECEASED | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO | § | |
| | § | |
| Defendant. | § | 215th JUDICIAL DISTRICT |

PLAINTIFFS' FIRST AMENDED PETITION

COME NOW, Orlando Hayward and Reyna Hayward, Individually and as Representatives of the Estate of Niguel Hayward, Deceased, (hereinafter collectively "Plaintiffs"), and file this First Amended Petition against Eduardo Moreno, Draggin' Tools Trucking LLC, Kelley Ray Wren, Sandbaggers Pub NP, and Lifey Leasing, Inc. d/b/a Molly's Pub (hereinafter collectively "Defendants"), and in support thereof would respectfully show this Honorable Court the following:

24

# I.
## DISCOVERY CONTROL PLAN

1.    Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiffs intend that discovery be conducted under Level 3.

# II.
## PARTIES

2.    Plaintiff, Orlando Hayward, is the biological father of Niguel Hayward, Deceased, and is a Texas resident.

3.    Plaintiff, Reyna Hayward, is the biological mother of Niguel Hayward, Deceased, and is a Texas resident.

4.    Defendant, Eduardo Moreno ("Moreno"), is an individual residing in Harris County, Texas. Defendant Moreno has appeared and answered herein.

5.    Defendant, Draggin' Tools Trucking LLC ("Draggin' Tools Trucking"), is a domestic limited liability company with its principal place of business in the State of Texas. Defendant Draggin' Tools Trucking may be served through its registered agent: Paul Tullos at 11133 Interstate 45 South, Suite 400, Conroe, Texas 77302, or wherever he may be found.

6.    Plaintiffs specifically invoke their right to institute this suit against whatever entity was conducting business using the assumed or common name of "Draggin' Tools Trucking" with regard to the events described in this Petition. Plaintiffs expressly invoke their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or on the Court's own motion.

7.    Defendant, Kelley Ray Wren ("Wren"), is an individual residing in Montgomery County, Texas and may be served with process at his last known address, 22402 Glenmont Estates Boulevard, Magnolia, Texas 77355, or wherever he may be found.

2

8.　Defendant, Sandbaggers Pub NP ("Sandbaggers Pub"), is a domestic nonprofit corporation with its principal place of business in the State of Texas. Defendant Sandbaggers Pub may be served through its registered agent: Raymond Earl Walters at 11799 FM 1485, Conroe, Texas 77306, or wherever he may be found.

9.　Plaintiffs specifically invoke their right to institute this suit against whatever entity was conducting business using the assumed or common name of "Sandbaggers Pub" with regard to the events described in this Petition. Plaintiffs expressly invoke their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or on the Court's own motion.

10.　Defendant, Lifey Leasing Inc. d/b/a Molly's Pub ("Molly's Pub"), is a domestic for-profit corporation with its principal place of business in the State of Texas. Defendant Molly's Pub may be served through its registered agent: Karen S. Vilt at 10701 Corporate Drive, Suite 236, Stafford, Texas 77477, or wherever she may be found.

11.　Plaintiffs specifically invoke their right to institute this suit against whatever entity was conducting business using the assumed or common name of "Molly's Pub" with regard to the events described in this Petition. Plaintiffs expressly invoke their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or on the Court's own motion.

**III.**
**JURISDICTION AND VENUE**

12.　The Court has jurisdiction of the subject matter of this lawsuit and the amount in controversy is above the minimum jurisdictional limits of this Honorable Court as Plaintiffs seek aggregate monetary relief over $1,000,000.00. See Tex. R. Civ. P. 47. Additionally, removal to federal court would be improper because this lawsuit does not involve a federal question, this

3

26

lawsuit lacks diversity and/or because of the forum defendant rule.

13.    Venue is proper pursuant to Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code because Harris County is the county of Defendant Eduardo Moreno's residence at the time the cause of action accrued.  Because Plaintiffs have established proper venue against Defendant Eduardo Moreno, venue is proper in Harris County as to all Defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences. See Tex. Civ. Prac. & Rem. Code Ann. § 15.005.

## IV.
## FACTS

14.    On or about November 15, 2022, Decedent Niguel Hayward ("Decedent") was driving northbound on IH-45, in Walker County, Texas.

15.    At the same time, Defendant Eduardo Moreno was intoxicated and driving southbound in the northbound lanes on IH-45, on the wrong side of the road, when he struck Decedent's vehicle head on ("Incident").  Decedent's vehicle was left disabled facing southwest in the center lane.

16.    Following the Incident, a second collision occurred. Defendant Kelley Ray Wren was travelling northbound on IH-45. Defendant Wren was operating a tractor, pulling a trailer. Defendant Wren struck Decedent's vehicle causing it to spin. Upon information and belief, Defendant Draggin' Tools Trucking was the owner and/or operator of the tractor trailer being operated by Defendant Wren.

17.    As a result of the Incident, Decedent suffered fatal injuries and was pronounced deceased on scene.

18.    Upon information and belief, Defendant Moreno had been drinking at Defendant Sandbaggers Pub and Molly's Pub prior to the incident occurring.

4

# V.
## CAUSES OF ACTION AGAINST DEFENDANT EDUARDO MORENO

**A.    NEGLIGENCE**

19.    Incorporating the above-stated facts, at the time and on the occasion in question, Defendant Moreno failed to use ordinary care by various acts or omissions and/or commissions, including but not limited to the following:

a.    Driving while intoxicated;

b.    Failure to control the speed of his vehicle;

c.    Failure to operate his vehicle in obedience to traffic laws and regulations;

d.    Failure to properly brake;

e.    Failure to take proper evasive actions;

f.    Failure to turn in a manner to avoid the collision;

g.    Failure to keep a proper lookout;

h.    Failure to warn or timely warn; and

i.    Any and all other acts or omissions that are deemed negligent.

20.    Such negligence, either singularly or in combination, proximately caused the collision, Decedent's fatal injuries, and Plaintiffs' resulting damages.

**B.    NEGLIGENCE PER SE**

21.    In addition, and in the alternative, Defendant Moreno's actions constituted negligence per se.  Defendant Moreno violated the Texas Penal Code by driving while intoxicated in violation of Texas Penal Code § 49.04 and causing injury to another while intoxicated in violation of Texas Penal Code § 49.07.  Thus, Defendant Moreno was negligent per se.  Such negligence per se was a proximate cause of the collision in question and of Decedent's fatal injuries and Plaintiffs' resulting damages.

5

22.     Decedent Niguel Hayward was a member of the class that the Texas Penal Code was designed to protect, and the collision was the type of incident to be protected against.

**C.     GROSS NEGLIGENCE**

23.     Plaintiffs make a claim for punitive damages pursuant to the Texas Constitution; therefore, Plaintiffs will not be prohibited from introducing evidence of actual damages. Plaintiffs seek punitive damages for the gross negligence and/or malicious conduct of Defendant Moreno which was a proximate cause of the collision in question and of Decedent's fatal injuries and Plaintiffs' resulting damages.

**VI.**
**CAUSES OF ACTION AGAINST DEFENDANT DRAGGIN' TOOLS TRUCKING**

**A.     NEGLIGENT HIRING**

24.     Plaintiffs plead that Defendant Draggin' Tools Trucking owed a legal duty to protect Decedent from the negligence of Defendant's driver while he was acting in the course and scope of his employment with, or alternatively, while he was on a mission on behalf of Defendant. Plaintiff's and Decedent sustained damages proximately caused by Defendant Draggin' Tools Trucking's breach of said duty. In particular, Defendant Draggin' Tools Trucking was negligent in hiring Defendant's driver, an incompetent, unfit, or reckless employee-driver whom Defendant Draggin' Tools Trucking knew, or by the exercise of reasonable care should have known, to be incompetent, unfit, or reckless, thereby creating an unreasonable risk of harm to others.

**B.     NEGLIGENT RETENTION**

25.     Plaintiffs further plead that Defendant Draggin' Tools Trucking negligently retained Defendant's driver as an employee-driver. Draggin' Tools Trucking owed Decedent a legal duty to protect Decedent from the negligence of Defendant's driver while he was acting in the course and scope of his employment with, or alternatively, while he was on a mission on behalf

6

of Draggin' Tools Trucking. Plaintiffs and Decedent sustained damages proximately caused by Draggin' Tools Trucking's breach of said duty. In particular, Draggin' Tools Trucking was negligent in retaining Defendant's driver, an incompetent, unfit, or reckless employee-driver whom Draggin' Tools Trucking knew, or by the exercise of reasonable care should have known, to be incompetent, unfit, or reckless, thereby creating an unreasonable risk of harm to others.

C.    NEGLIGENT ENTRUSTMENT

26.    Plaintiffs further plead Defendant Draggin' Tools Trucking negligently entrusted their motor vehicle to their employee, Defendant's driver. Draggin' Tools Trucking was the owner of the motor vehicle involved in the incident and consented to and permitted their employee, Defendant's driver, to operate the motor vehicle at the time of the incident. Defendant's driver was an incompetent or reckless driver and Draggin' Tools Trucking knew or should have known Defendant's driver was an incompetent or reckless driver. Defendant's driver was negligent on the occasion in question in a manner that was reasonably foreseeable by Draggin' Tools Trucking, and the negligence proximately caused Plaintiffs' and Decedent's injuries.

D.    RESPONDEAT SUPERIOR

27.    Plaintiffs affirmatively plead that any alleged acts or negligence of Defendant's driver was committed while he was acting in the course and scope of his employment with, or alternatively, while he was on a mission on behalf of Defendant Draggin' Tools Trucking and are thus imputed on to Draggin' Tools Trucking under legal theory of *respondeat superior*.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT KELLEY RAY WREN

A.    NEGLIGENCE

28.    At the time and on the occasion in question, Defendant Wren committed acts of omission and commission, which collectively and separately constituted negligence. Defendant

7

Wren had a duty to exercise ordinary care, meaning that degree of care that would be used by any individual of ordinary prudence under the same or similar circumstances. Defendant Wren breached that duty, including but not limited to, one or more of the following ways:

a. Failing to maintain a proper lookout;

b. Failing to operate the truck in obedience with traffic laws and regulations;

c. Failing to operate the truck in a reasonable and prudent manner;

d. Failing to properly maneuver the truck to avoid a collision;

e. Failing to take proper evasive action to avoid a collision;

f. Failing to control speed;

g. Failing to pay attention to the conditions of the tractor-trailer, the road, weather, and/or traffic;

h. Failing to operate the vehicle in a non-negligent manner; and

i. Driving the truck in willful and wanton disregard for the rights, safety, and welfare of persons.

29. Such negligence, either singularly or in combination, proximately caused the injuries and damages sustained by the Plaintiffs and Decedent.

**B.** **GROSS NEGLIGENCE**

30. Defendant Wren's acts and omissions, as previously described, were committed with complete and reckless disregard for, and with willful, wanton, and actual conscious indifference to, the rights, safety, and welfare of Decedent, and the general public. Specifically, Defendant Wren endangered Decedent and the general public when he failed to take proper evasive action. The nature of Defendant Wren's acts and omissions were of such a nature as to constitute gross negligence and malice. Specifically, Defendant Wren undertook a continuous course of action in the form of conscious decisions, with subjective knowledge and awareness of the risks

8

and hazards presented by each decision as discussed above and incorporated herein, to expose Plaintiff and others on the roadway to life threatening hazards. When viewed objectively from the standpoint of Defendant Wren at the time of their occurrence, said acts and omissions involved an extreme degree of physical risk and danger, considering the probability and the magnitude of the potential harm to others. Defendant Wren committed various acts and omissions constituting gross negligence, as outlined above. Such gross negligence was a proximate cause of the Incident and Plaintiffs' and Decedent's resulting injuries and damages. Therefore, Plaintiffs are entitled to punitive and/or exemplary damages.

## VIII.
## CAUSES OF ACTION AGAINST DEFENDANTS SANDBAGGERS PUB AND MOLLY'S PUB

### A. DRAM SHOP ACT VIOLATIONS

31. Defendants Sandbaggers Pub and Molly's Pub, their agents, servants, employees, security personnel, and management violated the Dram Shop Act codified as V.T.C.A. Alcohol Beverage Code § 2.02. Defendants Sandbaggers Pub and Molly's Pub were the negligent providers under the Act, in that they served, sold, or provided alcoholic beverages to a person who was obviously intoxicated to the extent that they presented a clear danger to themselves and others. This conduct by Defendants Sandbaggers Pub and Molly's Pub contributed to Defendant Moreno's state of intoxication and were thus a proximate cause of the injuries sustained by Decedent. The bartenders, wait staff, and employees who served alcohol to Defendant Moreno were all acting in the course and scope of their employment with Defendants Sandbaggers Pub and Molly's Pub. Thus, Defendants Sandbaggers Pub and Molly's Pub are responsible for the actions of their management, bartenders, wait staff, security personnel, and all other employees under the legal theory of respondeat superior.

9

32. To the extent Defendants Sandbaggers Pub and Molly's Pub seek to shield themselves from liability by claiming protection under the safe harbor provisions of the Dram Shop Act, Defendants Sandbaggers Pub and Molly's Pub directly and/or indirectly encouraged their servers to violate the Dram Shop Act by continuing to serve intoxicated persons. Thus, Defendants Sandbaggers Pub and Molly's Pub are not entitled to claim safe harbor protections.

**B.     RESPONDEAT SUPERIOR**

33. At all times relevant hereto, Defendants Sandbaggers Pub and Molly's Pub had the right to control the physical details of the manner of performance of the conduct of its employees or agents so as to subject Defendants Sandbaggers Pub and Molly's Pub to vicarious liability for the torts of its employees or agents.

34. Alternatively, at all times relevant hereto, the acts of the employees of Defendants Sandbaggers Pub and Molly's Pub were performed during their employment with Defendants Sandbaggers Pub and Molly's Pub, to further their business and to accomplish the objective for which they were hired and were within the course and scope of employment or within the authority delegated to them so as to subject Defendants Sandbaggers Pub and Molly's Pub to vicarious liability for their torts.

## IX.
## SURVIVAL ACTION

35. As a result of the wrongful conduct of Defendant as described above, Decedent suffered physical pain, suffering and mental anguish prior to his death. Additionally, his Estate incurred medical and funeral expenses for which Defendants are liable. As representative of Decedent's Estate, Plaintiffs asserts the above-pled causes of action against Defendants on behalf of Decedent's Estate pursuant to Texas Civil Practice & Remedies Code § 71.021.

36. As result of the wrongful conduct of Defendant, Plaintiffs, as Representative of the

10

33

Estate of Niguel Hayward, Deceased, brings this survival action for the following damages Niguel Hayward sustained, which survive Decedent's untimely death:

a. Past physical pain and mental anguish;

b. Funeral expenses; and

c. Medical expenses.

## X.
## WRONGFUL DEATH

37. Because the wrongful conduct of Defendant, and their agents and employees described above, caused the death of Decedent, and because Decedent would have a cause of action against Defendant for his injuries had he lived, Plaintiffs have a cause of action against Defendant to recover damages for the wrongful death of Niguel Hayward pursuant to Texas Civil Practice & Remedies Code §§ 71.002 and 71.003. These damages include:

a. Past and future pecuniary losses;

b. Past and future loss of companionship and society;

c. Past and future mental anguish; and

d. Loss of inheritance.

## XI.
## DAMAGES

38. As a result of this incident, Plaintiffs sustained serious injuries and seek compensation for the following damages:

a. Past and future mental anguish;

b. Past and future medical expenses;

c. Past and future lost wages or loss of earning capacity;

d. Loss of household services;

11

e. Loss of companionship and society;

f. Loss of enjoyment of life;

g. Costs of suit;

h. Pre-judgment and post-judgment interest as allowed by law; and

i. Any and all other damages to which Plaintiffs may be justly entitled.

## XII.
## TRCP 193.7

39. Pursuant to Texas Rule of Civil Procedure 193.7, Defendants are hereby put on actual notice that any documents produced in response to written discovery will be used in pretrial proceedings and at trial and will be deemed authentic unless they make valid objections to authenticity pursuant to this rule.

## XIII.
## PRESERVATION OF EVIDENCE

40. Plaintiffs hereby request and demand that Defendants and their agents, attorneys and insurers preserve and maintain all evidence pertaining to any claim or defense to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to photographs; videotapes; audiotapes; recordings; business records; memoranda; files; facsimiles; e-mails; voicemails; text messages; sales receipts; invoices; commission records; tax records; telephone messages; telephone calling card transactions; calendar entries; diary entries; any incident report; and any electronic image, data or information related to the referenced incident. Failure to maintain such items, including but not limited to any other items previously requested and demanded to be preserved before the subject lawsuit ensued, will constitute a "spoliation" of the evidence and may subject Defendants to sanctions.

12

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiffs have judgment for all damages in accordance with their pleadings and proof, for costs of Court herein expended, for interest, both pre-and post-judgment, to which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

By: */s/ Muhammad S. Aziz*
  Muhammad S. Aziz
  Texas Bar No. 24043538
  800 Commerce Street
  Houston, Texas 77002
  Telephone: (713) 222-7211
  Facsimile: (713) 225-0827
  maziz@awtxlaw.com

**ATTORNEY FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this **6ᵗʰ day of August 2024**, a true and correct copy of the foregoing document was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/ Muhammad A. Aziz*
Muhammad S. Aziz

13

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Dean on behalf of Muhammad Aziz
Bar No. 24043538
jdean@awtxlaw.com
Envelope ID: 90584783
Filing Code Description: Amended Filing
Filing Description: Plaintiffs' First Amended Petition
Status as of 8/6/2024 1:42 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 8/6/2024 1:19:05 PM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 8/6/2024 1:19:05 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 8/6/2024 1:19:05 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 8/6/2024 1:19:05 PM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 8/6/2024 1:19:05 PM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 8/6/2024 1:19:05 PM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 8/6/2024 1:19:05 PM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 8/6/2024 1:19:05 PM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 8/6/2024 1:19:05 PM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 8/6/2024 1:19:05 PM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 8/6/2024 1:19:05 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 8/6/2024 1:19:05 PM | SENT |

**Cause No. 2023-07113**

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| vs. | § | 281st JUDICIAL DISTRICT |
| | § | |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC | § | HARRIS COUNTY, TEXAS |

# PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ashlie Dominguez, Plaintiff, and files her First Amended Petition complaining of Defendants Eduardo Moreno, Sandbaggers Pub NP, and Lifey Leasing Inc. d/b/a Molly's Pub, and respectfully would show this court as follows:

## PARTIES

1.      Plaintiff Ashlie Dominguez resides in Harris County, Texas.

2.      Defendant Eduardo Moreno ("Defendant Moreno") is an adult male individual residing at **927 N BRIGHT DRIVE, HOUSTON, TX 77073** and may be served with process at his last known residential address or wherever he may be found. This Defendant has appeared and answered.

3.      Defendant SANDBAGGERS PUB NP ("Defendant Sandbaggers") is an entity organized under the laws of the State of Texas, doing business in the State of Texas, and may be served with process by serving its registered agent, **RAYMOND EARL WALTERS** at **11799 FM 1485, CONROE, TEXAS 77306**. Citation requested.

4.      Defendant LIFEY LEASING, INC. d/b/a MOLLY'S PUB ("Defendant Molly's

38

Pub") is an entity organized under the laws of the State of Texas, doing business in the State of Texas, and may be served with process by serving its registered agent, **KAREN S. VILT** at **10701 CORPORATE DRIVE, SUITE 236, STAFFORD, TEXAS 77477**. Citation requested.

5. Plaintiff Ashlie Dominguez specifically invokes her right to institute this suit against whatever entity was conducting business using the assumed or common name of "Molly's Pub" regarding the events described in this Petition. Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted later upon the motion of any party or on the Court's own motion.

## JURISDICTION & VENUE

6. This court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Venue is proper in Harris County, Texas, per Tex CPRC §15.002(a)(2) because Defendant Moreno resides in Harris County.

## DISCOVERY LEVEL

7. Plaintiff Dominguez requests that discovery in this case be governed at the level 3 category, pursuant to Tex. R. Civ. P. 190.4.

## FACTUAL BACKGROUND AND CAUSES OF ACTION

8. PLAINTIFF was severely injured in a motor vehicle collision that occurred in the early morning hours of November 15, 2022.

9. Plaintiff Dominguez was riding as a restrained passenger in a Chrysler sedan driven by Niguel Hayward. The Chrysler was traveling northbound, in the northbound lanes, of Interstate 45 near mile marker 102.

10. Defendant Moreno was operating a Jeep Wrangler, traveling southbound in the northbound lanes of Interstate 45 near mile marker 102. Stated differently, Defendant

Moreno was driving the wrong way on the freeway.

11. Defendant Moreno caused the Jeep to collide head-on with the Chrysler. The damaged and disabled Chrysler spun out on the freeway, coming to rest facing southwest in the middle lane.

12. Defendant Kelly Ray Wren was traveling northbound in the northbound lanes of Interstate 45, driving an 18-wheeler in the course and scope of Defendant Wren's employment for Defendant Draggin' Tools Trucking LLC.

13. Defendant Wren came upon the disabled Chrysler, occupied by Plaintiff Dominguez. Defendant Wren failed to avoid the disabled Chrysler, causing the 18-wheeler to collide with the Chrysler.

14. Upon information and belief, Defendant Moreno had been drinking at Defendant Sandbaggers and Defendant Molly's Pub prior to the collision.

## CAUSES OF ACTION AGAINST DEFENDANT MORENO

**A. NEGLIGENCE**

15. Defendant Moreno was negligent on the occasion in question. Defendant Moreno owed Plaintiff Dominguez a duty to operate his vehicle on a public roadway as would a person of ordinary prudence. Defendant Moreno breached this duty in one or more of the following ways:

a. Driving the wrong way on the freeway;

b. Failing to take evasive action to avoid colliding with the Chrysler;

c. Failing to keep a proper lookout;

d. Failing to timely apply brakes;

e. Failing to control speed;

f. Failing to yield the right-of-way to the Chrysler; and

g. Driving while intoxicated.

## B. NEGLIGENCE PER SE

16.     Defendant Moreno's actions constituted negligence per se. Defendant Moreno violated the Texas Penal Code by driving while intoxicated in violation of Texas Penal Code § 49.04 and causing injury to another while intoxicated in violation of Texas Penal Code § 49.07. Therefore, Defendant Moreno was negligent per se.

## C. GROSS NEGLIGENCE

17.     Plaintiff Dominguez makes a claim for punitive damages pursuant to the Texas Constitution; therefore, Plaintiff Dominguez will not be prohibited from introducing evidence of actual damages. Plaintiff seeks punitive damages for the gross negligence and/or malicious conduct of Defendant Moreno, which was a proximate cause of the collision in question, and Plaintiff Dominguez's severe injuries and resulting damages.

<u>CAUSES OF ACTION AGAINST</u>
<u>DEFENDANTS SANDBAGGERS, AND MOLLY'S PUB</u>

## A. DRAM SHOP VIOLATIONS

18.     Defendants Sandbaggers and Molly's Pub, their agents, servants, employees, security personnel, and management, violated the Dram Shop Act codified as V.T.C.A. Alcohol Beverage Code § 2.02. Defendants Sandbaggers and Molly's Pub were the negligent providers under the Act, in that they served, sold, or provided alcoholic beverages to a person who was obviously intoxicated to the extent that they presented a clear danger to themselves and others. This conduct by Defendants Sandbaggers and Molly's Pub contributed to Defendant Moreno's state of intoxication and were thus a proximate cause of the injuries sustained by Plaintiff Dominguez. The bartenders, waitstaff, and employees who served alcohol to Defendant Moreno were all acting in the course and scope of their

41

employment with Defendants Sandbaggers and Molly's Pub. Thus, Defendants Sandbaggers and Molly's Pub are responsible for the actions of their management, bartenders, waitstaff, security personnel, and all other employees under the legal theory of respondeat superior.

19.     To the extent Defendants Sandbaggers and Molly's Pub seek to shield themselves from liability by claiming protection under the safe harbor provisions of the Dram Shop Act, Defendants Sandbaggers and Molly's Pub directly and/or indirectly encouraged their servers to violate the Drawm Shop Act by continuing to serve intoxicated persons. Thus, Defendants Sandbaggers and Molly's Pub are not entitled to claim safe harbor protections.

## B. RESPONDEAT SUPERIOR

20.     At all times relevant hereto, Defendants Sandbaggers and Molly's Pub had the right to control the physical details of the manner of performance of the conduct of their employees or agents, to subject Defendants Sandbaggers and Molly's Pub to vicarious liability for the torts of its employees or agents.

21.     Alternatively, at all times relevant hereto, the acts of the employees of Defendants Sandbaggers and Molly's Pub were performed during their employment with Defendants Sandbaggers and Molly's Pub, to further their business and to accomplish the objective for which they were hired, and where within the course and scope of employment or within the authority delegated to them so as to subject Defendants Sandbaggers and Molly's Pub to vicarious liability for their torts.

## DAMAGES

22.     As a direct and proximate result of the above-described acts of negligence, and gross negligence, Plaintiff Dominguez will show she suffered actual damages within

42

the jurisdictional limits of this Court.  Plaintiff Dominguez seeks fair compensation for the following damages:

a.      Physical pain in the past and future;

b.      Mental Anguish in the past and future;

c.      Physical Impairment in the past and future;

d.      Disfigurement and scarring in the past and future;

e.      Prejudgment and post-judgment interest;

f.      Exemplary damages for gross negligence and/or malice; and

g.      Any other damages to which Plaintiff Dominguez may be justly entitled.

## STATEMENT OF RELIEF SOUGHT

23.     Pursuant to Texas Rule of Civil Procedure 47, Plaintiff Dominguez seeks monetary relief over $1,000,000.

## PRAYER

24.     For these reasons Plaintiff Dominguez prays this court cite Defendants to appear and answer herein and that Plaintiff Dominguez have judgment taken against Defendants and recover all damages allowed by law, pre-judgment, and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff Dominguez is justly entitled.

Respectfully submitted,

*/s/ Daragh Carter*
Daragh Carter
TBN: 24050387
Smith & Hassler
1225 North Loop West, Suite 525
Houston, Texas 77008
(713) 739-1250
(713) 864-7226 Facsimile
dcarter@smithandhassler.com

**ATTORNEY FOR PLAINTIFF**
**ASHLIE DOMINGUEZ**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was electronically served Pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure on all parties or their counsel of record on **08/06/2024**.

*/s/ Daragh Carter*
Daragh Carter

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Abigail Villegas on behalf of Daragh Carter
Bar No. 24050387
avillegas@smithandhassler.com
Envelope ID: 90622006
Filing Code Description: Amended Filing
Filing Description: Amended Filing
Status as of 8/7/2024 10:36 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 8/7/2024 10:28:31 AM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 8/7/2024 10:28:31 AM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 8/7/2024 10:28:31 AM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 8/7/2024 10:28:31 AM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 8/7/2024 10:28:31 AM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 8/7/2024 10:28:31 AM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 8/7/2024 10:28:31 AM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 8/7/2024 10:28:31 AM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 8/7/2024 10:28:31 AM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 8/7/2024 10:28:31 AM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 8/7/2024 10:28:31 AM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 8/7/2024 10:28:31 AM | SENT |

PRG.16074

## CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | 281st JUDICIAL DISTRICT |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, and DRAGGIN TOOLS | § | |
| TRUCKING, LLC, | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

### *Consolidated with*

## CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE | § | |
| ESTATE OF NIGUEL HAYWARD, | § | |
| DECEASED, | § | |
| *Plaintiffs,* | § | 215th JUDICIAL DISTRICT |
| | § | |
| V. | § | |
| | § | |
| EDUARDO MORENO, | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

### DEFENDANTS KELLY RAY WREN AND DRAGGIN TOOLS TRUCKING, LLC's GENERAL DENIAL, ORIGINAL ANSWER, AND AFFIRMATIVE DEFENSES TO ORLANDO HAYWARD INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF NIGUEL HAYWARD, DECEASED

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **KELLY RAY WREN** and **DRAGGIN TOOLS TRUCKING, LLC,** Defendants named in the above entitled and numbered cause, and files this their General Denial, Original Answer, and Affirmative Defenses to Orlando Hayward and Reyna Hayward, Individually and as Representatives of the Estate of Niguel Hayward, Deceased, and for same would respectfully show unto the Court as follows:

1

4868-9097-5968, v. 1

# I.
## GENERAL DENIAL

Subject to such stipulations as may hereafter be made, Defendants assert a general denial as is authorized by Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, and Defendants respectfully demand that Plaintiffs be required to prove the charges and allegations against Defendants by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

# II.
## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

As a first separate and affirmative defense to Plaintiffs' Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendants assert at the time and on the occasion in question, the claimed injuries and corresponding damages complained of therein were proximately caused, in whole or in part, by the acts, omissions, fault, negligence, negligence per se, responsibility, or other conduct, on the part of Plaintiffs, including but not limited to failing to keep proper lookout, failure to pay attention, failing to timely apply the brakes, to take evasive action, and other negligent conduct or omissions.

### *Second Affirmative Defense*

As a second separate and affirmative defense to Plaintiffs' Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendants ask the Court and jury to compare the relative percentages of fault of Plaintiffs, all other parties to this lawsuit, and any negligent, culpable, and/or strictly liable third-party or parties and/or any other responsible third-party or parties, whether a party to this suit or otherwise, with that of Defendants, if any, pursuant to the doctrine of proportionate responsibility. *See* TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001, *et seq.* Such other responsible third-parties include those who may be responsible in whole or in part for the injuries and/or damages alleged by Plaintiffs and/or for which a responsibility

2

submission would be proper pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §33.001, *et seq.*

### Third Affirmative Defense

As a third separate and affirmative defense to Plaintiffs' Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendants assert that Plaintiffs failed, in whole or in part, to mitigate or reasonably avoid their damages, if any, and Defendants are not responsible for damages, if any, resulting from the Plaintiffs' failure to act with ordinary prudence to eliminate or reduce the effects of their damages, if any, that resulted from the events in question.

### Fourth Affirmative Defense

As a fourth separate and affirmative defense to Plaintiffs' Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendants assert that any award to Plaintiffs should not include pre-judgment interest because any delay in the trial of the case has not been caused by Defendants. Accordingly, an award of pre-judgment interest would be unreasonable and improper given the circumstances of the case.

### Fifth Affirmative Defense

As a fifth separate and affirmative defense to Plaintiffs' Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendants assert that Plaintiffs' prior collision and becoming disabled in a lane of travel constituted a sudden emergency such that the impact with Plaintiffs' vehicle by Defendant Wren was not proximately caused by Defendant Wren. Furthermore, Defendant acted reasonably and prudently under the circumstances.

### Sixth Affirmative Defense

As a sixth separate and affirmative defense to Plaintiffs' Original Petition, and all subsequently filed supplemental and/or amended petitions, Defendants assert that the collision with Plaintiffs was an unavoidable accident that resulted from Defendant Moreno's vehicle

3

colliding with Plaintiffs' vehicle. As such, Defendants asserts that the accident between Plaintiffs and Defendant Wren did not result due to any negligent action of Defendant Wren, and that Defendant Wren could not prevent the accident that resulted with Plaintiffs through the exercise of due care. Specifically, Plaintiffs' vehicle came to rest in the middle of a lane of travel on Interstate 45 and Defendant Wren could not change lanes to avoid Plaintiffs' vehicle due to the presence of other vehicles in adjacent lanes.

### Seventh Affirmative Defense

As a seventh separate and affirmative defense to Plaintiffs' Original Petition, and all subsequently filed supplemental and/or amended petitions, to the extent that Plaintiffs settle all or a part of any of their claims herein with any entity, person, or party, Defendants assert the doctrine of accord and satisfaction and release.

### Eighth Affirmative Defense

As an eighth separate and affirmative defense to Plaintiffs' Original Petition, and all subsequently filed supplemental and/or amended petitions, to the extent that any party has settled or may in the future settle with Plaintiffs, Defendants are entitled to and seek an appropriate credit or reduction of any judgment against it, however unlikely. Defendants will make their request for a credit or reduction at the appropriate time.

### III.
### SECTION 18.091

Defendants invoke Section 18.091 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. To the extent Plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability.

4

Defendants further request the Court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiffs are subject to federal or state income taxes.

## IV.
## SECTION 41.0105

Defendants invoke Section 41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. To the extent Plaintiffs seek recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiffs. Defendants further request the Court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiffs are limited to the amount actually paid or incurred by or on behalf of Plaintiffs.

## V.
## PUNITIVE DAMAGES

Pleading further, Defendants specifically invoke the provisions of Sections 41.008, 41.006, and 41.011 of TEXAS CIVIL PRACTICE & REMEDIES CODE and the punitive damages limitations contained therein. Plaintiffs are barred from recovering punitive damages from these Defendants. In the alternative, Defendants plead the applicable statutes place a limitation or "cap" on the punitive damages or statutory damages which Plaintiffs seek. Furthermore, in response to all claims to punitive or statutory damages, Defendants affirmatively plead the right to due process and the prohibition against excessive fines and penalties under both the United States and Texas Constitutions.

## VI.
## RIGHT TO AMEND

Defendants respectfully reserve the right to Amend this Answer to Plaintiffs' allegations, amendments, supplement or other allegations after he has had an opportunity to more closely

5

investigate the claims, as is his right and privilege under the TEXAS RULES OF CIVIL PROCEDURE and the laws of the State of Texas.

## VII.
### NOTICE TO PLAINTIFFS

Defendants hereby give notice of the intent to utilize items produced in discovery in the trial of this matter and the authenticity of said items is self-proven under Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE.

## VIII.
### JURY DEMAND

In accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants have demanded a trial by jury, all fees having previously been paid or are being contemporaneously paid with the filing of this pleading.

**WHEREFORE, PREMISES CONSIDERED**, Defendants, **KELLY RAY WREN** and **DRAGGIN TOOLS TRUCKING, LLC,** pray that the Plaintiffs take nothing by this suit, that Defendants go hence with their costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

FEE, SMITH & SHARP L.L.P.

BRIAN G. CANO
State Bar No. 24045613
**STEPHEN M. MENGIS**
State Bar No. 24094842
2777 Allen Parkway, Suite 800
Houston, Texas 77019
713-362-8313
713-362-8302 [Fax]
bcano@feesmith.com
smengis@feesmith.com
**ATTORNEYS FOR DEFENDANTS**

6

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 3rd day of September, 2024.

_____
**BRIAN G. CANO**

7

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Jaclyn Degollado on behalf of Stephen Mengis
Bar No. 24094842
jdegollado@feesmith.com
Envelope ID: 91562155
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendants General Denial, Original Answer and
Affirmative Defenses to Orlando Hayward and Reyna Hayward,
Individually and as Representatives of the Estate of Niguel Hayward,
Deceased
Status as of 9/3/2024 9:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 9/3/2024 9:02:09 AM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 9/3/2024 9:02:09 AM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 9/3/2024 9:02:09 AM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 9/3/2024 9:02:09 AM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 9/3/2024 9:02:09 AM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 9/3/2024 9:02:09 AM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 9/3/2024 9:02:09 AM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 9/3/2024 9:02:09 AM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 9/3/2024 9:02:09 AM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 9/3/2024 9:02:09 AM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 9/3/2024 9:02:09 AM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 9/3/2024 9:02:09 AM | SENT |

## CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC | § | |
| | § | |
| *Defendants.* | § | 281ST JUDICIAL DISTRICT |

### <u>Consolidated with:</u>

## CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF NIGUEL HAYWARD, DECEASED | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO | § | |
| | § | |
| *Defendant.* | § | 215TH JUDICIAL DISTRICT |

### <u>DEFENDANT LIFFEY, INC. D/B/A MOLLY'S PUB (CONROE)'S ORIGINAL ANSWER TO PLAINTIFF ASHLIE DOMINGUEZ'S FIRST AMENDED PETITION</u>

COMES NOW, Defendant LIFFEY, INC. D/B/A MOLLY'S PUB (CONROE) (incorrectly named Lifey Leasing, Inc. d/b/a Molly's Pub ("Defendant"), and files this its Original Answer to Plaintiff Ashlie Dominguez's First Amended Petition and would respectfully show as follows:

54

# I. GENERAL DENIAL

Defendant hereby enters a general denial to all allegations in Plaintiff's First Amended Petition ("Petition") and demands strict proof thereof as permitted by Rule 92 of the Texas Rules of Civil Procedure.

## II. SPECIFIC AND AFFIRMATIVE DEFENSES

### A.

Defendant affirmatively pleads that Texas Alcoholic Beverage Code §2.02 is Plaintiff's sole and exclusive remedy for recovery against Defendant and Plaintiff may not bring common law or other statutory law warranties against Defendant.

### B.

For further answer, if such be necessary, Defendant affirmatively pleads that pursuant to Texas Alcoholic Beverage Code §106.14, Defendant is not liable for the actions of its employees as a matter of law because (1) Defendant required its employees to attend a commission-approved seller training program; (2) each employee actually attended such a program; and (3) Defendant did not directly or indirectly encourage its employees to violate any such training or other applicable service-related laws.

### C.

Pleading further, or in the alternative, no act or omission of Defendant was a proximate cause of Plaintiff's alleged injuries.

### D.

To the extent the evidence shows that Plaintiff failed to act as ordinarily prudent person, Defendant asserts its right to show that the incident complained of in Plaintiff's Petition was a result of the negligence and carelessness on the part of the Plaintiff, and Plaintiff was contributorily

55

negligent or solely negligent on the occasion in question, and that her negligence proximately caused the incident in question.

## E.

Pleading further and subject to the foregoing without waiving the same, Defendant asserts that the incident made the basis of this suit was caused solely or in part by the negligence of a third party or third parties over whom this Defendant has no control, and said negligence was a proximate cause, or in the alternative, was the sole proximate cause of Plaintiff's damages.

## F.

Defendant invokes all rights, remedies and elections afforded it pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code regarding contribution, indemnity, comparative and/or proportionate responsibility to the extent the same are or may be applicable.

## G.

Pleading further, or in the alternative, Defendant would show, in the unlikely event that any liability be found on the part of Defendant, that such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of Plaintiff, Niguel Hayward, Co-Defendants and/or Responsible Third Parties.

## H.

Pleading further, Defendant, still urging and relying on the matters set forth above, asserts that to the extent that alleged past medical expenses of Plaintiff exceeds the amount actually paid on Plaintiff's behalf, Section 41.0105 of the Texas Civil Practice & Remedies Code applies to limit Plaintiff's recovery of such past medical expenses, if any. Therefore, the recovery of medical or healthcare expenses incurred by the Plaintiff is limited to no more than the amount actually paid by or on behalf of the Plaintiff. *See Haygood v. De Escobedo*, 356 S.W.3d 390 (Tex. 2011).

**I.**

Pleading further, or in the alternative, Defendant asserts that the occurrence in question was the result of a new, independent and intervening cause, unforeseeable to the Defendant.

**J.**

Pleading further, or in the alternative, Defendant alleges that subsequent and precedent to any conduct on its part, whether active or passive, there was intervening and superseding conduct on the part of third parties or other parties, persons or entities, and that such conduct on the part of the other entities acts as a total bar to the claim that is being made or that could be made by Plaintiff in this case.

**K.**

Pleading further, or in the alternative, without waiving any of the foregoing, Defendant would show that the damages complained of were the result of pre-existing conditions and not due to any negligence by Defendant.

**L.**

Pleading further, Defendant alleges pre-judgment interest should be calculated on the shortest length of time permitted by law. Defendant further asserts that prejudgment interest is not calculated on future interest. *See* TEX. FIN. CODE § 304.1045. If it should be necessary, Defendant further asserts that pre-judgment interest is not calculated on exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE § 41.007. Defendant further pleads that Section 304.105 of the Texas Financial Code applies when settlement offers have been made. *See* TEX. FIN. CODE § 304.105.

**M.**

To the extent Plaintiff is seeking to recover either lost wages or reduced wage-earning capacity, then Plaintiff must prove the loss(es) in the form of a net loss after reduction for income

tax payments or unpaid tax liability pursuant to applicable federal income tax law. TEX. CIV. PRAC. & REM. CODE § 18.091.

## N.

For further answer, and subject to the preceding paragraphs herein, and without waiving same, Defendant would further show that injuries, if any, of which Plaintiff complains, were the result of circumstances and events outside of, and beyond Defendant's control. If the events alleged in fact occurred, they were the result of events which intervened such that the conduct of Defendant was not the proximate cause of any injuries to Plaintiff, as that term is defined by the laws of the State of Texas.

## III. NOTICE UNDER TEX. R. CIV. P 193.7

Defendant notifies Plaintiff of its intention to use any document produced by any party during discovery without the necessity of authenticating the document.

## IV. REQUIRED DISCLOSURES

Plaintiff is required to disclose, within thirty (30) days of the first answer or general appearance in this lawsuit, the information and material described in Texas Rule of Civil Procedure 194.2.

## V. JURY DEMAND

Defendant demands a trial by jury on all issues.

## VI. PRAYER

WHEREFORE, Defendant, LIFFEY, INC. D/B/A MOLLY'S PUB (CONROE) prays that Plaintiff, Ashlie Dominguez, take nothing, that Plaintiff's suit be dismissed with prejudice, that Defendant recover its costs from Plaintiff and for all other relief to which Defendant is entitled.

58

Respectfully submitted,

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**


*/s/ Danielle L. Hollis*
**KENT M. ADAMS**
State Bar No. 00869200
Kent.Adams@wilsonelser.com
**DANIELLE L. HOLLIS**
State Bar No. 24085380
Danielle.Hollis@wilsonelser.com
**CAMERON J. KEENER**
State Bar No. 24107827
Cameron.Keener@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000  Telephone
(713) 785-7780  Facsimile

**ATTORNEYS FOR DEFENDANT
LIFFEY INC. D/B/A MOLLY'S PUB
(CONROE)**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above foregoing document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on September 27, 2023.

*/s/ Danielle L. Hollis*
Danielle L. Hollis

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lysandra Ramirez on behalf of Danielle Hollis
Bar No. 24085380
lysandra.ramirez@wilsonelser.com
Envelope ID: 92540437
Filing Code Description: No Fee Documents
Filing Description: Defendant, Lifeley, Inc. d/b/a Molly's Pub (Conroe)'s Original Answer to Plaintiff Ashlie Dominguez's First Amended Petition
Status as of 9/27/2024 2:09 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 9/27/2024 1:28:17 PM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 9/27/2024 1:28:17 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 9/27/2024 1:28:17 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 9/27/2024 1:28:17 PM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 9/27/2024 1:28:17 PM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 9/27/2024 1:28:17 PM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 9/27/2024 1:28:17 PM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 9/27/2024 1:28:17 PM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 9/27/2024 1:28:17 PM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 9/27/2024 1:28:17 PM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 9/27/2024 1:28:17 PM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 9/27/2024 1:28:17 PM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 9/27/2024 1:28:17 PM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 9/27/2024 1:28:17 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 9/27/2024 1:28:17 PM | SENT |
| Kayla Bright | | kbright@krcl.com | 9/27/2024 1:28:17 PM | SENT |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 9/27/2024 1:28:17 PM | SENT |
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 9/27/2024 1:28:17 PM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 9/27/2024 1:28:17 PM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 9/27/2024 1:28:17 PM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 9/27/2024 1:28:17 PM | SENT |

CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC | § | |
| | § | |
| *Defendants.* | § | 281ST JUDICIAL DISTRICT |

<u>*Consolidated with:*</u>

CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF NIGUEL HAYWARD, DECEASED | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO | § | |
| | § | |
| *Defendant.* | § | 215TH JUDICIAL DISTRICT |

## DEFENDANT LIFFEY, INC. D/B/A MOLLY'S PUB (CONROE)'S ORIGINAL ANSWER TO PLAINTIFF ASHLIE DOMINGUEZ'S FIRST AMENDED PETITION

COMES NOW, Defendant LIFFEY, INC. D/B/A MOLLY'S PUB (CONROE) (incorrectly named Lifey Leasing, Inc. d/b/a Molly's Pub ("Defendant"), and files this its Original Answer to Plaintiffs Orlando Hayward and Reyna Hayward, Individually and as Representatives of the Estate of Niguel Hayward, Deceased's First Amended Petition and would respectfully show as follows:

61

# I. GENERAL DENIAL

Defendant hereby enters a general denial to all allegations in Plaintiffs' First Amended Petition ("Petition") and demands strict proof thereof as permitted by Rule 92 of the Texas Rules of Civil Procedure.

## II. SPECIFIC AND AFFIRMATIVE DEFENSES

### A.

Defendant affirmatively pleads that Texas Alcoholic Beverage Code §2.02 is Plaintiffs' sole and exclusive remedy for recovery against Defendant and Plaintiffs may not bring common law or other statutory law warranties against Defendant.

### B.

For further answer, if such be necessary, Defendant affirmatively pleads that pursuant to Texas Alcoholic Beverage Code §106.14, Defendant is not liable for the actions of its employees as a matter of law because (1) Defendant required its employees to attend a commission-approved seller training program; (2) each employee actually attended such a program; and (3) Defendant did not directly or indirectly encourage its employees to violate any such training or other applicable service-related laws.

### C.

Pleading further, or in the alternative, no act or omission of Defendant was a proximate cause of Plaintiffs' alleged injuries.

### D.

To the extent the evidence shows that Niguel Hayward failed to act as an ordinarily prudent person, Defendant asserts its right to show that the incident complained of in Plaintiffs' Petition was a result of the negligence and carelessness on the part of the Niguel Hayward, and Niguel

Hayward was contributorily negligent or solely negligent on the occasion in question, and that his negligence proximately caused the incident in question.

**E.**

Pleading further and subject to the foregoing without waiving the same, Defendant asserts that the incident made the basis of this suit was caused solely or in part by the negligence of a third party or third parties over whom this Defendant has no control, and said negligence was a proximate cause, or in the alternative, was the sole proximate cause of Plaintiffs' damages.

**F.**

Defendant invokes all rights, remedies and elections afforded it pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code regarding contribution, indemnity, comparative and/or proportionate responsibility to the extent the same are or may be applicable.

**G.**

Pleading further, or in the alternative, Defendant would show, in the unlikely event that any liability be found on the part of Defendant, that such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of Niguel Hayward, Ashlie Dominguez, Co-Defendants and/or Responsible Third Parties.

**H.**

Pleading further, Defendant, still urging and relying on the matters set forth above, asserts that to the extent that alleged past medical expenses of Plaintiffs exceed the amount actually paid on Plaintiffs' behalf, Section 41.0105 of the Texas Civil Practice & Remedies Code applies to limit Plaintiffs' recovery of such past medical expenses, if any. Therefore, the recovery of medical or healthcare expenses incurred by the Plaintiffs is limited to no more than the amount actually paid by or on behalf of the Plaintiffs. *See Haygood v. De Escobedo*, 356 S.W.3d 390 (Tex. 2011).

## I.

Pleading further, or in the alternative, Defendant asserts that the occurrence in question was the result of a new, independent and intervening cause, unforeseeable to the Defendant.

## J.

Pleading further, or in the alternative, Defendant alleges that subsequent and precedent to any conduct on its part, whether active or passive, there was intervening and superseding conduct on the part of third parties or other parties, persons or entities, and that such conduct on the part of the other entities acts as a total bar to the claim that is being made or that could be made by Plaintiffs in this case.

## K.

Pleading further, or in the alternative, without waiving any of the foregoing, Defendant would show that the damages complained of were the result of pre-existing conditions and not due to any negligence by Defendant.

## L.

Pleading further, Defendant alleges pre-judgment interest should be calculated on the shortest length of time permitted by law. Defendant further asserts that prejudgment interest is not calculated on future interest. *See* TEX. FIN. CODE § 304.1045. If it should be necessary, Defendant further asserts that pre-judgment interest is not calculated on exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE § 41.007. Defendant further pleads that Section 304.105 of the Texas Financial Code applies when settlement offers have been made. *See* TEX. FIN. CODE § 304.105.

## M.

To the extent Plaintiffs are seeking to recover either lost wages or reduced wage-earning capacity, then Plaintiffs must prove the loss(es) in the form of a net loss after reduction for income

tax payments or unpaid tax liability pursuant to applicable federal income tax law. TEX. CIV. PRAC. & REM. CODE § 18.091.

## N.

For further answer, and subject to the preceding paragraphs herein, and without waiving same, Defendant would further show that injuries, if any, of which Plaintiffs complain, were the result of circumstances and events outside of, and beyond Defendant's control. If the events alleged in fact occurred, they were the result of events which intervened such that the conduct of Defendant was not the proximate cause of any injuries to Plaintiffs, as that term is defined by the laws of the State of Texas.

## III. NOTICE UNDER TEX. R. CIV. P 193.7

Defendant notifies Plaintiffs of its intention to use any document produced by any party during discovery without the necessity of authenticating the document.

## IV. REQUIRED DISCLOSURES

Plaintiffs are required to disclose, within thirty (30) days of the first answer or general appearance in this lawsuit, the information and material described in Texas Rule of Civil Procedure 194.2.

## V. JURY DEMAND

Defendant demands a trial by jury on all issues.

## VI. PRAYER

WHEREFORE, Defendant, LIFFEY, INC. D/B/A MOLLY'S PUB (CONROE) prays that Plaintiffs, Orlando Hayward and Reyna Hayward, Individually and as Representatives of the Estate of Niguel Hayward, Deceased, take nothing, that Plaintiffs' suit be dismissed with prejudice,

65

that Defendant recover its costs from Plaintiffs and for all other relief to which Defendant is entitled.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Danielle L. Hollis*
**KENT M. ADAMS**
State Bar No. 00869200
Kent.Adams@wilsonelser.com
**DANIELLE L. HOLLIS**
State Bar No. 24085380
Danielle.Hollis@wilsonelser.com
**CAMERON J. KEENER**
State Bar No. 24107827
Cameron.Keener@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000  Telephone
(713) 785-7780  Facsimile

**ATTORNEYS FOR DEFENDANT LIFFEY INC. D/B/A MOLLY'S PUB (CONROE)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above foregoing document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on September 27, 2023.

*/s/ Danielle L. Hollis*
Danielle L. Hollis

66

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lysandra Ramirez on behalf of Danielle Hollis
Bar No. 24085380
lysandra.ramirez@wilsonelser.com
Envelope ID: 92541611
Filing Code Description: No Fee Documents
Filing Description: Defendant, Lifeley, Inc. d/b/a Molly's Pub (Conroe)'s Original Answer to Plaintiff Ashlie Dominguez's First Amended Petition
Status as of 9/27/2024 2:23 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 9/27/2024 1:32:06 PM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 9/27/2024 1:32:06 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 9/27/2024 1:32:06 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 9/27/2024 1:32:06 PM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 9/27/2024 1:32:06 PM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 9/27/2024 1:32:06 PM | SENT |
| Michael ALogan | | mlogan@krcl.com | 9/27/2024 1:32:06 PM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 9/27/2024 1:32:06 PM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 9/27/2024 1:32:06 PM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 9/27/2024 1:32:06 PM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 9/27/2024 1:32:06 PM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 9/27/2024 1:32:06 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 9/27/2024 1:32:06 PM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 9/27/2024 1:32:06 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 9/27/2024 1:32:06 PM | SENT |
| Kayla Bright | | kbright@krcl.com | 9/27/2024 1:32:06 PM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 9/27/2024 1:32:06 PM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 9/27/2024 1:32:06 PM | SENT |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 9/27/2024 1:32:06 PM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 9/27/2024 1:32:06 PM | SENT |
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 9/27/2024 1:32:06 PM | SENT |

## CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC, | § | |
| | § | |
| *Defendants.* | § | 281st JUDICIAL DISTRICT |

### *Consolidated with*:

## CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT OF |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF NIGUEL HAYWARD, DECEASED | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO | § | |
| | § | |
| *Defendant.* | § | 215th JUDICIAL DISTRICT |

### PLAINTIFF'S MOTION TO COMPEL THIRD PARTY COMPLIANCE AND MOTION TO OVERRULE OBJECTIONS

COMES NOW, Plaintiffs, pursuant to the Texas Rules of Civil Procedure, hereby file this Motion to Compel Third Party Compliance and Motion to Overrule Objections from the Texas Alcohol and Beverage Commission ("TABC"). In support, Plaintiffs would respectfully show the Court as follows.

1

68

## I.   BACKGROUND

This is a personal injury case arising from the death of Niguel Hayward on or about November 15, 2022, due to the negligence of Defendant Eduardo Morenos by driving while under the influence after allegedly consuming alcoholic beverages at Defendants Sandbaggers Pub NP, and Lifey Leasing, Inc. d/b/a Molly's Pub establishments (and potentially additional establishments) and subsequently hitting Niguel Hayward head-on.

On May 6, 2024, Plaintiffs served TABC with a subpoena duces tecum seeking production of correspondence and documents regarding the Defendants establishments, as well as information regarding TABC's investigation and procedures. The discovery upon which this Motion to Compel is based is attached hereto as **Exhibit A**.

On June 24, 2024, TABC refused to comply with any of the requests for production of documents from the Plaintiffs.  The information is relevant to the claims made in this lawsuit and could potentially identify additional defendants.   As the statute of limitations approaches, it is imperative the TABC be compelled to fully respond.

## II.   SUMMARY OF DISCOVERY SOUGHT

The discovery sought by Plaintiffs is relevant to the subject matter of this lawsuit and as such Plaintiffs move to compel TABC to comply with the subpoena and produce the following:

1. All documents or correspondence regarding TRACE Investigation resulting from the car accident involving Eduardo Moreno and Orlando Hayward that occurred on November 15, 2022.

2. All documents or correspondence relating to Sandbagger's Pub located at 13027 Highway 105 E, Conroe, Texas 77306 for the years 2021 and 2022.

3. All documents or correspondence relating to Molly's Pub located at 901 N Loop

336 W, Conroe, TX 77301 for the years 2021 and 2022.

4. Documents you provide to TABC agents regarding how to conduct source investigations.

5. Documents you provide to TABC agents regarding how to conduct TRACE investigations.

6. Policies and procedures for TABC agents' investigations of over-service including, but not limited to, TRACE investigations.

7. Any checklists provided to TABC agents for investigations of over-service.

8. Any criteria provided to TABC agents to assist with investigations of over-service.

9. Training materials you provide to TABC agents to assist with investigations of over-service.

TABC refused to produce any of the above documents and information requested asserting the following global objections:

1. The subpoena and all requests therein are barred by sovereign immunity. TABC, a state agency, retains sovereign immunity from the subpoena because the subpoena does not fall within an express waiver of sovereign immunity under state law.

2. The subpoena seeks information that is confidential or protected by law under Section 5.48 of the Texas Alcoholic Beverage Code and/or Section 30.006(c) of the Texas Civil Practice & Remedies Code.

3. The subpoena is overly broad and unduly burdensome to a non-party. It is not confined to claims and injuries alleged or issues relevant to the underlying lawsuit and constitutes a "fishing expedition." It does not specify the items to be produced by individual item or category and does not describe with reasonable particularity

3

each item and category. It is not sufficiently limited in time or subject matter.

Each reasoning TABC sets forth above and provided in **Exhibit B** are invalid basis for refusing to comply with Plaintiffs discovery requests, and as such should be compelled to do so.

## III.    ARGUMENT AND AUTHORITIES

A party may compel discovery from a nonparty by serving a subpoena compelling an oral deposition, a deposition on written questions; a request for production of documents or tangible things, pursuant to Rule 199.2 (b)(5) or Rule 200.1(b), served with notice of deposition on oral examination or written questions; and a request for production of documents and tangible things under this rule. TEX. R. CIV. P. 205.1.

Sovereign immunity does not apply to TABC because although a state agency, it is not a party to this case and is thus not subject to liability or suit in which damages are sought which would give rise to protection by sovereign immunity. In refusing to provide the requested information by Plaintiffs', TABC admits that they are a non-party and are not confined to the claims and injuries alleged or issues relevant to the underlying lawsuit.

"On motion of a party, the court may order discovery from a nonparty law enforcement agency of information, records, documents, evidentiary materials, and tangible things described by Subsection (c) if the court determines, after in camera inspection, that: (1) the discovery sought is relevant; and (2) there is a specific need for the discovery." TEX. CIV. PRAC. & REM. CODE. § 30.006(d).

If a subpoena commanding testimony is directed to a corporation, partnership, association, governmental agency, or other organization, and the matters on which examination is requested are described with reasonable particularity, the organization must designate one or more persons to testify on its behalf as to matters known or reasonably available to the organization. TEX. R.

4

71

CIV. P. 176.6.

Plaintiffs have provided with reasonable particularity the information requested, the information sought is limited to time and scope, and the requests are narrowly tailored to the matters relevant to the claims asserted by the Plaintiffs against the Defendants in this case. The specific requests are matters that are known and or reasonably available to TABC because it is information that TABC personally collects and is responsible for maintaining as a law enforcement agency.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Court grant this Motion to Compel Third Party Compliance and Motion to Overrule Objections and enter an order compelling the production of the aforementioned documents and information, and for such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

By: */s/ Muhammad S. Aziz*
    Muhammad S. Aziz
    Texas Bar No. 24043538
    800 Commerce Street
    Houston, Texas 77002
    Telephone: (713) 222-7211
    Facsimile: (713) 225-0827
    maziz@awtxlaw.com

5

## CERTIFICATE OF SERVICE

I hereby certify that on this **October 7, 2024**, a true and correct copy of the foregoing document was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/ Muhammad A. Aziz*
Muhammad S. Aziz

6

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Dean on behalf of Muhammad Aziz
Bar No. 24043538
jdean@awtxlaw.com
Envelope ID: 92870184
Filing Code Description: No Fee Documents
Filing Description: PLAINTIFFS MOTION TO COMPEL THIRD PARTY COMPLIANCE AND MOTION TO OVERRULE OBJECTIONS
Status as of 10/7/2024 2:33 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 10/7/2024 1:32:25 PM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 10/7/2024 1:32:25 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 10/7/2024 1:32:25 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 10/7/2024 1:32:25 PM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 10/7/2024 1:32:25 PM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 10/7/2024 1:32:25 PM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 10/7/2024 1:32:25 PM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 10/7/2024 1:32:25 PM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 10/7/2024 1:32:25 PM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 10/7/2024 1:32:25 PM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 10/7/2024 1:32:25 PM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 10/7/2024 1:32:25 PM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 10/7/2024 1:32:25 PM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 10/7/2024 1:32:25 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 10/7/2024 1:32:25 PM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 10/7/2024 1:32:25 PM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 10/7/2024 1:32:25 PM | SENT |
| Kayla Bright | | kbright@krcl.com | 10/7/2024 1:32:25 PM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 10/7/2024 1:32:25 PM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 10/7/2024 1:32:25 PM | SENT |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 10/7/2024 1:32:25 PM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 10/7/2024 1:32:25 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Dean on behalf of Muhammad Aziz
Bar No. 24043538
jdean@awtxlaw.com
Envelope ID: 92870184
Filing Code Description: No Fee Documents
Filing Description: PLAINTIFFS MOTION TO COMPEL THIRD PARTY
COMPLIANCE AND MOTION TO OVERRULE OBJECTIONS
Status as of 10/7/2024 2:33 PM CST

Case Contacts

| NIki Fischer | | niki.fischer@wilsonelser.com | 10/7/2024 1:32:25 PM | SENT |
|---|---|---|---|---|
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 10/7/2024 1:32:25 PM | SENT |

## CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC | § | |
| | § | |
| *Defendants.* | § | 281ST JUDICIAL DISTRICT |

### *Consolidated with:*

## CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF NIGUEL HAYWARD, DECEASED | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO | § | |
| | § | |
| *Defendant.* | § | 215TH JUDICIAL DISTRICT |

### DEFENDANT LIFFEY, INC. D/B/A MOLLY'S PUB (CONROE)'S AMENDED ANSWER TO PLAINTIFFS ORLANDO HAYWARD AND REYNA HAYWARD, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF NIGUEL HAYWARD, DECEASED'S FIRST AMENDED PETITION

COMES NOW, Defendant LIFFEY, INC. D/B/A MOLLY'S PUB (CONROE) (incorrectly named Lifey Leasing, Inc. d/b/a Molly's Pub ("Defendant"), and files this its Amended Answer to Plaintiffs Orlando Hayward and Reyna Hayward, Individually and as Representatives of the Estate of Niguel Hayward, Deceased's First Amended Petition and would respectfully show as follows:

76

## I. GENERAL DENIAL

Defendant hereby enters a general denial to all allegations in Plaintiffs' First Amended Petition ("Petition") and demands strict proof thereof as permitted by Rule 92 of the Texas Rules of Civil Procedure.

## II. SPECIFIC AND AFFIRMATIVE DEFENSES

### A.

Defendant affirmatively pleads that Texas Alcoholic Beverage Code §2.02 is Plaintiffs' sole and exclusive remedy for recovery against Defendant and Plaintiffs may not bring common law or other statutory law warranties against Defendant.

### B.

For further answer, if such be necessary, Defendant affirmatively pleads that pursuant to Texas Alcoholic Beverage Code §106.14, Defendant is not liable for the actions of its employees as a matter of law because (1) Defendant required its employees to attend a commission-approved seller training program; (2) each employee actually attended such a program; and (3) Defendant did not directly or indirectly encourage its employees to violate any such training or other applicable service-related laws.

### C.

Pleading further, or in the alternative, no act or omission of Defendant was a proximate cause of Plaintiffs' alleged injuries.

### D.

To the extent the evidence shows that Niguel Hayward failed to act as an ordinarily prudent person, Defendant asserts its right to show that the incident complained of in Plaintiffs' Petition was a result of the negligence and carelessness on the part of the Niguel Hayward, and Niguel

Hayward was contributorily negligent or solely negligent on the occasion in question, and that his negligence proximately caused the incident in question.

**E.**

Pleading further and subject to the foregoing without waiving the same, Defendant asserts that the incident made the basis of this suit was caused solely or in part by the negligence of a third party or third parties over whom this Defendant has no control, and said negligence was a proximate cause, or in the alternative, was the sole proximate cause of Plaintiffs' damages.

**F.**

Defendant invokes all rights, remedies and elections afforded it pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code regarding contribution, indemnity, comparative and/or proportionate responsibility to the extent the same are or may be applicable.

**G.**

Pleading further, or in the alternative, Defendant would show, in the unlikely event that any liability be found on the part of Defendant, that such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of Niguel Hayward, Ashlie Dominguez, Co-Defendants and/or Responsible Third Parties.

**H.**

Pleading further, Defendant, still urging and relying on the matters set forth above, asserts that to the extent that alleged past medical expenses of Plaintiffs exceed the amount actually paid on Plaintiffs' behalf, Section 41.0105 of the Texas Civil Practice & Remedies Code applies to limit Plaintiffs' recovery of such past medical expenses, if any. Therefore, the recovery of medical or healthcare expenses incurred by the Plaintiffs is limited to no more than the amount actually paid by or on behalf of the Plaintiffs. *See Haygood v. De Escobedo*, 356 S.W.3d 390 (Tex. 2011).

**I.**

Pleading further, or in the alternative, Defendant asserts that the occurrence in question was the result of a new, independent and intervening cause, unforeseeable to the Defendant.

**J.**

Pleading further, or in the alternative, Defendant alleges that subsequent and precedent to any conduct on its part, whether active or passive, there was intervening and superseding conduct on the part of third parties or other parties, persons or entities, and that such conduct on the part of the other entities acts as a total bar to the claim that is being made or that could be made by Plaintiffs in this case.

**K.**

Pleading further, or in the alternative, without waiving any of the foregoing, Defendant would show that the damages complained of were the result of pre-existing conditions and not due to any negligence by Defendant.

**L.**

Pleading further, Defendant alleges pre-judgment interest should be calculated on the shortest length of time permitted by law. Defendant further asserts that prejudgment interest is not calculated on future interest. *See* TEX. FIN. CODE § 304.1045. If it should be necessary, Defendant further asserts that pre-judgment interest is not calculated on exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE § 41.007. Defendant further pleads that Section 304.105 of the Texas Financial Code applies when settlement offers have been made. *See* TEX. FIN. CODE § 304.105.

**M.**

To the extent Plaintiffs are seeking to recover either lost wages or reduced wage-earning capacity, then Plaintiffs must prove the loss(es) in the form of a net loss after reduction for income

tax payments or unpaid tax liability pursuant to applicable federal income tax law. TEX. CIV. PRAC. & REM. CODE § 18.091.

## N.

For further answer, and subject to the preceding paragraphs herein, and without waiving same, Defendant would further show that injuries, if any, of which Plaintiffs complain, were the result of circumstances and events outside of, and beyond Defendant's control. If the events alleged in fact occurred, they were the result of events which intervened such that the conduct of Defendant was not the proximate cause of any injuries to Plaintiffs, as that term is defined by the laws of the State of Texas.

## III. NOTICE UNDER TEX. R. CIV. P 193.7

Defendant notifies Plaintiffs of its intention to use any document produced by any party during discovery without the necessity of authenticating the document.

## IV. REQUIRED DISCLOSURES

Plaintiffs are required to disclose, within thirty (30) days of the first answer or general appearance in this lawsuit, the information and material described in Texas Rule of Civil Procedure 194.2.

## V. JURY DEMAND

Defendant demands a trial by jury on all issues.

## VI. PRAYER

WHEREFORE, Defendant, LIFFEY, INC. D/B/A MOLLY'S PUB (CONROE) prays that Plaintiffs, Orlando Hayward and Reyna Hayward, Individually and as Representatives of the Estate of Niguel Hayward, Deceased, take nothing, that Plaintiffs' suit be dismissed with prejudice,

80

that Defendant recover its costs from Plaintiffs and for all other relief to which Defendant is entitled.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Danielle L. Hollis*
**KENT M. ADAMS**
State Bar No. 00869200
Kent.Adams@wilsonelser.com
**DANIELLE L. HOLLIS**
State Bar No. 24085380
Danielle.Hollis@wilsonelser.com
**CAMERON J. KEENER**
State Bar No. 24107827
Cameron.Keener@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000  Telephone
(713) 785-7780  Facsimile

**ATTORNEYS FOR DEFENDANT LIFFEY INC. D/B/A MOLLY'S PUB (CONROE)**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above foregoing document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on October 10, 2024.

*/s/ Danielle L. Hollis*
Danielle L. Hollis

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Niki Fischer on behalf of Danielle Hollis
Bar No. 24085380
niki.fischer@wilsonelser.com
Envelope ID: 93014103
Filing Code Description: Answer/ Response / Waiver
Filing Description: Lifey, Inc.'s Amended Answer
Status as of 10/10/2024 12:05 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 10/10/2024 10:53:07 AM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 10/10/2024 10:53:07 AM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 10/10/2024 10:53:07 AM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 10/10/2024 10:53:07 AM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 10/10/2024 10:53:07 AM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 10/10/2024 10:53:07 AM | SENT |
| Michael ALogan | | mlogan@krcl.com | 10/10/2024 10:53:07 AM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 10/10/2024 10:53:07 AM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 10/10/2024 10:53:07 AM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 10/10/2024 10:53:07 AM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 10/10/2024 10:53:07 AM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 10/10/2024 10:53:07 AM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 10/10/2024 10:53:07 AM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 10/10/2024 10:53:07 AM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 10/10/2024 10:53:07 AM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 10/10/2024 10:53:07 AM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 10/10/2024 10:53:07 AM | SENT |
| Kayla Bright | | kbright@krcl.com | 10/10/2024 10:53:07 AM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 10/10/2024 10:53:07 AM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 10/10/2024 10:53:07 AM | SENT |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 10/10/2024 10:53:07 AM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 10/10/2024 10:53:07 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Niki Fischer on behalf of Danielle Hollis
Bar No. 24085380
niki.fischer@wilsonelser.com
Envelope ID: 93014103
Filing Code Description: Answer/ Response / Waiver
Filing Description: Lifey, Inc.'s Amended Answer
Status as of 10/10/2024 12:05 PM CST

Case Contacts

| NIki Fischer | | niki.fischer@wilsonelser.com | 10/10/2024 10:53:07 AM | SENT |
| --- | --- | --- | --- | --- |
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 10/10/2024 10:53:07 AM | SENT |

CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC, | § | |
| | § | |
| Defendants. | § | 281ST JUDICIAL DISTRICT |

### Consolidated With:

CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT OF |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE | § | |
| ESTATE OF NIGUEL HAYWARD, | § | |
| DECEASED, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, | § | |
| | § | |
| | § | |
| Defendant. | § | 215TH JUDICIAL DISTRICT |

### SANDBAGGERS PUB'S ORIGINAL ANSWER TO PLAINTIFF ASHLIE DOMINGUEZ'S FIRST AMENDED PETITION

**SANDBAGGERS PUB** ("Sandbaggers" or "Defendant") files its Original Answer to the

First Amended Petition of Plaintiff Ashlie Dominguez ("Plaintiff") as follows:

I.

<u>**GENERAL DENIAL**</u>

1.      Pursuant to Texas Rule of Civil Procedure 92, Defendant denies each and every allegation contained in Plaintiff's First Amended Petition, and any amendments or supplements thereto, and demands strict proof thereof in accordance with the Texas Rules of Civil Procedure.

## II.
<u>**AFFIRMATIVE DEFENSES**</u>

2.      As permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following by way of affirmative defenses to the claims and causes of action which Plaintiff has alleged in this suit:

a.      Defendant denies that Eduardo Moreno was "obviously intoxicated" at the time he was served alcohol at Defendant's premises on the date of the incident.

b.      Defendant denies that Eduardo Moreno showed obvious signs of intoxication at any time while he was on Defendant's premises on the date of the incident.

c.      Defendant asserts that as a licensed provider of alcohol, it is entitled to a "Safe Harbor" defense to the claims brought under the Dram Shop Act as codified at Section 106.14(a) of the Texas Alcoholic Beverage Code. Defendant more specifically alleges that at the time of the incident in question: (a) Defendant required its employees whose job responsibilities included the sale or service of alcoholic beverages to attend a seller-training program approved by the Texas Alcoholic Beverage Commission; and (b) the employees who served Eduardo Moreno on the date of the incident in fact attended the approved training program. *See* TEX. ALCO. BEV. CODE §§ 2.02(b); 106.14.

d.      Pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, Defendant requests that the jury be asked to assess the comparative negligence, if any, of all parties to this lawsuit. Defendant asserts that it may only be liable to Plaintiff for its percentage of responsibility, if any, as determined by the trier of fact with regard to Plaintiff's damages in the above-styled lawsuit.

e.      Pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code, Defendant asserts that the recovery of medical healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff. Plaintiff may only offer and/or present evidence to the trier of fact related to the medical and/or healthcare expenses actually paid or incurred, minus any offsets or adjustments allowed by the medical or healthcare providers.

f.      If prejudgment interest is recoverable in this case, it is limited in accordance with Section 304.101, et seq. of the Texas Finance Code.

g.     If post-judgment interest is recoverable in this case, it is limited in accordance with Section 304.003(c) of the Texas Finance Code.

### III.
### RULE 193.7 NOTICE

3.     Pursuant to Texas Rule of Civil Procedure 193.7, Defendant notifies all parties that all documents produced during discovery may be used at any pre-trial proceeding and/or trial without the necessity of authenticating the documents.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by this action, and that Defendant be granted such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:     /s/ Kayla M. Bright
        Michael A. Logan
        State Bar No. 12497500
        E-Mail: mlogan@krcl.com
        Kayla M. Bright
        State Bar No. 24138092
        E-Mail: kbright@krcl.com

        901 Main Street, Suite 5200
        Dallas, Texas 75202
        Telephone:     (214) 777-4294
        Facsimile:      (214) 777-4299

        **ATTORNEYS     FOR     DEFENDANT
        SANDBAGGERS PUB**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of foregoing has been served on all counsel of record on the 14th day of October 2024.

_/s/ Kayla M. Bright_
Kayla M. Bright

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kimberly Hayes on behalf of Michael Logan
Bar No. 12497500
khayes@krcl.com
Envelope ID: 93112118
Filing Code Description: Answer/ Response / Waiver
Filing Description: SANDBAGGERS PUB'S ORIGINAL ANSWER TO PLAINTIFF ASHLIE DOMINGUEZ'S FIRST AMENDED PETITION
Status as of 10/14/2024 9:48 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 10/14/2024 9:40:53 AM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 10/14/2024 9:40:53 AM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 10/14/2024 9:40:53 AM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 10/14/2024 9:40:53 AM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 10/14/2024 9:40:53 AM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 10/14/2024 9:40:53 AM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 10/14/2024 9:40:53 AM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 10/14/2024 9:40:53 AM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 10/14/2024 9:40:53 AM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 10/14/2024 9:40:53 AM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 10/14/2024 9:40:53 AM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 10/14/2024 9:40:53 AM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 10/14/2024 9:40:53 AM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 10/14/2024 9:40:53 AM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 10/14/2024 9:40:53 AM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 10/14/2024 9:40:53 AM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 10/14/2024 9:40:53 AM | SENT |
| Kayla Bright | | kbright@krcl.com | 10/14/2024 9:40:53 AM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 10/14/2024 9:40:53 AM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 10/14/2024 9:40:53 AM | SENT |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 10/14/2024 9:40:53 AM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 10/14/2024 9:40:53 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kimberly Hayes on behalf of Michael Logan
Bar No. 12497500
khayes@krcl.com
Envelope ID: 93112118
Filing Code Description: Answer/ Response / Waiver
Filing Description: SANDBAGGERS PUB'S ORIGINAL ANSWER TO PLAINTIFF ASHLIE DOMINGUEZ'S FIRST AMENDED PETITION
Status as of 10/14/2024 9:48 AM CST

Case Contacts

| NIki Fischer | | niki.fischer@wilsonelser.com | 10/14/2024 9:40:53 AM | SENT |
|---|---|---|---|---|
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 10/14/2024 9:40:53 AM | SENT |

89

CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ, *Plaintiff,* | § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| EDUARDO MORENO, KELLY RAY WREN, AND DRAGGIN TOOLS TRUCKING, LLC, *Defendants.* | § § § § § § | HARRIS COUNTY, TEXAS 281ST JUDICIAL DISTRICT |

Consolidated with:
CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA HAYWARD, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF NIGUEL HAYWARD, DECEASED, *Plaintiffs,* | § § § § § § § § | IN THE DISTRICT COURT OF HARRIS COUNTY, TEXAS |
| v. | § § § | |
| EDUARDO MORENO, *Defendant.* | § § § | 281ST JUDICIAL DISTRICT |

## NON-PARTY TEXAS ALCOHOLIC BEVERAGE COMMISSION'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Texas Alcoholic Beverage Commission (TABC) submits this response to Plaintiff's Motion to Compel the subpoena duces tecum issued by Plaintiffs Ashlie Dominguez, Orlando Hayward, and Reyna Hayward, individually and as representatives of the estate of Niguel Hayward, deceased (Plaintiffs). The motion to compel should be denied because the Court lacks subject matter jurisdiction to enforce Plaintiff's subpoena, the subpoena seeks information that is confidential or protected by law under Section 5.48 of the Texas Alcoholic Beverage Code and Section

30.006(c) of the Texas Civil Practice & Remedies Code, and the subpoena is overly broad and unduly burdensome to a non-party.

## I.    BACKGROUND

This is a personal injury case arising from the death of Niguel Hayward on or about November 15, 2022, after Defendant Eduardo Moreno allegedly consumed alcoholic beverages at Defendants Sandbaggers Pub NP, and Lifey Leasing, Inc. d/b/a Molly's Pub establishments. On May 15, 2024, Plaintiffs served TABC with a subpoena duces tecum seeking production of documents regarding the Defendant establishments, as well as information regarding TABC's investigation and procedures. On June 24, 2024, TABC responded to the subpoena with objections stating that the subpoena and all requests therein are barred by sovereign immunity, the subpoena seeks information that is confidential or protected by law under Section 5.48 of the Texas Alcoholic Beverage Code and/or Section 30.006(c) of the Texas Civil Practice & Remedies Code, and the subpoena is overly broad and unduly burdensome to a non-party.

Plaintiffs then filed a Motion to Compel seeking an order compelling TABC's compliance with Plaintiff's subpoena. *See* Plaintiff's Motion to Compel Third Party Compliance and Motion to Overrule Objections at 1–5. The court set a hearing on the matter. *See* Notice of Show Cause Hearing.

## II.    ARGUMENT

This court should deny the motion to compel the subpoena issued to TABC because it is improper for several reasons.

**A.    The Court lacks subject matter jurisdiction to enforce Plaintiff's subpoena.**

Plaintiff's subpoena fails because it is barred by sovereign immunity. The Court lacks subject matter jurisdiction to cause a subpoena to issue, or to compel compliance, because TABC, as a Texas state agency, is entitled to sovereign immunity, and there has been no abrogation or waiver of that immunity. Before turning to the merits of TABC's sovereign immunity, it will be useful to briefly discuss sovereign immunity and its relation to state agencies and state employees.

**1.    Sovereign Immunity.**

To begin, the historic origins of sovereign immunity can be summed as "It is an established principle of jurisprudence in all civilized nations that the sovereign cannot be sued in its own courts, or in any other, without its consent and permission; but it may, if it thinks proper, waive this privilege, and permit itself to be made a defendant in a suit by individuals, or by another State." *Beers v. State*, 61 U.S. 527, 529 (1857). Sovereign immunity was "universal in the States when the Constitution was drafted and ratified." *Alden v. Maine*, 527 U.S. 706, 715–16 (1999).

Texas has long recognized the doctrine of sovereign immunity: that "no state can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847). The party suing the governmental entity must establish the state's consent to suit, which may be alleged either by reference to a statute or to express legislative permission. *Id.*; *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

Sovereign immunity implicates a court's subject matter jurisdiction. *EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744, 749 (Tex. 2020). The doctrine provides immunity both from suit and from liability. *PHI, Inc. v. Tex. Juvenile Justice Dep't*, 593 S.W.3d 296, 301 (Tex. 2019). Sovereign immunity deprives a court of subject-matter jurisdiction in suits against the State. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Sovereign immunity cannot be waived and can even be raised for the first time on appeal. *Univ. of Tex. at Austin v. Garner*, 595 S.W.3d 645, 649 n.2 (Tex. 2019) (citing *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 91 (Tex. 2012)).

## 2. TABC is entitled to assert Sovereign Immunity.

Under this historical framework, the State could assert its sovereign immunity in response to suits brought against it. Next, the courts in Texas expanded on that doctrine. It is now well established that state agencies and officials in their official capacities may assert sovereign immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Traditionally, a suit against a state official lawfully exercising her governmental functions is considered a suit against the State. *Dir. of Dep't of Ag. & Env't v. Printing Indus. Ass'n of Tex.*, 600 S.W.2d 264, 265–66, 270 (Tex. 1980). Sovereign immunity has commonly been held to extend to employees of state and federal agencies. *Id; United States v. McLeod*, 385 F.2d 734, 750–52 (5th Cir. 1967). Sovereign immunity bars suits against public officials sued in their official capacities because the State is effectively the real party in interest such that its agent enjoys the sovereign's immunity derivatively. *GTECH Corp. v. Steele*, 549 S.W.3d 768, 784 (Tex. App.—Austin 2018); *Franka v. Velasquez*, 332 S.W.3d 367, 382–83

(Tex. 2011); *Tex. A & M Univ. Sys. v. Koseoglu,* 233 S.W.3d 835, 843–44 (Tex. 2007). Regardless of whether a suit is brought explicitly against a public official in his official capacity, "it is the substance of the claims and relief sought that ultimately determine whether the sovereign is a real party in interest and its immunity thereby implicated." *GTECH Corp.,* 549 S.W.3d at 785-86; *Ex parte Springsteen,* 506 S.W.3d 789, 790–94 (Tex. App.—Austin 2016, pet. denied).

TABC is a state agency that is entitled to sovereign immunity. *CPS Energy v. Elec. Reliability Council of Tex.,* 671 S.W.3d 605, 616 (Tex. 2023). There is no dispute that Plaintiffs served TABC a Texas Rules of Civil Procedure Rule 205.1 subpoena, seeking documents it created or obtained through the normal course of operations. *See* Plaintiff's Motion to Compel Third Party Compliance and Motion to Overrule Objections at Exhibit A.

Plaintiffs seek TABC's testimony in her official capacity; thus, TABC is entitled to assert the sovereign immunity held by the TABC. *Texas Parks & Wildlife Dep't v. Sawyer Tr.,* 354 S.W.3d 384, 388 (Tex. 2011), citing *City of Houston v. Williams,* 216 S.W.3d 827, 828–29 (Tex. 2007); *Paxton v. Waller Cnty.,* 620 S.W.3d 843, 847 (Tex. App. 2021); *CPS Energy,* 671 S.W.3d at 616; *GTECH Corp.,* 549 S.W.3d at 785-86; *Koseoglu,* 233 S.W.3d at 843–44; *Printing Indus. Ass'n of Tex.,* 600 S.W.2d at 270; *Dir. of Dep't of Ag. & Env't,* 600 S.W.2d at 265–66, 270. Therefore, the Court should deny Plaintiff's motion to compel.

### 3. The Fifth Circuit expanded Sovereign Immunity to third-party subpoenas.

Recently, the Fifth Circuit Court's opinion in *Russell v. Jones* has extended the umbrella of sovereign immunity to state officials as third parties, not only as defendants, further shielding the state from the "indignity of subjecting a state to the coercive process of judicial tribunals." *Russell v. Jones*, 49 F.4th 507, 513 (5th Cir. 2022) (quoting *Ex parte Ayers,* 123 U.S. 443, 505 (1887)). *Russell* outlines a three-part framework for when state sovereign immunity applies to subpoenas. *Id.* at 512. First, for sovereign immunity to apply, it must be asserted by the state or a state official. *Id.* at 512–13. Second, if the official asserting sovereign immunity, must do so based on actions taken in their official capacity. *Id.* at 513. Last, the official's compliance with a subpoena must operate as an action against the state for sovereign immunity to apply. *Id.* at 513. Sovereign immunity applies to third-party subpoenas, and this generally arises when subpoenas are directed to third-party agency officials, because subpoenas on state officials "expend on the public treasury or domain" and "interfere with the public administration;" therefore, their enforcement is barred by sovereign immunity. *Id.* at 515–16.

Because Texas state courts recognize that sovereign immunity protects state officials acting in their official capacities from suit, the framework from *Russell v. Jones* likewise applies to protect Texas state agencies from responding to third-party subpoenas. *Id.* As in *Russell*, Plaintiff's Subpoena issued to TABC is the equivalent of a "suit against the state" that would "interfere with public administration" or "restrain the Government from acting, or to compel it to act." *Russell*, 49 F.4th at 513.

Therefore, Plaintiff's Subpoena is barred by sovereign immunity, and the Court should deny Plaintiff's motion to compel.

> ### 4. Plaintiff's Subpoena is barred because there is no express waiver or abrogation of TABC's sovereign immunity.

Turning back to the general doctrine of sovereign immunity, Plaintiff's Subpoena fails because there has been no express waiver or abrogation of TABC's sovereign immunity. It is a well-established rule that for the Legislature to waive the state's sovereign immunity, it must do so by clear and unambiguous language. Tex. Gov't Code § 311.034; *Duhart v. State*, 610 S.W.2d 740, 742 (Tex. 1980). The party suing the governmental entity must establish the state's consent to suit, which may be alleged either by reference to a statute or to express legislative permission. *Dallas Area Rapid Transit*, 104 S.W.3d at 542; *Tex. Dep't of Transp.*, 8 S.W.3d at 638. Absent an express waiver of sovereign immunity, the State and its agencies are generally immune from suit. *Paxton v. Waller Cnty.*, 620 S.W.3d 843, 847 (Tex. App.—Amarillo 2021, pet. denied) (citing *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011)). In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is affected by clear and unambiguous language. Tex. Gov't Code § 311.034. In a statute, the use of 'person', as defined by section 311.005 of the Texas Government Code to include governmental entities, does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction. *Id*; Tex. Gov't Code § 311.005(2).

The legislature has not waived, by clear and unambiguous language, the TABC's sovereign immunity. *Paxton*, 620 S.W.3d at 847; *Tex. Parks & Wildlife Dep't*, 354 S.W.3d at 388. Therefore, Plaintiff's Subpoena is barred by sovereign immunity, and the Court should deny Plaintiff's motion to compel.

**5.  Plaintiff's Subpoena is barred because it impermissibly affects the "public fisc" and "public administration".**

Next, turning back to the Fifth Circuit's opinion in *Russell v. Jones*, the rationale as to why sovereign immunity should bar third-party subpoenas, focused on judicial proceedings that effectively "trench on the fisc or interfere with the public administration," or have the effect "to restrain the Government from acting, or to compel it to act." *Russell v. Jones*, 49 F.4th 507, 513—14 (5th Cir. 2022). Texas's justifications for sovereign immunity (and here, TABC's justification) closely resemble the rationale that Plaintiff's Subpoena affects TABC's "public fisc" and "public administration".

It is well settled that if the judicial action interferes with the public administration, the suit will be construed as one against the sovereign requiring a waiver of sovereign immunity even if the sovereign was not a party in the original action. *Dugan v. Rank*, 372 U.S. 609, 620 (1963); *Citizens Nat. Bank of Denton v. Cockrell*, 850 S.W.2d 462, 468 (Tex. 1993); *Russell v. Jones*, 49 F.4th 507, 514 (5th Cir. 2022).

The Texas Supreme Court has routinely reasoned that "protecting the public fisc" and public resources is an important purpose of sovereign immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372, 375 (Tex. 2009); *Reata Constr. Corp. v. City of*

*Dallas,* 197 S.W.3d 371, 375 (Tex. 2006); *Houston Belt & Terminal Ry. Co. v. City of Houston,* 487 S.W.3d 154, 164 (Tex. 2016). As stated in *Reata,* "a lack of immunity may hamper governmental functions by requiring tax resources to be used for defending lawsuits and paying judgments rather than using those resources for their intended purposes." 197 S.W.3d at 375. "[A] governmental unit's entitlement to be free from suit is effectively lost if the trial court erroneously assumes jurisdiction and subjects the governmental unit to pre-trial discovery and the costs incident to litigation." *City of Galveston v. Gray,* 93 S.W.3d 587, 591 (Tex. App.—Houston) (2002).

Plaintiff's Subpoena would effectively be an unauthorized cost incident to litigation requiring the state to expend its fiscal resources to defend TABC at the hearing, ultimately a needless waste of public resources. *See* Plaintiff's Motion to Compel Third Party Compliance and Motion to Overrule Objections at Exhibit A. In addition, this very motion to compel and the accompanying hearing is a direct attack on TABC's ability to seek indictments and criminally prosecute those who break the laws of Texas. Subpoenaing the TABC while it is investigating a criminal matter directly connected to the incident that led to this lawsuit has a chilling effect on the administration of justice and directly interferes with the public administration. The Court should protect the TABC's "public fisc" and public resources, as well as public administration, determine that sovereign immunity applies, and deny Plaintiff's motion to compel. *Heinrich,* 284 S.W.3d at 372, 375; *Reata Constr. Corp.,* 197 S.W.3d at 375 (Tex. 2006); *Houston Belt & Terminal Ry. Co.,* 487 S.W.3d at 164.

**6.     Plaintiff's Subpoena is barred by sovereign immunity because it seeks to control state agency action.**

Last in the analysis of sovereign immunity, and in argument as to why Plaintiff's Subpoena is barred, is that it seeks to control TABC's actions. If a suit "seeks relief that would control state action," sovereign immunity is implicated. *GTECH Corp.*, 549 S.W.3d at 786 (citing *Ex parte Springsteen*, 506 S.W.3d at 797). In other words, government entities and officials are immunized from suits that seek to restrain their "exercise of discretionary statutory or constitutional authority." *Creedmoor-Maha Water Supply Corp. v. Tex. Comm'n on Env't Quality*, 307 S.W.3d 505, 514 (Tex. App.—Austin 2010, no pet.). It is the substance of the claims and relief sought that ultimately determine whether the sovereign is a real party in interest and its immunity thereby implicated...even in a suit that purports to name no defendant, governmental or otherwise, yet seeks relief that would control state action. *GTECH Corp.*, 549 S.W.3d at 785-86. Plaintiff's Subpoena is an impermissible attempt to control, and restrain, state action, which implicates TABC's sovereign immunity. *See Id.* at 786; *Russell,* 49 F.4th at 513.

First, Plaintiff's Subpoena seeks to physically control the TABC. Regardless of whether a state official must comply with a subpoena to appear in court physically or supply documents, this is still affecting TABC's time spent and can amount to large costs of production. For state officials to take time to comply with a subpoena, their time to work on their state official work must be taken away, which effectively "interfere[s] with the public administration" and "restrain[s] the Government from acting." *Russell,* 49 F.4th at 513. In Texas, suits that "seek[ing] relief that would

control state action" implicate sovereign immunity. *GTECH Corp.*, 549 S.W.3d at 786 (citing *Ex parte Springsteen*, 506 S.W.3d at 797). As noted above, Plaintiff's Subpoena seeks to physically control TABC by requiring the TABC or its employees or agents to collect and return responsive materials. *See* Plaintiff's Motion to Compel Third Party Compliance and Motion to Overrule Objections at Exhibit A. By requiring the TABC to produce responsive documents, it effectively acts as a control of state action; therefore, Plaintiff's Subpoena is barred by sovereign immunity, and the Court should deny Plaintiff's motion to compel.

Second, Plaintiff's Subpoena seeks to control the actions of the TABC. TABC is actively conducting a criminal investigation and is cooperating with prosecutors in connection with the events that gave rise to this suit. Plaintiffs are seeking records that relate to that law enforcement investigation and prosecution. *See* Plaintiff's Motion to Compel Third Party Compliance and Motion to Overrule Objections at Exhibit A. Plaintiff's attempt to influence TABC's administration of matters within its jurisdiction, has the effect of controlling the exercise of discretionary statutory authority and implicates the TABC's sovereign immunity. *Creedmoor-Maha Water Supply Corp,* 307 S.W.3d at 514. Therefore, Plaintiff's Subpoena is barred by sovereign immunity, and the Court should deny Plaintiff's motion to compel.

**B.      Compliance with Plaintiff's Subpoena Would Violate Texas Law**

Plaintiff's subpoena fails because it is barred by state law.

   **1.      The private records sought by the subpoena are privileged and cannot be disclosed under Texas Alcoholic Beverage Code § 5.48.**

TABC, as a non-party, has no interest in the underlying litigation. Plaintiff's subpoena requests disclosure of privileged, private records under Section 5.48 of the Texas Alcoholic Beverage Code. Section 5.48(b) of the Alcoholic Beverage Code provides:

> (b) The private records of a permittee, licensee, or other person that are required or obtained by the commission or its agents, in connection with an investigation or otherwise, are privileged unless introduced in evidence in a hearing before the commission or before a court in this state or the United States.

Tex. Alco. Bev. Code § 5.48(b). Private records are defined as "all records of a permittee, licensee, or other person other than the name, proposed location, and type of permit or license sought in an application for an original or renewal permit or license, or in a periodic report relating to the importation, distribution, or sale of alcoholic beverages required by the commission to be regularly filed by a permittee or licensee." *Id.* at § 5.48(a).

The plain language, context, and purpose of Section 5.48 establish that private records are privileged unless TABC itself introduces them into evidence.[1] We begin "with the plain language of the statute read in context, not in isolation." *See Ex parte R.P.G.P.*, 623 S.W.3d 313, 317 (Tex. 2021). The phrase "introduce into evidence" is a widely known phrase of art meaning "to have (a fact or object) admitted into the trial

---

[1] When construing a statute, courts should "look to and rely on the plain meaning of a statute's words…unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results." *Cadena Comercial USA Corp. v. Texas Alcoholic Beverage Commission*, 518 S.W.3d 318, 325 (Tex. 2017) (citing *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014)). Absent a specific statutory definition, terms are construed according "to their plain and ordinary meaning." *Id.* (citing *In re Ford Motor Co.*, 442 S.W.3d 265, 271 (Tex. 2014)). Additionally, statutory "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Tex. Gov't Code § 311.011(a).

record, allowing it to be considered in the jury's or court's decision." *See* Black's Law Dictionary 828 (7th ed. 1999); Tex. Gov't Code § 311.011(b) ("Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.") And section 5.48(b) uses the term "introduced," the past tense of "introduce," meaning that under the statute the private records must actually have been introduced into the evidentiary record for the privilege to have been waived.[2] The private records at issue in this case have not been introduced by TABC into any evidentiary record before the Commission or a court. Thus, the privilege remains in place.

A party must have or gain possession or control over records in order to introduce them into evidence. And records subject to section 5.48 are in the possession of TABC.[3] Section 5.48 requires that those records be introduced into evidence if the privilege is to be waived. Accordingly, TABC must introduce the records into evidence if the privilege is to be waived because it is the entity that possesses the records. That is what the legislature intended because that is what the language of the statute requires.[4] To allow for an exception to the privilege when any party attempts to gather private records that could theoretically be introduced into evidence in the future would be tantamount to the Court rewriting the statute. This would be

---

[2] Records do not become part of the evidentiary record simply because a party seeks or obtains those records via subpoena. A judge or magistrate must rule on the admission of evidence before it can be considered "introduced into evidence." *See* Tex. R. Evid. 103.

[3] Tex. Alco. Bev. Code § 5.48(b) (the privilege applies to private records "required or obtained by the commission . . . in connection with an investigation or otherwise[.]").

[4]*Morath v. Lampasas Indep. Sch. Dist.*, 686 S.W.3d 725, 734 (Tex. 2024) ("[W]e look to the plain meaning of the statutory terms, informed by context, as the most reliable guide to the Legislature's intent.").

improper for the Court to do,[5] and the plain statutory language does not support such a reading.

The plain text of section 5.48 also says that the private records are "privileged."[6] Under its ordinary meaning, a privilege is "[a]n evidentiary rule that gives a witness the option to not disclose the fact asked for, even though it might be relevant; the right to prevent disclosure of certain information in court, esp. when the information was originally communicated in a professional or confidential relationship."[7] If the phrase "or before a court" in section 5.48(b) meant that private records are only privileged until any party demands the records in a court proceeding, then TABC would have to disclose private records in response to every subpoena. That is not a privilege. It makes no sense for the Legislature to draft a statute that effectively says: TABC has a privilege not to disclose these private records in a court proceeding, except there is no privilege when any party demands disclosure in a court proceeding.[8] That negates the purpose of a privilege, contradicts the plain text, and makes the privilege meaningless; therefore TABC's construction of the statute is correct.

---

[5] *See, e.g., Miles v. Tex. Cent. R.R. & Infrastructure, Inc.*, 647 S.W.3d 613, 624 (Tex. 2022) ("[Courts] may not rewrite statutes to broaden their applicability beyond what the plain language encompasses.").

[6] Tex. Alco. Bev. Code § 5.48. The Office of the Attorney General has construed the term "privileged" in this statute to mean "confidential" for purposes of the Public Information Act. *See* Tex. Att'y Gen. ORL 2023-37794 (2023) (citing Tex. Att'y Gen. Op. Nos. JM-1235 (1990), ORD-186 (1978), and ORD-62 (1974)).

[7] Privilege, Black's Law Dictionary (11th ed. 2019).

[8] We must avoid interpretations that lead to nonsensical results that the legislature could not have intended. *See, e.g., Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018).

The purpose behind the privilege in section 5.48 also supports TABC's construction. The privilege dates back to 1937 and the Liquor Control Act. The predecessor to section 5.48, former article 666-12a(5) of the Penal Code, provided that "records . . . authorized or required by the terms of [the Liquor Control] Act shall be privileged."[9] In 1968, the Attorney General was called upon to analyze that statute. The Attorney General recognized that the Commission's collection of records under article 666-12a(5) was for "the sole purpose of allowing the intelligent regulation of the liquor industry."[10] The legislature recognized that such records could be sensitive, so it included a privilege to protect the relevant permittee or licensee and encourage them to provide sensitive information to the Commission.[11] The Attorney General recognized that this privilege was not intended to shield such records from use by the state and TABC in serving the law's "intended regulatory purposes."[12] And, consistent with TABC's current construction of section 5.48, the Attorney General recognized that the privilege was waived when the records were used "in suits to which the State or [Commission] is a party."[13] But it would defeat the historical purpose of the privilege if any party in private civil litigation could gain access to the records simply by subpoenaing them – that would not serve the law's intended regulatory purposes.

---

[9] Acts 1937, 45th Leg., p. 1053, ch. 448, § 13.
[10] Tex. Att'y Gen. Op. No. CM-213 (1968) at 3.
[11] *Id*. at 4.
[12] *Id*.

[13] *Id*. at 3.

Given that the records remain privileged unless TABC introduces them into evidence in a hearing before the Commission or before a court in this state or the United States – which has not occurred – TABC cannot lawfully produce the private records contained within the investigative records requested by Plaintiff in discovery.

**2.    The confidential law enforcement agency records sought by the subpoena are not subject to discovery pursuant to Section 30.006(c) of the Texas Civil Practice and Remedies Code.**

Plaintiff's subpoena also requests disclosure of statutorily confidential law enforcement agency records under Section 30.006(c) of the Texas Civil Practice and Remedies Code. Section 30.006(c) of the Texas Civil Practice and Remedies Code provides:

> (c) Except as provided by Subsection (d), a court in a civil action may not order discovery from a nonparty law enforcement agency of information, records, documents, evidentiary materials, and tangible things if:
>     (1)  the information, records, documents, evidentiary materials, or tangible things deal with:
>         (A)  the detection, investigation, or prosecution of crime; or
>         (B)  an investigation by the nonparty law enforcement agency that does not result in conviction or deferred adjudication; and
>     (2) the release of the information, records, documents, evidentiary materials, or tangible things would interfere with the detection, investigation, or prosecution of criminal acts.

Tex. Civ. Prac. & Rem. Code § 30.006(c). Texas Civil Practice and Remedies Code Section 30.006(a) defines "law enforcement agency" as a governmental agency that employs a peace officer as defined under Article 2.12, Code of Criminal Procedure. *Id.* at § 30.006(a). Article 2.12(6) of the Texas Code of Criminal Procedure lists "law enforcement agents of the Texas Alcoholic Beverage Commission" as peace officers. Tex. Code Crim. Proc. Art. 2.12(6). Accordingly, TABC is a law enforcement agency.

Currently, TABC has an open investigation related to the November 15, 2022, incident that could lead to criminal charges.

Before this Court may order discovery from a non-party law enforcement agency, Section 30.006(d) of the Texas Civil Practice and Remedies Code requires that the Court must first determine, after in camera inspection, that the discovery sought is relevant, and there is a specific need for the discovery. Tex. Civ. Prac. & Rem. Code § 30.006(d).

## C. The Requested Documents are Overly Broad.

The subpoena is overly broad and unduly burdensome to a non-party. The subpoena is not confined to claims and injuries alleged or issues relevant to the underlying lawsuit. The subpoena does not specify the items to be produced by individual item or category and does not describe with reasonable particularity each item and category. The subpoena is also not sufficiently limited in time or subject matter. Accordingly, the subpoena is overly broad, and TABC should not be compelled to comply with the subpoena. In addition, the subpoena seeks information that is obtainable from another source that is more convenient – the Defendants.

## III. CONCLUSION

The motion to compel should be denied because the Court lacks subject matter jurisdiction to enforce Plaintiff's subpoena, the records being sought are secret under state law, and the subpoena is overly broad and unduly burdensome. TABC respectfully asks that Plaintiff's motion be denied.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division


/s/ Patrick Todd
Patrick Todd
State Bar No. 24106513
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1660
Patrick.Todd@oag.texas.gov

ATTORNEYS FOR NON-PARTY
TEXAS ALCOHOLIC BEVERAGE COMMISSION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on October 30, 2024 on the following attorneys-in-charge, by e-service:

Muhammad S. Aziz
State Bar No. 24043538
maziz@awtxlaw.com
Jessica L. Dean
State Bar No. 24043538
jdean@awtxlaw.com
Kim Spurlock
State Bar No. 24032582
kspurlock@awtxlaw.com
Hailey Hutson
State Bar No. 24143669
hhutson@awtxlaw.com
ABRAHAM, WATKINS, NICHOLS,
AGOSTO, AZIZ & STOGNER
800 Commerce Street
Houston, Texas 77002
Tel: (713) 222-7211
Fax: (713) 225-0827

ATTORNEYS FOR PLAINTIFFS ORLANDO
HAYWARD AND REYNA HAYWARD,
INDIVIDUALLY AND AS
REPRESENTATIVES OF THE ESTATE OF
NIGUEL HAYWARD, DECEASED

Carlos A. Balido
State Bar No. 01631230
BalidoEDocsNotifications@wbclawfirm.com
Laura Wright
State Bar No. 24098636
WrightEdocsNotifications@wbclawfirm.com
Walters, Balido & Crain, L.L.P.
10440 North Central Expressway
Meadow Park Tower, Suite 1500
Dallas, Texas 75231
Tel: (214) 749-4805
Fax: (214) 204-2101

ATTORNEYS FOR DEFENDANT EDUARDO
MORENO

Daragh Cartner
State Bar No. 24050387
dcarter@smithandhassler.com
SMITH & HASSLER
1225 North Loop West, Suite 525
Houston, Texas 77008
Tel: (713) 739-1250

ATTORNEY FOR PLAINTIFF ASHLIE
DOMINQUEZ

Brian G. Cano
State Bar No. 24045613
bcano@feesmith.com
Stephen M. Mengis
State Bar No. 24094842
smengis@feesmith.com
FEE, SMITH & SHARP LLP.
2777 Allen Parkway, Suite 800
Houston, Texas 77019
Tel: (713) 362-8313
Fax: (713) 362-8302

Michael A. Logan
State Bar No. 12497500
mlogan@krcl.com
Kayla M. Bright
State Bar No. 24138092
kbright@krcl.com
KANE RUSSELL COLEMAN LOGAN PC
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel: (214) 777-4294
Fax: (214) 777-4299

ATTORNEYS FOR DEFENDANTS KELLY RAY WREN AND DRAGGIN TOOLS TRUCKING, LLC

ATTORNEYS FOR DEFENDANT SANDBAGGERS PUB, NP

Danielle Hollis
State Bar No. 24085380
danielle.hollis@wilsonelser.com
Cameron Keener
State Bar No. 24107827
cameron.keener@wilsonelser.com
Kent M. Adams
State Bar No. 00869200
kent.adams@wilsonelser.com
WILSON ELSER
909 Fannin Street, Suite 3300
Houston, Texas 77010
Tel: (713) 353-2023
Fax: (713) 785-7780

ATTORNEYS FOR DEFENDANT LIFFEY INC., D/B/A MOLLY'S PUB

/s/ Patrick Todd
Patrick Todd
Assistant Attorney General

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Chipelo on behalf of Patrick Todd
Bar No. 24106513
elizabeth.chipelo@oag.texas.gov
Envelope ID: 93748016
Filing Code Description: No Fee Documents
Filing Description: Non-Party Texas Alcoholic Beverage Commission's Response to Plaintiff's Motion to Compel
Status as of 10/30/2024 2:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 10/30/2024 2:16:06 PM | SENT |
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 10/30/2024 2:16:06 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 10/30/2024 2:16:06 PM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 10/30/2024 2:16:06 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 10/30/2024 2:16:06 PM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 10/30/2024 2:16:06 PM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 10/30/2024 2:16:06 PM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 10/30/2024 2:16:06 PM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 10/30/2024 2:16:06 PM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 10/30/2024 2:16:06 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 10/30/2024 2:16:06 PM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 10/30/2024 2:16:06 PM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 10/30/2024 2:16:06 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 10/30/2024 2:16:06 PM | SENT |
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 10/30/2024 2:16:06 PM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 10/30/2024 2:16:06 PM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 10/30/2024 2:16:06 PM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 10/30/2024 2:16:06 PM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 10/30/2024 2:16:06 PM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 10/30/2024 2:16:06 PM | SENT |
| Kayla Bright | | kbright@krcl.com | 10/30/2024 2:16:06 PM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 10/30/2024 2:16:06 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elizabeth Chipelo on behalf of Patrick Todd
Bar No. 24106513
elizabeth.chipelo@oag.texas.gov
Envelope ID: 93748016
Filing Code Description: No Fee Documents
Filing Description: Non-Party Texas Alcoholic Beverage Commission's Response to Plaintiff's Motion to Compel
Status as of 10/30/2024 2:21 PM CST

Case Contacts

| Danielle Hollis | | danielle.hollis@wilsonelser.com | 10/30/2024 2:16:06 PM | SENT |
|---|---|---|---|---|
| Cameron Keener | | cameron.keener@wilsonelser.com | 10/30/2024 2:16:06 PM | SENT |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 10/30/2024 2:16:06 PM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 10/30/2024 2:16:06 PM | SENT |

**CAUSE NO. 2023-07113**

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC, | § | |
| | § | |
| *Defendants.* | § | 281st JUDICIAL DISTRICT |

**Consolidated with:**

**CAUSE NO. 2023-36840**

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT OF |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF NIGUEL HAYWARD, DECEASED | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO | § | |
| | § | |
| *Defendant.* | § | 215th JUDICIAL DISTRICT |

## PLAINTIFFS' SECOND AMENDED PETITION

COME NOW, Orlando Hayward and Reyna Hayward, Individually and as Representatives of the Estate of Niguel Hayward, Deceased, (hereinafter collectively "Plaintiffs"), and file this Second Amended Petition against Eduardo Moreno, Draggin' Tools Trucking LLC, Kelley Ray Wren, Sandbaggers Pub NP, and Liffey Leasing, Inc. d/b/a Molly's Pub, and Time to Spare LLC (hereinafter collectively "Defendants"), and in support thereof would respectfully show this Honorable Court the following:

1

112

# I.
## DISCOVERY CONTROL PLAN

1.      Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiffs intend that discovery be conducted under Level 3.

# II.
## PARTIES

2.      Plaintiff, Orlando Hayward, is the biological father of Niguel Hayward, Deceased, and is a Texas resident.

3.      Plaintiff, Reyna Hayward, is the biological mother of Niguel Hayward, Deceased, and is a Texas resident.

4.      Defendant, Eduardo Moreno ("Moreno"), is an individual residing in Harris County, Texas.  Defendant Moreno has appeared and answered herein.

5.      Defendant, Draggin' Tools Trucking LLC ("Draggin' Tools Trucking"), is a domestic limited liability company with its principal place of business in the State of Texas. Defendant Draggin' Tools Trucking may be served through its registered agent: Paul Tullos at 11133 Interstate 45 South, Suite 400, Conroe, Texas 77302, or wherever he may be found.

6.      Plaintiffs specifically invoke their right to institute this suit against whatever entity was conducting business using the assumed or common name of "Draggin' Tools Trucking" with regard to the events described in this Petition. Plaintiffs expressly invoke their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or on the Court's own motion.

7.      Defendant, Kelley Ray Wren ("Wren"), is an individual residing in Montgomery County, Texas and may be served with process at his last known address, 22402 Glenmont Estates Boulevard, Magnolia, Texas 77355, or wherever he may be found.

2

113

8. Defendant, Sandbaggers Pub NP ("Sandbaggers Pub"), is a domestic nonprofit corporation with its principal place of business in the State of Texas. Defendant Sandbaggers Pub may be served through its registered agent: Raymond Earl Walters at 11799 FM 1485, Conroe, Texas 77306, or wherever he may be found.

9. Plaintiffs specifically invoke their right to institute this suit against whatever entity was conducting business using the assumed or common name of "Sandbaggers Pub" with regard to the events described in this Petition. Plaintiffs expressly invoke their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or on the Court's own motion.

10. Defendant, Liffey Leasing Inc. d/b/a Molly's Pub ("Molly's Pub"), is a domestic for-profit corporation with its principal place of business in the State of Texas. No citation is requested at this time as counsel for this entity has agreed to accept service on its behalf.

11. Plaintiffs specifically invoke their right to institute this suit against whatever entity was conducting business using the assumed or common name of "Molly's Pub" with regard to the events described in this Petition. Plaintiffs expressly invoke their right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or on the Court's own motion.

12. Defendant Time to Spare, is a domestic limited liability company with its principal place of business in the State of Texas. Defendant Time to Spare may be served through its registered agent: Ray Walters at 14587 Tommy Smith Rd. Conroe, Texas 77306.

13. Plaintiffs specifically invoke their right to institute this suit against whatever entity was conducting business using the assumed or common name of "Time to Spare" with regard to the events described in this Petition. Plaintiffs expressly invoke their right under Rule 28 of the

3

Texas Rules of Civil Procedure to have the true name of this party substituted at a later time upon the motion of any party or on the Court's own motion.

## III.
## JURISDICTION AND VENUE

14.     The Court has jurisdiction of the subject matter of this lawsuit and the amount in controversy is above the minimum jurisdictional limits of this Honorable Court as Plaintiffs seek aggregate monetary relief over $1,000,000.00. See Tex. R. Civ. P. 47. Additionally, removal to federal court would be improper because this lawsuit does not involve a federal question, this lawsuit lacks diversity and/or because of the forum defendant rule.

15.     Venue is proper pursuant to Section 15.002(a)(2) of the Texas Civil Practice and Remedies Code because Harris County is the county of Defendant Eduardo Moreno's residence at the time the cause of action accrued. Because Plaintiffs have established proper venue against Defendant Eduardo Moreno, venue is proper in Harris County as to all Defendants in all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences. See Tex. Civ. Prac. & Rem. Code Ann. § 15.005.

## IV.
## FACTS

16.     On or about November 15, 2022, Decedent Niguel Hayward ("Decedent") was driving northbound on IH-45, in Walker County, Texas.

17.     At the same time, Defendant Eduardo Moreno was intoxicated and driving southbound in the northbound lanes on IH-45, on the wrong side of the road, when he struck Decedent's vehicle head on ("Incident"). Decedent's vehicle was left disabled facing southwest in the center lane.

18.     Following the Incident, a second collision occurred. Defendant Kelley Ray Wren

4

115

was travelling northbound on IH-45. Defendant Wren was operating a tractor, pulling a trailer. Defendant Wren struck Decedent's vehicle causing it to spin. Upon information and belief, Defendant Draggin' Tools Trucking was the owner and/or operator of the tractor trailer being operated by Defendant Wren.

19.     As a result of the Incident, Decedent suffered fatal injuries and was pronounced deceased on scene.

20.     Upon information and belief, Defendant Moreno had been drinking at Defendant Sandbaggers Pub and Molly's Pub prior to the incident occurring.

21.     Defendant Time to Spare is the entertainment center where Defendant Sandbaggers is located in. Upon information and belief, Defendant Moreno had been drinking at Time to Spare prior to the incident occurring.

**V.**
**CAUSES OF ACTION AGAINST DEFENDANT EDUARDO MORENO**

A.     **NEGLIGENCE**

22.     Incorporating the above-stated facts, at the time and on the occasion in question, Defendant Moreno failed to use ordinary care by various acts or omissions and/or commissions, including but not limited to the following:

a.   Driving while intoxicated;

b.   Failure to control the speed of his vehicle;

c.   Failure to operate his vehicle in obedience to traffic laws and regulations;

d.   Failure to properly brake;

e.   Failure to take proper evasive actions;

f.   Failure to turn in a manner to avoid the collision;

g.   Failure to keep a proper lookout;

5

116

h.   Failure to warn or timely warn; and

i.   Any and all other acts or omissions that are deemed negligent.

23.   Such negligence, either singularly or in combination, proximately caused the collision, Decedent's fatal injuries, and Plaintiffs' resulting damages.

**B.   NEGLIGENCE PER SE**

24.   In addition, and in the alternative, Defendant Moreno's actions constituted negligence per se. Defendant Moreno violated the Texas Penal Code by driving while intoxicated in violation of Texas Penal Code § 49.04 and causing injury to another while intoxicated in violation of Texas Penal Code § 49.07. Thus, Defendant Moreno was negligent per se. Such negligence per se was a proximate cause of the collision in question and of Decedent's fatal injuries and Plaintiffs' resulting damages.

25.   Decedent Niguel Hayward was a member of the class that the Texas Penal Code was designed to protect, and the collision was the type of incident to be protected against.

**C.   GROSS NEGLIGENCE**

26.   Plaintiffs make a claim for punitive damages pursuant to the Texas Constitution; therefore, Plaintiffs will not be prohibited from introducing evidence of actual damages. Plaintiffs seek punitive damages for the gross negligence and/or malicious conduct of Defendant Moreno which was a proximate cause of the collision in question and of Decedent's fatal injuries and Plaintiffs' resulting damages.

**VI.**

6

## CAUSES OF ACTION AGAINST DEFENDANT DRAGGIN' TOOLS TRUCKING

### A. NEGLIGENT HIRING

27.    Plaintiffs plead that Defendant Draggin' Tools Trucking owed a legal duty to protect Decedent from the negligence of Defendant's driver while he was acting in the course and scope of his employment with, or alternatively, while he was on a mission on behalf of Defendant. Plaintiff's and Decedent sustained damages proximately caused by Defendant Draggin' Tools Trucking's breach of said duty. In particular, Defendant Draggin' Tools Trucking was negligent in hiring Defendant's driver, an incompetent, unfit, or reckless employee-driver whom Defendant Draggin' Tools Trucking knew, or by the exercise of reasonable care should have known, to be incompetent, unfit, or reckless, thereby creating an unreasonable risk of harm to others.

### B. NEGLIGENT RETENTION

28.    Plaintiffs further plead that Defendant Draggin' Tools Trucking negligently retained Defendant's driver as an employee-driver. Draggin' Tools Trucking owed Decedent a legal duty to protect Decedent from the negligence of Defendant's driver while he was acting in the course and scope of his employment with, or alternatively, while he was on a mission on behalf of Draggin' Tools Trucking. Plaintiffs and Decedent sustained damages proximately caused by Draggin' Tools Trucking's breach of said duty. In particular, Draggin' Tools Trucking was negligent in retaining Defendant's driver, an incompetent, unfit, or reckless employee-driver whom Draggin' Tools Trucking knew, or by the exercise of reasonable care should have known, to be incompetent, unfit, or reckless, thereby creating an unreasonable risk of harm to others.

### C. NEGLIGENT ENTRUSTMENT

29.    Plaintiffs further plead Defendant Draggin' Tools Trucking negligently entrusted their motor vehicle to their employee, Defendant's driver. Draggin' Tools Trucking was the owner

7

of the motor vehicle involved in the incident and consented to and permitted their employee, Defendant's driver, to operate the motor vehicle at the time of the incident. Defendant's driver was an incompetent or reckless driver and Draggin' Tools Trucking knew or should have known Defendant's driver was an incompetent or reckless driver. Defendant's driver was negligent on the occasion in question in a manner that was reasonably foreseeable by Draggin' Tools Trucking, and the negligence proximately caused Plaintiffs' and Decedent's injuries.

D.    RESPONDEAT SUPERIOR

30.    Plaintiffs affirmatively plead that any alleged acts or negligence of Defendant's driver was committed while he was acting in the course and scope of his employment with, or alternatively, while he was on a mission on behalf of Defendant Draggin' Tools Trucking and are thus imputed on to Draggin' Tools Trucking under legal theory of *respondeat superior*.

**VII.**
**CAUSES OF ACTION AGAINST DEFENDANT KELLEY RAY WREN**

A.    NEGLIGENCE

31.    At the time and on the occasion in question, Defendant Wren committed acts of omission and commission, which collectively and separately constituted negligence. Defendant Wren had a duty to exercise ordinary care, meaning that degree of care that would be used by any individual of ordinary prudence under the same or similar circumstances. Defendant Wren breached that duty, including but not limited to, one or more of the following ways:

   a.  Failing to maintain a proper lookout;

   b.  Failing to operate the truck in obedience with traffic laws and regulations;

   c.  Failing to operate the truck in a reasonable and prudent manner;

   d.  Failing to properly maneuver the truck to avoid a collision;

   e.  Failing to take proper evasive action to avoid a collision;

8

f.  Failing to control speed;

g.  Failing to pay attention to the conditions of the tractor-trailer, the road, weather, and/or traffic;

h.  Failing to operate the vehicle in a non-negligent manner; and

i.  Driving the truck in willful and wanton disregard for the rights, safety, and welfare of persons.

32.  Such negligence, either singularly or in combination, proximately caused the injuries and damages sustained by the Plaintiffs and Decedent.

**B.  GROSS NEGLIGENCE**

33.  Defendant Wren's acts and omissions, as previously described, were committed with complete and reckless disregard for, and with willful, wanton, and actual conscious indifference to, the rights, safety, and welfare of Decedent, and the general public. Specifically, Defendant Wren endangered Decedent and the general public when he failed to take proper evasive action. The nature of Defendant Wren's acts and omissions were of such a nature as to constitute gross negligence and malice. Specifically, Defendant Wren undertook a continuous course of action in the form of conscious decisions, with subjective knowledge and awareness of the risks and hazards presented by each decision as discussed above and incorporated herein, to expose Plaintiff and others on the roadway to life threatening hazards. When viewed objectively from the standpoint of Defendant Wren at the time of their occurrence, said acts and omissions involved an extreme degree of physical risk and danger, considering the probability and the magnitude of the potential harm to others. Defendant Wren committed various acts and omissions constituting gross negligence, as outlined above. Such gross negligence was a proximate cause of the Incident and Plaintiffs' and Decedent's resulting injuries and damages. Therefore, Plaintiffs are entitled to punitive and/or exemplary damages.

9

# VIII.
## CAUSES OF ACTION AGAINST DEFENDANTS' SANDBAGGERS PUB AND MOLLY'S PUB

**A.    DRAM SHOP ACT VIOLATIONS**

34.    Defendants Sandbaggers Pub and Molly's Pub, their agents, servants, employees, security personnel, and management violated the Dram Shop Act codified as V.T.C.A. Alcohol Beverage Code § 2.02. Defendants Sandbaggers Pub and Molly's Pub were the negligent providers under the Act, in that they served, sold, or provided alcoholic beverages to a person who was obviously intoxicated to the extent that they presented a clear danger to themselves and others. This conduct by Defendants Sandbaggers Pub and Molly's Pub contributed to Defendant Moreno's state of intoxication and were thus a proximate cause of the injuries sustained by Decedent. The bartenders, wait staff, and employees who served alcohol to Defendant Moreno were all acting in the course and scope of their employment with Defendants Sandbaggers Pub and Molly's Pub. Thus, Defendants Sandbaggers Pub and Molly's Pub are responsible for the actions of their management, bartenders, wait staff, security personnel, and all other employees under the legal theory of respondeat superior.

35.    To the extent Defendants Sandbaggers Pub and Molly's Pub seek to shield themselves from liability by claiming protection under the safe harbor provisions of the Dram Shop Act, Defendants Sandbaggers Pub and Molly's Pub directly and/or indirectly encouraged their servers to violate the Dram Shop Act by continuing to serve intoxicated persons. Thus, Defendants Sandbaggers Pub and Molly's Pub are not entitled to claim safe harbor protections.

**B.    RESPONDEAT SUPERIOR**

36.    At all times relevant hereto, Defendants Sandbaggers Pub and Molly's Pub had the right to control the physical details of the manner of performance of the conduct of its

employees or agents so as to subject Defendants Sandbaggers Pub and Molly's Pub to vicarious liability for the torts of its employees or agents.

37.    Alternatively, at all times relevant hereto, the acts of the employees of Defendants Sandbaggers Pub and Molly's Pub were performed during their employment with Defendants Sandbaggers Pub and Molly's Pub, to further their business and to accomplish the objective for which they were hired and were within the course and scope of employment or within the authority delegated to them so as to subject Defendants Sandbaggers Pub and Molly's Pub to vicarious liability for their torts.

## IX.
## CAUSES OF ACTION AGAINST DEFENDANT TIME TO SPARE

C.    DRAM SHOP ACT VIOLATIONS

38.    Defendants Time to Spare, their agents, servants, employees, security personnel, and management violated the Dram Shop Act codified as V.T.C.A. Alcohol Beverage Code § 2.02. Defendant Time to Spare was a negligent provider under the Act, in that it served, sold, or provided alcoholic beverages to a person who was obviously intoxicated to the extent that they presented a clear danger to themselves and others. This conduct by Defendant Time to Spare contributed to Defendant Moreno's state of intoxication and were thus a proximate cause of the injuries sustained by Decedent. The bartenders, wait staff, and employees who served alcohol to Defendant Moreno were all acting in the course and scope of their employment with Defendant Time to Spare. Thus, Defendant Time to Spare is responsible for the actions of their management, bartenders, wait staff, security personnel, and all other employees under the legal theory of respondeat superior.

39.    To the extent Defendant Time to Spare seeks to shield themselves from liability by claiming protection under the safe harbor provisions of the Dram Shop Act, Defendant Time to Spare directly and/or indirectly encouraged their servers to violate the Dram Shop Act by continuing

11

122

to serve intoxicated persons. Thus, Defendant Time to Spare is not entitled to claim safe harbor protections.

**D.    RESPONDEAT SUPERIOR**

40.    At all times relevant hereto, Defendant Time to Spare had the right to control the physical details of the manner of performance of the conduct of its employees or agents so as to subject Defendant Time to Spare to vicarious liability for the torts of its employees or agents.

41.    Alternatively, at all times relevant hereto, the acts of the employees or agents of Defendant Time to Spare were performed during their employment with Defendant Time to Spare, to further their business and to accomplish the objective for which they were hired and were within the course and scope of employment or within the authority delegated to them so as to subject Defendant Time to Spare to vicarious liability for its torts.

**E.    NEGLIGENT UNDERTAKING**

42.    Defendant Time to Spare committed acts and/or omissions which collectively and severally constituted negligent undertaking. At all times Defendant Time to Spare had a duty to use reasonable care to ensure their employees or agents, including Sandbaggers Pub, did not serve, sell, or provide alcoholic beverages to a person who was obviously intoxicated. Defendant Time to Spare recognized that it was necessary for the protection of patrons, and others, including Plaintiffs. Defendant Time to Spare failed to exercise reasonable care in the performance of this undertaking, and thereby increased the risk of harm to others, including Plaintiffs. Such negligence and failure to exercise reasonable care was a proximate cause of the incident as well as Plaintiff's death and Plaintiffs' damages herein.

**F.    NEGLIGENT HIRING, SELECTION AND RETENTION**

43.    Plaintiffs further plead that Defendant Time to Spare owed a legal duty to

exercise reasonable care in hiring, selecting, and retaining competent and qualified employees and agents, including Defendant Sandbaggers Pub. Defendant Time to Spare breached its duty and was negligent in hiring, selecting, and retaining competent and qualified employees and agents. Plaintiff's death and Plaintiffs' damages herein were proximately caused by Defendant Time to Spares breach of said duty in hiring, selecting, and retaining incompetent, unfit, or reckless employees or agents whom it knew or should have known to be incompetent, unfit, or reckless, thereby creating an unreasonable risk of harm to others.

## X.
## SURVIVAL ACTION

44.     As a result of the wrongful conduct of Defendant as described above, Decedent suffered physical pain, suffering and mental anguish prior to his death. Additionally, his Estate incurred medical and funeral expenses for which Defendants are liable. As representative of Decedent's Estate, Plaintiffs asserts the above-pled causes of action against Defendants on behalf of Decedent's Estate pursuant to Texas Civil Practice & Remedies Code § 71.021.

45.     As result of the wrongful conduct of Defendant, Plaintiffs, as Representative of the Estate of Niguel Hayward, Deceased, brings this survival action for the following damages Niguel Hayward sustained, which survive Decedent's untimely death:

a.   Past physical pain and mental anguish;

b.   Funeral expenses; and

c.   Medical expenses.

## XI.
## WRONGFUL DEATH

46.     Because the wrongful conduct of Defendant, and their agents and employees described above, caused the death of Decedent, and because Decedent would have a cause of action

13

124

against Defendant for his injuries had he lived, Plaintiffs have a cause of action against Defendant to recover damages for the wrongful death of Niguel Hayward pursuant to Texas Civil Practice & Remedies Code §§ 71.002 and 71.003. These damages include:

a.  Past and future pecuniary losses;

b.  Past and future loss of companionship and society;

c.  Past and future mental anguish; and

d.  Loss of inheritance.

## XII.
## DAMAGES

47.     As a result of this incident, Plaintiffs sustained serious injuries and seek compensation for the following damages:

a.  Past and future mental anguish;

b.  Past and future medical expenses;

c.  Past and future lost wages or loss of earning capacity;

d.  Loss of household services;

e.  Loss of companionship and society;

f.  Loss of enjoyment of life;

g.  Costs of suit;

h.  Pre-judgment and post-judgment interest as allowed by law; and

i.  Any and all other damages to which Plaintiffs may be justly entitled.

## XIII.
## TRCP 193.7

48.     Pursuant to Texas Rule of Civil Procedure 193.7, Defendants are hereby put on actual notice that any documents produced in response to written discovery will be used in pretrial

14

125

proceedings and at trial and will be deemed authentic unless they make valid objections to authenticity pursuant to this rule.

## XIV.
## PRESERVATION OF EVIDENCE

49.     Plaintiffs hereby request and demand that Defendants and their agents, attorneys and insurers preserve and maintain all evidence pertaining to any claim or defense to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to photographs; videotapes; audiotapes; recordings; business records; memoranda; files; facsimiles; e-mails; voicemails; text messages; sales receipts; invoices; commission records; tax records; telephone messages; telephone calling card transactions; calendar entries; diary entries; any incident report; and any electronic image, data or information related to the referenced incident. Failure to maintain such items, including but not limited to any other items previously requested and demanded to be preserved before the subject lawsuit ensued, will constitute a "spoliation" of the evidence and may subject Defendants to sanctions.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiffs have judgment for all damages in accordance with their pleadings and proof, for costs of Court herein expended, for interest, both pre-and post-judgment, to which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled.


[Signatures on next page]


15

126

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

By: */s/ Muhammad S. Aziz*
    Muhammad S. Aziz
    Texas Bar No. 24043538
    Hailey L. Hutson
    Texas Bar No. 24143669
    800 Commerce Street
    Houston, Texas 77002
    Telephone: (713) 222-7211
    Facsimile: (713) 225-0827
    maziz@awtxlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this **November 8, 2024**, a true and correct copy of the foregoing document was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/ Muhammad A. Aziz*
Muhammad S. Aziz

16

127

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Dean on behalf of Muhammad Aziz
Bar No. 24043538
jdean@awtxlaw.com
Envelope ID: 94100531
Filing Code Description: Amended Filing
Filing Description: Plaintiffs' Second Amended Petition
Status as of 11/8/2024 2:12 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 11/8/2024 2:02:31 PM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 11/8/2024 2:02:31 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 11/8/2024 2:02:31 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 11/8/2024 2:02:31 PM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 11/8/2024 2:02:31 PM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 11/8/2024 2:02:31 PM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 11/8/2024 2:02:31 PM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 11/8/2024 2:02:31 PM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 11/8/2024 2:02:31 PM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 11/8/2024 2:02:31 PM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 11/8/2024 2:02:31 PM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 11/8/2024 2:02:31 PM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 11/8/2024 2:02:31 PM | SENT |
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 11/8/2024 2:02:31 PM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 11/8/2024 2:02:31 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 11/8/2024 2:02:31 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 11/8/2024 2:02:31 PM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 11/8/2024 2:02:31 PM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 11/8/2024 2:02:31 PM | SENT |
| Kayla Bright | | kbright@krcl.com | 11/8/2024 2:02:31 PM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 11/8/2024 2:02:31 PM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 11/8/2024 2:02:31 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Dean on behalf of Muhammad Aziz
Bar No. 24043538
jdean@awtxlaw.com
Envelope ID: 94100531
Filing Code Description: Amended Filing
Filing Description: Plaintiffs' Second Amended Petition
Status as of 11/8/2024 2:12 PM CST

Case Contacts

| Cameron Keener | | cameron.keener@wilsonelser.com | 11/8/2024 2:02:31 PM | SENT |
|---|---|---|---|---|
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 11/8/2024 2:02:31 PM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 11/8/2024 2:02:31 PM | SENT |
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 11/8/2024 2:02:31 PM | SENT |

129

**Cause No. 2023-07113**

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| vs. | § | 281st JUDICIAL DISTRICT |
| | § | |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC | § | HARRIS COUNTY, TEXAS |

# PLAINTIFF'S SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ashlie Dominguez, Plaintiff, and files her Second Amended Petition complaining of Defendants Eduardo Moreno, Sandbaggers Pub NP, Lifey Leasing Inc. d/b/a Molly's Pub, and Time To Spare, LLC, and respectfully would show this court as follows:

## PARTIES

1.      Plaintiff Ashlie Dominguez resides in Harris County, Texas.

2.      Defendant Eduardo Moreno ("Defendant Moreno") is an adult male individual residing at **927 N BRIGHT DRIVE, HOUSTON, TX 77073** and may be served with process at his last known residential address or wherever he may be found. This Defendant has appeared and answered.

3.      Defendant SANDBAGGERS PUB NP ("Defendant Sandbaggers") is an entity organized under the laws of the State of Texas, doing business in the State of Texas, and may be served with process by serving its registered agent, **RAYMOND EARL WALTERS** at **11799 FM 1485, CONROE, TEXAS 77306**. This Defendant has appeared and

130

answered.

4.    Defendant LIFFEY, INC. D/B/A MOLLEY'S PUB (CONROE) (incorrectly named LIFEY LEASING, INC. d/b/a MOLLY'S PUB) ("Defendant Molly's Pub") is an entity organized under the laws of the State of Texas, doing business in the State of Texas, and may be served with process by serving its registered agent, **KAREN S. VILT** at **10701 CORPORATE DRIVE, SUITE 236, STAFFORD, TEXAS 77477**. This Defendant has appeared and answered.

5.    Defendant TIME TO SPARE LLC ("Defendant Time To Spare") is an entity organized under the laws of the State of Texas, doing business in the State of Texas, and may be served with process by serving its registered agent, **RAY WALTERS** at **14587 TOMMY SMITH RD., CONROE, TX 77306**. Citation requested.

6.    Plaintiff Ashlie Dominguez specifically invokes her right to institute this suit against whatever entity was conducting business using the assumed or common name of "Molly's Pub" regarding the events described in this Petition. Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of this party substituted later upon the motion of any party or on the Court's own motion.

## JURISDICTION & VENUE

6.    This court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Venue is proper in Harris County, Texas, per Tex CPRC §15.002(a)(2) because Defendant Moreno resides in Harris County.

## DISCOVERY LEVEL

7.    Plaintiff Dominguez requests that discovery in this case be governed at the level 3 category, pursuant to Tex. R. Civ. P. 190.4.

131

## FACTUAL BACKGROUND AND CAUSES OF ACTION

8.      PLAINTIFF was severely injured in a motor vehicle collision that occurred in the early morning hours of November 15, 2022.

9.      Plaintiff Dominguez was riding as a restrained passenger in a Chrysler sedan driven by Niguel Hayward. The Chrysler was traveling northbound, in the northbound lanes, of Interstate 45 near mile marker 102.

10.      Defendant Moreno was operating a Jeep Wrangler, traveling southbound in the northbound lanes of Interstate 45 near mile marker 102. Stated differently, Defendant Moreno was driving the wrong way on the freeway.

11.      Defendant Moreno caused the Jeep to collide head-on with the Chrysler. The damaged and disabled Chrysler spun out on the freeway, coming to rest facing southwest in the middle lane.

12.      Defendant Kelly Ray Wren was traveling northbound in the northbound lanes of Interstate 45, driving an 18-wheeler in the course and scope of Defendant Wren's employment for Defendant Draggin' Tools Trucking LLC.

13.      Defendant Wren came upon the disabled Chrysler, occupied by Plaintiff Dominguez. Defendant Wren failed to avoid the disabled Chrysler, causing the 18-wheeler to collide with the Chrysler.

14.      Upon information and belief, Defendant Moreno had been drinking at Defendant Sandbaggers and Defendant Molly's Pub prior to the collision.

## CAUSES OF ACTION AGAINST DEFENDANT MORENO

### A. NEGLIGENCE

15.      Defendant Moreno was negligent on the occasion in question. Defendant Moreno owed Plaintiff Dominguez a duty to operate his vehicle on a public roadway as

132

would a person of ordinary prudence. Defendant Moreno breached this duty in one or more of the following ways:

   a. Driving the wrong way on the freeway;

   b. Failing to take evasive action to avoid colliding with the Chrysler;

   c. Failing to keep a proper lookout;

   d. Failing to timely apply brakes;

   e. Falling to control speed;

   f. Failing to yield the right-of-way to the Chrysler; and

   g. Driving while intoxicated.

## B. NEGLIGENCE PER SE

16. Defendant Moreno's actions constituted negligence per se. Defendant Moreno violated the Texas Penal Code by driving while intoxicated in violation of Texas Penal Code § 49.04 and causing injury to another while intoxicated in violation of Texas Penal Code § 49.07. Therefore, Defendant Moreno was negligent per se.

## C. GROSS NEGLIGENCE

17. Plaintiff Dominguez makes a claim for punitive damages pursuant to the Texas Constitution; therefore, Plaintiff Dominguez will not be prohibited from introducing evidence of actual damages. Plaintiff seeks punitive damages for the gross negligence and/or malicious conduct of Defendant Moreno, which was a proximate cause of the collision in question, and Plaintiff Dominguez's severe injuries and resulting damages.

**CAUSES OF ACTION AGAINST**
**DEFENDANTS SANDBAGGERS, MOLLY'S PUB, and TIME TO SPARE**

## A. DRAM SHOP VIOLATIONS

133

18.    Defendants Sandbaggers, Molly's Pub, and Time to Spare, their agents, servants, employees, security personnel, and management, violated the Dram Shop Act codified as V.T.C.A. Alcohol Beverage Code § 2.02. Defendants Sandbaggers, Molly's Pub, and Time To Spare, were the negligent providers under the Act, in that they served, sold, or provided alcoholic beverages to a person who was obviously intoxicated to the extent that they presented a clear danger to themselves and others. This conduct by Defendants Sandbaggers, Molly's Pub, and Time To Spare, contributed to Defendant Moreno's state of intoxication and were thus a proximate cause of the injuries sustained by Plaintiff Dominguez. The bartenders, waitstaff, and employees who served alcohol to Defendant Moreno were all acting in the course and scope of their employment with Defendants Sandbaggers, Molly's Pub, and Time To Spare. Thus, Defendants Sandbaggers, Molly's Pub, and Time To Spare are responsible for the actions of their management, bartenders, waitstaff, security personnel, and all other employees under the legal theory of respondeat superior.

19.    To the extent Defendants Sandbaggers, Molly's Pub, and Time To Spare seek to shield themselves from liability by claiming protection under the safe harbor provisions of the Dram Shop Act, Defendants Sandbaggers, Molly's Pub, and Time To Spare directly and/or indirectly encouraged their servers to violate the Dram Shop Act by continuing to serve intoxicated persons. Thus, Defendants Sandbaggers, Molly's Pub, and Time To Spare are not entitled to claim safe harbor protections.

**B. RESPONDEAT SUPERIOR**

20.    At all times relevant hereto, Defendants Sandbaggers, Molly's Pub, and Time To Spare had the right to control the physical details of the manner of performance of the

134

conduct of their employees or agents, to subject Defendants Sandbaggers, Molly's Pub, and Time To Spare to vicarious liability for the torts of its employees or agents.

21.     Alternatively, at all times relevant hereto, the acts of the employees of Defendants Sandbaggers, Molly's Pub, and Time To Spare were performed during their employment with Defendants Sandbaggers, Molly's Pub, and Time To Spare, to further their business and to accomplish the objective for which they were hired, and where within the course and scope of employment or within the authority delegated to them so as to subject Defendants Sandbaggers, Molly's Pub, and Time To Spare to vicarious liability for their torts.

**DAMAGES**

22.     As a direct and proximate result of the above-described acts of negligence, and gross negligence, Plaintiff Dominguez will show she suffered actual damages within the jurisdictional limits of this Court.  Plaintiff Dominguez seeks fair compensation for the following damages:

a.     Physical pain in the past and future;

b.     Mental Anguish in the past and future;

c.     Physical Impairment in the past and future;

d.     Disfigurement and scarring in the past and future;

e.     Prejudgment and post-judgment interest;

f.     Exemplary damages for gross negligence and/or malice; and

g.     Any other damages to which Plaintiff Dominguez may be justly entitled.

**STATEMENT OF RELIEF SOUGHT**

23.     Pursuant to Texas Rule of Civil Procedure 47, Plaintiff Dominguez seeks monetary relief over $1,000,000.

## PRAYER

24. For these reasons Plaintiff Dominguez prays this court cite Defendants to appear and answer herein and that Plaintiff Dominguez have judgment taken against Defendants and recover all damages allowed by law, pre-judgment, and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff Dominguez is justly entitled.

Respectfully submitted,

/s/ Daragh Carter
Daragh Carter
TBN: 24050387
Smith & Hassler
1225 North Loop West, Suite 525
Houston, Texas 77008
(713) 739-1250
(713) 864-7226 Facsimile
dcarter@smithandhassler.com

**ATTORNEY FOR PLAINTIFF
ASHLIE DOMINGUEZ**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was electronically served Pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure on all parties or their counsel of record on **11/08/2024**.

/s/ Daragh Carter
Daragh Carter

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Abigail Villegas on behalf of Daragh Carter
Bar No. 24050387
avillegas@smithandhassler.com
Envelope ID: 94107832
Filing Code Description: Amended Filing
Filing Description: Amended Filing
Status as of 11/8/2024 3:39 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 11/8/2024 3:16:27 PM | SENT |
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 11/8/2024 3:16:27 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 11/8/2024 3:16:27 PM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 11/8/2024 3:16:27 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 11/8/2024 3:16:27 PM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 11/8/2024 3:16:27 PM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 11/8/2024 3:16:27 PM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 11/8/2024 3:16:27 PM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 11/8/2024 3:16:27 PM | SENT |
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 11/8/2024 3:16:27 PM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 11/8/2024 3:16:27 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 11/8/2024 3:16:27 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 11/8/2024 3:16:27 PM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 11/8/2024 3:16:27 PM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 11/8/2024 3:16:27 PM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 11/8/2024 3:16:27 PM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 11/8/2024 3:16:27 PM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 11/8/2024 3:16:27 PM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 11/8/2024 3:16:27 PM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 11/8/2024 3:16:27 PM | SENT |
| Kayla Bright | | kbright@krcl.com | 11/8/2024 3:16:27 PM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 11/8/2024 3:16:27 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Abigail Villegas on behalf of Daragh Carter
Bar No. 24050387
avillegas@smithandhassler.com
Envelope ID: 94107832
Filing Code Description: Amended Filing
Filing Description: Amended Filing
Status as of 11/8/2024 3:39 PM CST

Case Contacts

| Danielle Hollis | | danielle.hollis@wilsonelser.com | 11/8/2024 3:16:27 PM | SENT |
|---|---|---|---|---|
| Cameron Keener | | cameron.keener@wilsonelser.com | 11/8/2024 3:16:27 PM | SENT |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 11/8/2024 3:16:27 PM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 11/8/2024 3:16:27 PM | SENT |

CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC | § | |
| | § | |
| Defendants. | § | 281ST JUDICIAL DISTRICT |

Consolidated with:

CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF NIGUEL HAYWARD, DECEASED | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO | § | |
| | § | |
| Defendant. | § | 215TH JUDICIAL DISTRICT |

**DEFENDANT LIFFEY LEASING, INC. D/B/A MOLLY'S PUB'S FIRST
AMENDED ANSWER TO PLAINTIFF ASHLIE DOMINGUEZ'S FIRST
AMENDED PETITION**

COMES NOW, Defendant LIFFEY LEASING, INC. D/B/A MOLLY'S PUB[1]

("Defendant"), and files this its Original Answer to Plaintiff Ashlie Dominguez's First Amended

Petition and would respectfully show as follows:

---

[1] Defendant inadvertently identified itself as Liffey, Inc. d/b/a Molly's Pub (Conroe) in its prior Answer to
Plaintiff's First Amended Petition.

304672751v.1

139

# I. GENERAL DENIAL

Defendant hereby enters a general denial to all allegations in Plaintiff's First Amended Petition ("Petition") and demands strict proof thereof as permitted by Rule 92 of the Texas Rules of Civil Procedure.

## II. SPECIFIC AND AFFIRMATIVE DEFENSES

### A.

Defendant affirmatively pleads that Texas Alcoholic Beverage Code §2.02 is Plaintiff's sole and exclusive remedy for recovery against Defendant and Plaintiff may not bring common law or other statutory law warranties against Defendant.

### B.

For further answer, if such be necessary, Defendant affirmatively pleads that pursuant to Texas Alcoholic Beverage Code §106.14, Defendant is not liable for the actions of its employees as a matter of law because (1) Defendant required its employees to attend a commission-approved seller training program; (2) each employee actually attended such a program; and (3) Defendant did not directly or indirectly encourage its employees to violate any such training or other applicable service-related laws.

### C.

Pleading further, or in the alternative, no act or omission of Defendant was a proximate cause of Plaintiff's alleged injuries.

### D.

To the extent the evidence shows that Plaintiff failed to act as ordinarily prudent person, Defendant asserts its right to show that the incident complained of in Plaintiff's Petition was a result of the negligence and carelessness on the part of the Plaintiff, and Plaintiff was contributorily

negligent or solely negligent on the occasion in question, and that her negligence proximately caused the incident in question.

**E.**

Pleading further and subject to the foregoing without waiving the same, Defendant asserts that the incident made the basis of this suit was caused solely or in part by the negligence of a third party or third parties over whom this Defendant has no control, and said negligence was a proximate cause, or in the alternative, was the sole proximate cause of Plaintiff's damages.

**F.**

Defendant invokes all rights, remedies and elections afforded it pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code regarding contribution, indemnity, comparative and/or proportionate responsibility to the extent the same are or may be applicable.

**G.**

Pleading further, or in the alternative, Defendant would show, in the unlikely event that any liability be found on the part of Defendant, that such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of Plaintiff, Niguel Hayward, Co-Defendants and/or Responsible Third Parties.

**H.**

Pleading further, Defendant, still urging and relying on the matters set forth above, asserts that to the extent that alleged past medical expenses of Plaintiff exceeds the amount actually paid on Plaintiff's behalf, Section 41.0105 of the Texas Civil Practice & Remedies Code applies to limit Plaintiff's recovery of such past medical expenses, if any. Therefore, the recovery of medical or healthcare expenses incurred by the Plaintiff is limited to no more than the amount actually paid by or on behalf of the Plaintiff. *See Haygood v. De Escobedo*, 356 S.W.3d 390 (Tex. 2011).

## I.

Pleading further, or in the alternative, Defendant asserts that the occurrence in question was the result of a new, independent and intervening cause, unforeseeable to the Defendant.

## J.

Pleading further, or in the alternative, Defendant alleges that subsequent and precedent to any conduct on its part, whether active or passive, there was intervening and superseding conduct on the part of third parties or other parties, persons or entities, and that such conduct on the part of the other entities acts as a total bar to the claim that is being made or that could be made by Plaintiff in this case.

## K.

Pleading further, or in the alternative, without waiving any of the foregoing, Defendant would show that the damages complained of were the result of pre-existing conditions and not due to any negligence by Defendant.

## L.

Pleading further, Defendant alleges pre-judgment interest should be calculated on the shortest length of time permitted by law. Defendant further asserts that prejudgment interest is not calculated on future interest. *See* TEX. FIN. CODE § 304.1045. If it should be necessary, Defendant further asserts that pre-judgment interest is not calculated on exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE § 41.007. Defendant further pleads that Section 304.105 of the Texas Financial Code applies when settlement offers have been made. *See* TEX. FIN. CODE § 304.105.

## M.

To the extent Plaintiff is seeking to recover either lost wages or reduced wage-earning capacity, then Plaintiff must prove the loss(es) in the form of a net loss after reduction for income

tax payments or unpaid tax liability pursuant to applicable federal income tax law. TEX. CIV. PRAC. & REM. CODE § 18.091.

## N.

For further answer, and subject to the preceding paragraphs herein, and without waiving same, Defendant would further show that injuries, if any, of which Plaintiff complains, were the result of circumstances and events outside of, and beyond Defendant's control. If the events alleged in fact occurred, they were the result of events which intervened such that the conduct of Defendant was not the proximate cause of any injuries to Plaintiff, as that term is defined by the laws of the State of Texas.

## III. NOTICE UNDER TEX. R. CIV. P 193.7

Defendant notifies Plaintiff of its intention to use any document produced by any party during discovery without the necessity of authenticating the document.

## IV. REQUIRED DISCLOSURES

Plaintiff is required to disclose, within thirty (30) days of the first answer or general appearance in this lawsuit, the information and material described in Texas Rule of Civil Procedure 194.2.

## V. JURY DEMAND

Defendant demands a trial by jury on all issues.

## VI. PRAYER

WHEREFORE, Defendant, LIFFEY, INC. D/B/A MOLLY'S PUB (CONROE) prays that Plaintiff, Ashlie Dominguez, take nothing, that Plaintiff's suit be dismissed with prejudice, that Defendant recover its costs from Plaintiff and for all other relief to which Defendant is entitled.

3046727751v.1

143

Respectfully submitted,

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER, LLP**

*/s/ Danielle L. Hollis*
**KENT M. ADAMS**
State Bar No. 00869200
Kent.Adams@wilsonelser.com
**DANIELLE L. HOLLIS**
State Bar No. 24085380
Danielle.Hollis@wilsonelser.com
**CAMERON J. KEENER**
State Bar No. 24107827
Cameron.Keener@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000  Telephone
(713) 785-7780  Facsimile
**ATTORNEYS FOR DEFENDANT**
**LIFFEY LEASING, INC. D/B/A MOLLY'S**
**PUB**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above foregoing document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on November 18, 2024.

*/s/ Cameron J. Keener*
Cameron J. Keener

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lysandra Ramirez on behalf of Danielle Hollis
Bar No. 24085380
lysandra.ramirez@wilsonelser.com
Envelope ID: 94413492
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Liffey Leasing, Inc. d/b/a Molly's Pub First Amended Answer to Plaintiff Ashlie Dominguez's First Amended Petition
Status as of 11/18/2024 2:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 11/18/2024 2:04:58 PM | SENT |
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 11/18/2024 2:04:58 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 11/18/2024 2:04:58 PM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 11/18/2024 2:04:58 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 11/18/2024 2:04:58 PM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 11/18/2024 2:04:58 PM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 11/18/2024 2:04:58 PM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 11/18/2024 2:04:58 PM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 11/18/2024 2:04:58 PM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 11/18/2024 2:04:58 PM | SENT |
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 11/18/2024 2:04:58 PM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 11/18/2024 2:04:58 PM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 11/18/2024 2:04:58 PM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 11/18/2024 2:04:58 PM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 11/18/2024 2:04:58 PM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 11/18/2024 2:04:58 PM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 11/18/2024 2:04:58 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 11/18/2024 2:04:58 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 11/18/2024 2:04:58 PM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 11/18/2024 2:04:58 PM | SENT |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 11/18/2024 2:04:58 PM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 11/18/2024 2:04:58 PM | SENT |

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lysandra Ramirez on behalf of Danielle Hollis
Bar No. 24085380
lysandra.ramirez@wilsonelser.com
Envelope ID: 94413492
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Liffey Leasing, Inc. d/b/a Molly's Pub First Amended Answer to Plaintiff Ashlie Dominguez's First Amended Petition
Status as of 11/18/2024 2:24 PM CST

Case Contacts

| NIki Fischer | | niki.fischer@wilsonelser.com | 11/18/2024 2:04:58 PM | SENT |
|---|---|---|---|---|
| Kim Spurlock | | kspurlock@awtxlaw.com | 11/18/2024 2:04:58 PM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 11/18/2024 2:04:58 PM | SENT |
| Kayla Bright | | kbright@krcl.com | 11/18/2024 2:04:58 PM | SENT |

## CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC | § | |
| | § | |
| *Defendants.* | § | 281ST JUDICIAL DISTRICT |

### Consolidated with:

## CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF NIGUEL HAYWARD, DECEASED | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO | § | |
| | § | |
| *Defendant.* | § | 215TH JUDICIAL DISTRICT |

### DEFENDANT LIFFEY LEASING, INC. D/B/A MOLLY'S PUB'S ORIGINAL ANSWER TO PLAINTIFFS ORLANDO HAYWARD AND REYNA HAYWARD, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF NIGUEL HAYWARD, DECEASED'S SECOND AMENDED PETITION

COMES NOW, Defendant LIFFEY LEASING, INC. D/B/A MOLLY'S PUB[1]

("Defendant"), and files this its Original Answer to Plaintiffs Orlando Hayward and Reyna

Hayward, Individually and as Representatives of the Estate of Niguel Hayward, Deceased's

Second Amended Petition and would respectfully show as follows:

---

[1] Defendant inadvertently identified itself as Liffey, Inc. d/b/a Molly's Pub (Conroe) in its prior Answer to Plaintiffs' First Amended Petition.

147

## I. GENERAL DENIAL

Defendant hereby enters a general denial to all allegations in Plaintiffs' Second Amended Petition ("Petition") and demands strict proof thereof as permitted by Rule 92 of the Texas Rules of Civil Procedure.

## II. SPECIFIC AND AFFIRMATIVE DEFENSES

### A.

Defendant affirmatively pleads that Texas Alcoholic Beverage Code §2.02 is Plaintiffs' sole and exclusive remedy for recovery against Defendant and Plaintiffs may not bring common law or other statutory law warranties against Defendant.

### B.

For further answer, if such be necessary, Defendant affirmatively pleads that pursuant to Texas Alcoholic Beverage Code §106.14, Defendant is not liable for the actions of its employees as a matter of law because (1) Defendant required its employees to attend a commission-approved seller training program; (2) each employee actually attended such a program; and (3) Defendant did not directly or indirectly encourage its employees to violate any such training or other applicable service-related laws.

### C.

Pleading further, or in the alternative, no act or omission of Defendant was a proximate cause of Plaintiffs' alleged injuries.

### D.

To the extent the evidence shows that Niguel Hayward failed to act as an ordinarily prudent person, Defendant asserts its right to show that the incident complained of in Plaintiffs' Petition was a result of the negligence and carelessness on the part of the Niguel Hayward, and Niguel

148

Hayward was contributorily negligent or solely negligent on the occasion in question, and that his negligence proximately caused the incident in question.

**E.**

Pleading further and subject to the foregoing without waiving the same, Defendant asserts that the incident made the basis of this suit was caused solely or in part by the negligence of a third party or third parties over whom this Defendant has no control, and said negligence was a proximate cause, or in the alternative, was the sole proximate cause of Plaintiffs' damages.

**F.**

Defendant invokes all rights, remedies and elections afforded it pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code regarding contribution, indemnity, comparative and/or proportionate responsibility to the extent the same are or may be applicable.

**G.**

Pleading further, or in the alternative, Defendant would show, in the unlikely event that any liability be found on the part of Defendant, that such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of Niguel Hayward, Ashlie Dominguez, Co-Defendants and/or Responsible Third Parties.

**H.**

Pleading further, Defendant, still urging and relying on the matters set forth above, asserts that to the extent that alleged past medical expenses of Plaintiffs exceed the amount actually paid on Plaintiffs' behalf, Section 41.0105 of the Texas Civil Practice & Remedies Code applies to limit Plaintiffs' recovery of such past medical expenses, if any. Therefore, the recovery of medical or healthcare expenses incurred by the Plaintiffs is limited to no more than the amount actually paid by or on behalf of the Plaintiffs. *See Haygood v. De Escobedo*, 356 S.W.3d 390 (Tex. 2011).

149

**I.**

Pleading further, or in the alternative, Defendant asserts that the occurrence in question was the result of a new, independent and intervening cause, unforeseeable to the Defendant.

**J.**

Pleading further, or in the alternative, Defendant alleges that subsequent and precedent to any conduct on its part, whether active or passive, there was intervening and superseding conduct on the part of third parties or other parties, persons or entities, and that such conduct on the part of the other entities acts as a total bar to the claim that is being made or that could be made by Plaintiffs in this case.

**K.**

Pleading further, or in the alternative, without waiving any of the foregoing, Defendant would show that the damages complained of were the result of pre-existing conditions and not due to any negligence by Defendant.

**L.**

Pleading further, Defendant alleges pre-judgment interest should be calculated on the shortest length of time permitted by law. Defendant further asserts that prejudgment interest is not calculated on future interest. *See* TEX. FIN. CODE § 304.1045. If it should be necessary, Defendant further asserts that pre-judgment interest is not calculated on exemplary damages. *See* TEX. CIV. PRAC. & REM. CODE § 41.007. Defendant further pleads that Section 304.105 of the Texas Financial Code applies when settlement offers have been made. *See* TEX. FIN. CODE § 304.105.

**M.**

To the extent Plaintiffs are seeking to recover either lost wages or reduced wage-earning capacity, then Plaintiffs must prove the loss(es) in the form of a net loss after reduction for income

tax payments or unpaid tax liability pursuant to applicable federal income tax law. TEX. CIV. PRAC. & REM. CODE § 18.091.

## N.

For further answer, and subject to the preceding paragraphs herein, and without waiving same, Defendant would further show that injuries, if any, of which Plaintiffs complain, were the result of circumstances and events outside of, and beyond Defendant's control. If the events alleged in fact occurred, they were the result of events which intervened such that the conduct of Defendant was not the proximate cause of any injuries to Plaintiffs, as that term is defined by the laws of the State of Texas.

## III. NOTICE UNDER TEX. R. CIV. P 193.7

Defendant notifies Plaintiffs of its intention to use any document produced by any party during discovery without the necessity of authenticating the document.

## IV. REQUIRED DISCLOSURES

Plaintiffs are required to disclose, within thirty (30) days of the first answer or general appearance in this lawsuit, the information and material described in Texas Rule of Civil Procedure 194.2.

## V. JURY DEMAND

Defendant demands a trial by jury on all issues.

## VI. PRAYER

WHEREFORE, Defendant, LIFFEY LEASING, INC. D/B/A MOLLY'S PUB prays that Plaintiffs, Orlando Hayward and Reyna Hayward, Individually and as Representatives of the Estate of Niguel Hayward, Deceased, take nothing, that Plaintiffs' suit be dismissed with prejudice,

151

that Defendant recover its costs from Plaintiffs and for all other relief to which Defendant is entitled.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Danielle L. Hollis*

**KENT M. ADAMS**
State Bar No. 00869200
Kent.Adams@wilsonelser.com
**DANIELLE L. HOLLIS**
State Bar No. 24085380
Danielle.Hollis@wilsonelser.com
**CAMERON J. KEENER**
State Bar No. 24107827
Cameron.Keener@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas 77010
(713) 353-2000  Telephone
(713) 785-7780  Facsimile
**ATTORNEYS FOR DEFENDANT LIFFEY LEASING, INC. D/B/A MOLLY'S PUB**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above foregoing document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on November 18, 2024.

*/s/ Cameron J. Keener*

Cameron J. Keener

152

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lysandra Ramirez on behalf of Danielle Hollis
Bar No. 24085380
lysandra.ramirez@wilsonelser.com
Envelope ID: 94413492
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Liffey Leasing, Inc. d/b/a Molly's Pub First Amended Answer to Plaintiff Ashlie Dominguez's First Amended Petition
Status as of 11/18/2024 2:24 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 11/18/2024 2:04:58 PM | SENT |
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 11/18/2024 2:04:58 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 11/18/2024 2:04:58 PM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 11/18/2024 2:04:58 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 11/18/2024 2:04:58 PM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 11/18/2024 2:04:58 PM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 11/18/2024 2:04:58 PM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 11/18/2024 2:04:58 PM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 11/18/2024 2:04:58 PM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 11/18/2024 2:04:58 PM | SENT |
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 11/18/2024 2:04:58 PM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 11/18/2024 2:04:58 PM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 11/18/2024 2:04:58 PM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 11/18/2024 2:04:58 PM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 11/18/2024 2:04:58 PM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 11/18/2024 2:04:58 PM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 11/18/2024 2:04:58 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 11/18/2024 2:04:58 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 11/18/2024 2:04:58 PM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 11/18/2024 2:04:58 PM | SENT |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 11/18/2024 2:04:58 PM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 11/18/2024 2:04:58 PM | SENT |

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Lysandra Ramirez on behalf of Danielle Hollis
Bar No. 24085380
lysandra.ramirez@wilsonelser.com
Envelope ID: 94413492
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Liffey Leasing, Inc. d/b/a Molly's Pub First
Amended Answer to Plaintiff Ashlie Dominguez's First Amended Petition
Status as of 11/18/2024 2:24 PM CST

Case Contacts

| NIki Fischer | | niki.fischer@wilsonelser.com | 11/18/2024 2:04:58 PM | SENT |
|---|---|---|---|---|
| Kim Spurlock | | kspurlock@awtxlaw.com | 11/18/2024 2:04:58 PM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 11/18/2024 2:04:58 PM | SENT |
| Kayla Bright | | kbright@krcl.com | 11/18/2024 2:04:58 PM | SENT |

## CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC, | § | |
| | § | |
| Defendants. | § | 281ST JUDICIAL DISTRICT |

### *Consolidated With:*

## CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT OF |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE | § | |
| ESTATE OF NIGUEL HAYWARD, | § | |
| DECEASED, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | 215TH JUDICIAL DISTRICT |

### TIME TO SPARE, LLC'S ORIGINAL ANSWER
### TO PLAINTIFFS' SECOND AMENDED PETITIONS

**TIME TO SPARE, LLC** ("Time to Spare" or "Defendant") files its Original Answer to the

Second Amended Petitions of Plaintiff Ashlie Dominguez ("Dominguez") and Plaintiffs Orlando and

Reyna Hayward ("Haywards) (Dominguez and Haywards collectively "Plaintiffs") as follows:

# I.
## GENERAL DENIAL

1. Pursuant to Texas Rule of Civil Procedure 92, Defendant denies each and every allegation contained in Plaintiffs' Second Amended Petitions, and any amendments or supplements thereto, and demands strict proof thereof in accordance with the Texas Rules of Civil Procedure.

# II.
## AFFIRMATIVE DEFENSES

2. As permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following by way of affirmative defenses to the claims and causes of action which Plaintiffs have alleged in this suit:

a. Defendant denies that it sold, served, or provided alcohol to Eduardo Moreno on the date of the incident that is the basis of this suit;

b. Defendant asserts that it is not a licensed provider of alcohol, nor was it a licensed provider of alcohol at the time of the subject incident, and thus it cannot be held liable under the Texas Dram Shop Act;

c. Pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code, Defendant requests that the jury be asked to assess the comparative negligence, if any, of all parties to this lawsuit. Defendant asserts that it may only be liable to Plaintiffs for its percentage of responsibility, if any, as determined by the trier of fact with regard to Plaintiffs' damages in the above-styled lawsuit.

d. Pursuant to Section 41.0105 of the Texas Civil Practice & Remedies Code, Defendant asserts that the recovery of medical healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiffs. Plaintiffs may only offer and/or present evidence to the trier of fact related to the medical and/or healthcare expenses actually paid or incurred, minus any offsets or adjustments allowed by the medical or healthcare providers.

e. If prejudgment interest is recoverable in this case, it is limited in accordance with Section 304.101, et seq. of the Texas Finance Code.

f. If post-judgment interest is recoverable in this case, it is limited in accordance with Section 304.003(c) of the Texas Finance Code.

## III.
### RULE 193.7 NOTICE

3.      Pursuant to Texas Rule of Civil Procedure 193.7, Defendant notifies all parties that all documents produced during discovery may be used at any pre-trial proceeding and/or trial without the necessity of authenticating the documents.

**WHEREFORE**, Defendant prays that Plaintiffs take nothing by this action, and that Defendant be granted such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By:      /s/  Michael A. Logan
         Michael A. Logan
         State Bar No. 12497500
         E-Mail: mlogan@krcl.com
         Kayla M. Bright
         State Bar No. 24138092
         E-Mail: kbright@krcl.com

         901 Main Street, Suite 5200
         Dallas, Texas 75202
         Telephone:    (214) 777-4294
         Facsimile:    (214) 777-4299

         **ATTORNEYS FOR TIME TO SPARE, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of foregoing has been served on all counsel of record on the 19th day of December 2024.

/s/ Michael A. Logan

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kimberly Hayes on behalf of Michael Logan
Bar No. 12497500
khayes@krcl.com
Envelope ID: 95492040
Filing Code Description: Answer/ Response / Waiver
Filing Description: Time to Spare, LLC's Original Answer to Plaintiffs'
Second Amended Petition
Status as of 12/19/2024 1:05 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 12/19/2024 10:05:41 AM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 12/19/2024 10:05:41 AM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 12/19/2024 10:05:41 AM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 12/19/2024 10:05:41 AM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 12/19/2024 10:05:41 AM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 12/19/2024 10:05:41 AM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 12/19/2024 10:05:41 AM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 12/19/2024 10:05:41 AM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 12/19/2024 10:05:41 AM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 12/19/2024 10:05:41 AM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 12/19/2024 10:05:41 AM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 12/19/2024 10:05:41 AM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 12/19/2024 10:05:41 AM | SENT |
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 12/19/2024 10:05:41 AM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 12/19/2024 10:05:41 AM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 12/19/2024 10:05:41 AM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 12/19/2024 10:05:41 AM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 12/19/2024 10:05:41 AM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 12/19/2024 10:05:41 AM | SENT |
| Kayla Bright | | kbright@krcl.com | 12/19/2024 10:05:41 AM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 12/19/2024 10:05:41 AM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 12/19/2024 10:05:41 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kimberly Hayes on behalf of Michael Logan
Bar No. 12497500
khayes@krcl.com
Envelope ID: 95492040
Filing Code Description: Answer/ Response / Waiver
Filing Description: Time to Spare, LLC's Original Answer to Plaintiffs' Second Amended Petition
Status as of 12/19/2024 1:05 PM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Cameron Keener | | cameron.keener@wilsonelser.com | 12/19/2024 10:05:41 AM | SENT |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 12/19/2024 10:05:41 AM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 12/19/2024 10:05:41 AM | SENT |
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 12/19/2024 10:05:41 AM | SENT |

## CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC, | § | |
| | § | |
| *Defendants.* | § | 281ˢᵗ JUDICIAL DISTRICT |

### <u>Consolidated with</u>:

## CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT OF |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF NIGUEL HAYWARD, DECEASED | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO | § | |
| | § | |
| *Defendant.* | § | 215ᵗʰ JUDICIAL DISTRICT |

## <u>PLAINTIFFS' REPLY TO TEXAS ALCOHOLIC BEVERAGE COMMISSION'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL THIRD PARTY COMPLIANCE AND MOTION TO OVERRULE OBJECTIONS</u>

COMES NOW, Plaintiffs, pursuant to the Texas Rules of Civil Procedure, hereby file this Reply to Texas Alcoholic Beverage Commission's Response to Plaintiffs' Motion to Compel Third Party Compliance and Motion to Overrule Objections. In support, Plaintiffs would respectfully show the Court as follows.

This is a personal injury case arising from a fatal car crash that occurred on or November 15, 2022. At the time of the crash, Niguel Hayward, deceased, was driving northbound on IH-45

160

in Walker County, Texas when he was struck by Defendant Eduardo Moreno who was traveling intoxicated on the wrong side of the road. Following the initial crash, Mr. Haywards vehicle was left disabled in the center lane. Mr. Hayward was subsequently hit by Defendant Kelley Ray Wren, who was driving in the course and scope of his employment with Defendant Draggin' Tools Trucking. As a result of the crashes, Mr. Hayward suffered fatal injuries and was pronounced deceased on the scene.

Defendant Moreno was charged with intoxication manslaughter with a vehicle and intoxication assault with a vehicle as a result of the fatal crash. See Exhibit 1. Upon information and belief, Defendant Moreno had been drinking at Defendant Sandbaggers Pub NP and Defendant Liffey Leasing Inc. d/b/a Molly's Pub prior to the crash.

As a result of this crash, Texas Alcoholic Beverage Commission ("TABC") launched an investigation into Defendant Sandbaggers Pub NP and Defendant Liffey Leasing Inc. d/b/a Molly's Pub. As such, Plaintiff seeks TABC's materials relating to the TRACE investigation it conducted on Defendant Sandbaggers Pub NP and Defendant Liffey Leasing Inc. d/b/a Molly's Pub following the crash.

In TABC's Response to Plaintiffs' Motion to Compel, TABC alleges, among other things, that it is not required to produce these materials under the theory of sovereign immunity. To prove this assertion, TABC claims that Plaintiffs are interfering with an active TABC investigation into a criminal matter by subpoenaing these materials. Specifically, TABC asserts that such a subpoena has a chilling effect on the administration of justice and directly interferes with the public administration which sovereign immunity it seeks to protect.

However, while it is true that law enforcement is currently investigating a criminal matter into Defendant Moreno, TABC concluded its investigation into Defendant Sandbaggers Pub NP

2

161

and Defendant Liffey Leasing Inc. d/b/a Molly's Pub on December 6, 2022. See Exhibit 2. Thus, Plaintiffs' request does not interfere with any public administration with regards to TABC because TABC does not have any active investigation as it relates to this case.

Additionally, TABC asserts that Plaintiffs' subpoena and subsequent Motion to Compel seeks to control the actions of TABC because TABC is actively conducting a criminal investigation and cooperating with prosecutors in connection with this incident. Again, TABC's own records indicate that its investigation into the Defendant bars closed in December of 2022. While TABC might be cooperating with prosecutors in the criminal case against Defendant Moreno, it is not actively investigating Defendant Sandbaggers Pub NP and Defendant Liffey Leasing Inc. d/b/a Molly's Pub.

To be clear, Plaintiffs do not seek documents related to the open prosecution of Defendant Moreno. Rather, Plaintiffs seek TABC's investigation materials into Defendant Sandbaggers Pub NP and Defendant Liffey Leasing Inc. d/b/a Molly's Pub. The production of these materials does not interfere, control, or otherwise effect TABC and its administration of duties. As such, TABC cannot invoke the protection of sovereign immunity under the theory that Plaintiffs are interfering with an active TABC investigation, because no such active investigation exists.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

By: */s/ Muhammad S. Aziz*
    Muhammad S. Aziz
    Texas Bar No. 24043538
    Hailey L. Hutson
    Texas Bar No. 24143669
    Kimberley M. Spurlock
    Texas Bar No. 24032582
    800 Commerce Street
    Houston, Texas 77002

3

Telephone: (713) 222-7211
Facsimile: (713) 225-0827
maziz@awtxlaw.com
hhutson@awtxlaw.com
kspurlock@awtxlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this **February 3, 2025**, a true and correct copy of the foregoing document was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

*Via E-Service*
Carlos A. Balido
Walters, Balido & Crain, L.L.P.
10440 North Central Expressway
Meadow Park Tower, Suite 1500
Dallas, Texas 75231
*Attorney for Defendant Eduardo Moreno*

*Via E-Service*
Brian G. Cano / Stephen M. Mengis
FEE, SMITH & SHARP LLP.
2777 Allen Parkway, Suite 800
Houston, Texas 77019
*Attorneys for Defendants Kelly Ray Wren and Draggin Tools Trucking, LLC*

*Via E-Service*
Michael A. Logan / Kayla M. Bright
KANE RUSSELL COLEMAN LOGAN PC
901 Main Street, Suite 5200
Dallas, Texas 75202
*Attorneys for Defendant Sandbaggers Pub, NP*

*Via E-Service*
Danielle Hollis / Cameron Keener /
Kent M. Adams
WILSON ELSER
909 Fannin Street, Suite 3300
Houston, Texas 77010
*Attorneys for Defendant Liffey Leasing Inc. d/b/a Molly's Pub*

*Via E-Service*
Daragh Cartner
SMITH & HASSLER
1225 North Loop West, Suite 525
Houston, Texas 77008
*Attorney for Plaintiff Ashlie Dominquez*

*Via E-Service*
Patrick Todd
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Administrative Law Division
P.O. Box 12548, Capitol Station
Austi, Texas 78711
*Attorneys for Non-Party Texas Alcohol and Beverage Commission*

*/s/ Muhammad A. Aziz*
Muhammad S. Aziz

4

163

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Dean on behalf of Muhammad Aziz
Bar No. 24043538
jdean@awtxlaw.com
Envelope ID: 96935194
Filing Code Description: No Fee Documents
Filing Description: PLAINTIFFS REPLY TO TEXAS ALCOHOLIC BEVERAGE COMMISSIONS RESPONSE TO PLAINTIFFS MOTION TO COMPEL THIRD PARTY COMPLIANCE AND MOTION TO OVERRULE OBJECTIONS
Status as of 2/4/2025 8:08 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 2/3/2025 6:32:28 PM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 2/3/2025 6:32:28 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 2/3/2025 6:32:28 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 2/3/2025 6:32:28 PM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 2/3/2025 6:32:28 PM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 2/3/2025 6:32:28 PM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 2/3/2025 6:32:28 PM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 2/3/2025 6:32:28 PM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 2/3/2025 6:32:28 PM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 2/3/2025 6:32:28 PM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 2/3/2025 6:32:28 PM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 2/3/2025 6:32:28 PM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 2/3/2025 6:32:28 PM | SENT |
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 2/3/2025 6:32:28 PM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 2/3/2025 6:32:28 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 2/3/2025 6:32:28 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 2/3/2025 6:32:28 PM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 2/3/2025 6:32:28 PM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 2/3/2025 6:32:28 PM | SENT |
| Kayla Bright | | kbright@krcl.com | 2/3/2025 6:32:28 PM | SENT |

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jessica Dean on behalf of Muhammad Aziz
Bar No. 24043538
jdean@awtxlaw.com
Envelope ID: 96935194
Filing Code Description: No Fee Documents
Filing Description: PLAINTIFFS REPLY TO TEXAS ALCOHOLIC BEVERAGE COMMISSIONS RESPONSE TO PLAINTIFFS MOTION TO COMPEL THIRD PARTY COMPLIANCE AND MOTION TO OVERRULE OBJECTIONS
Status as of 2/4/2025 8:08 AM CST

Case Contacts

| Kayla Bright | | kbright@krcl.com | 2/3/2025 6:32:28 PM | SENT |
|---|---|---|---|---|
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 2/3/2025 6:32:28 PM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 2/3/2025 6:32:28 PM | SENT |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 2/3/2025 6:32:28 PM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 2/3/2025 6:32:28 PM | SENT |
| Kent M.Adams | | Kent.Adams@wilsonelser.com | 2/3/2025 6:32:28 PM | SENT |

## CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC, | § | |
| | § | |
| *Defendants.* | § | 281ˢᵗ JUDICIAL DISTRICT |

### *Consolidated with*:

## CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT OF |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF NIGUEL HAYWARD, DECEASED | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO | § | |
| | § | |
| *Defendant.* | § | 215ᵗʰ JUDICIAL DISTRICT |

### PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION TO OVERRULE OBJECTIONS FROM DEFENDANT SANDBAGGER'S PUB, NP

COMES NOW, Plaintiffs, pursuant to the Texas Rules of Civil Procedure, and hereby file this Motion to Compel Discovery Responses and Motion to Overrule Objections from Defendant Sandbagger's Pub, NP ("Sandbaggers"). In support, Plaintiffs would respectfully show the Court as follows.

166

## I.    BACKGROUND

This is a personal injury case arising from the death of Niguel Hayward on or about November 15, 2022, due to the negligence of Defendant Eduardo Moreno, who was driving while under the influence after allegedly consuming alcoholic beverages at Defendants Sandbagger's, Time to Spare, LLC, and Liffey Leasing, Inc. d/b/a Molly's Pub establishments and subsequently hitting Niguel Hayward head-on.

On November 27, 2024, Defendant Sandbaggers served its first Answers and Objections to Plaintiff Orlando Hayward's Requests for Admissions, Interrogatories, and Request for Production. The discovery upon which this Motion to Compel is based is attached hereto as **Exhibit A.**

On April 17, 2025, Plaintiffs sent a Discovery Deficiency Notice (hereinafter "the Notice") to Sandbaggers regarding its responses and requested supplementation. The Notice is attached hereto as **Exhibit B** and incorporated herein by reference.

To date, Plaintiffs have received no response from Sandbaggers regarding the outstanding discovery addressed in the Notice, and Sandbaggers has not supplemented any responses addressed in this Motion.

## II.    ARGUMENT AND AUTHORITIES

In general, a party may obtain discovery regarding any non-privileged matter that "is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." TEX. R. CIV. P. 192.3(a). A party may obtain discovery of the existence, description, nature, custody, condition, location, and contents of documents and tangible things that constitute or contain matters relevant to the subject matter of the action. TEX. R. CIV. P. 192.3(b). In addressing discovery disputes, the court has wide

discretion to affect the purpose of obtaining the fullest knowledge of facts and issues prior to trial, and the rules pertaining to discovery should be liberally construed.[1] "The purpose of discovery is to seek the truth so that disputes may be decided by what the facts reveal and not by what facts are concealed."[2]

## A. Defendant Sandbaggers has Failed to Supplement their Answers to Plaintiff's Interrogatories as Required.

The Notice to Sandbaggers identifies several Interrogatories for which Sandbaggers failed to provide substantive answers. Specifically, in response to Interrogatories 5, 7, 8, 9, 12, 13, 16, and 19, Sandbaggers did not object but instead answered that they would supplement to provide responsive information.

Plaintiffs requested that all the above Interrogatories be supplemented to provide responsive information to each request. To date, Sandbaggers has failed to do so. Thus, Plaintiffs respectfully request that the Court require Sandbaggers supplement their answers to Plaintiff's Interrogatories 5, 7, 8, 9, 12, 13, 16, and 19.

Additionally, in response to Plaintiff's Interrogatories 10, and 11, Sandbaggers asserted they would supplement their responses to provide responsive information, if any. Thus, Plaintiffs requested that Sandbaggers either (1) supplement their answers to provide responsive information or (2) supplement their answers and confirm that no responsive information exists. Sandbaggers have done neither.

Plaintiffs request the Court require Sandbaggers to supplement their responses to Plaintiff's Interrogatories 10 and 11, and substantively respond to the requests, including all subparts therein, or confirm that no responsive information exists.

---

[1] *Martinez v. Rutledge*, 592 S.W.2d 398, 399 (Tex. Civ. App.—Dallas 1979, writ ref'd n.r.e.).
[2] *Flores v. Flores*, 116 S.W.3d 870, 876 (Tex. App.—Corpus Christi 2003, no pet.).

3

Further, Interrogatory Number 15 requested Sandbagger's identify how it provided ongoing training to servers, bartenders and managers to prevent the over-service of alcohol in the two (2) years before the Incident, including: (a) frequency of training; (b) length of training sessions; (c) who provided the training sessions; (d) how they documented training sessions; and (d) how they ensured all employees received training sessions.

In response, Sandbaggers asserted that they required each employee whose job responsibilities included the sale, service, or provision of alcohol to attend a TABC approved seller server training course, and to maintain a valid TABC certification. Sandbaggers also stated it would supplement to provide additional responsive information, if any.

Thus, Plaintiff requested Sandbaggers supplement their answer and provide additional information responsive to this request or, alternatively, supplement their answer and confirm that obtaining a TABC certification and upkeeping a valid TABC certification is the only ongoing training that Sandbagger's Pub provides to its servers, bartenders, and/or managers to prevent the over-service of alcohol.

Plaintiffs request the Court to require Sandbaggers to supplement their response to Plaintiff's Interrogatory 15, and adequately answer each sub-part, or confirm that obtaining a TABC certification and upkeeping a valid TABC certification is the only ongoing training that Sandbagger's Pub provides to its servers, bartenders, and/or managers to prevent the over-service of alcohol.

### B. Defendant Sandbaggers Has Failed to Supplement their Responses to Plaintiff's Requests for Production as Required.

Plaintiff's Discovery Deficiency Notice to Sandbaggers also addressed several Requests for Production in which Sandbaggers did not provide substantive responses. Specifically, in

4

response to Plaintiff's Requests for Production 2, 9, 11, 13, 21, 22, 52, and 54, Sandbaggers did not object but instead asserted they would supplement to provide responsive information.

Plaintiffs respectfully request that the Court require Sandbaggers supplement their responses to Plaintiff's Requests for Production 2, 9, 11, 13, 21, 22, 52, and 54 and produce responsive documents.

Additionally, in response to Plaintiff's Requests for Production 5, 6, 7, 14, 15, 17, 18, 32, 35, and 36, Sandbaggers again does not lodge any objections, and asserts it will supplement to provide responsive information, if any.[3] Plaintiffs requested Sandbaggers supplement their responses and produce responsive documentation, or alternatively, confirm that no such documents exist.

Sandbaggers has failed to supplement their responses to any of the above Requests for Production. Plaintiffs respectfully request the Court require Sandbaggers to supplement their responses to Plaintiff's Requests for Production 5, 6, 7, 14, 15, 17, 18, 32, 35, and 36 and produce responsive documents or confirm that no responsive documents exist.

**C. Defendant Sandbaggers Must Circulate a Proposed Protective Order and Subsequently Respond to Plaintiff's Requests for Production.**

In response to Plaintiff's Requests for Production 15, 30, 55, and 56, Sandbaggers asserted they will supplement to produce responsive documents upon the entry of an appropriate protective order to govern the production of confidential and/or proprietary information.

Therefore, Plaintiffs requested in the Notice that Sandbaggers circulate a proposed protective order for review, as Plaintiffs have no objection to the entry of a protective order. Plaintiffs have not received a proposed protective order, nor any supplementation. Plaintiffs

---

[3] In response to Plaintiff's Request for Production 5 and 14, Sandbaggers partially responded but stated that they would supplement to produce additional responsive documents, if any.

5

request that the Court require Sandbaggers to circulate a proposed protective order, and upon entry of such order, require Sandbaggers to fully respond and produce responsive documents to Plaintiff's Requests for Production 15, 30, 55, and 56.

**D. Defendant Sandbaggers Objections to Plaintiff's Interrogatories and Requests for Production Should be Overruled and Sandbaggers Should be Compelled to Fully Respond to Those Requests.**

Plaintiffs file this Motion to Overrule Objections to Plaintiff's Interrogatories 6 and 17, and Requests for Production 12, 15, 16, 31, 33, and 34. In response to these requests, Sandbaggers lodges several objections and fails to provide substantive responses. The specific objections to each request are detailed in the Notice attached herein.

Plaintiffs' addressed Sandbaggers Objections to Plaintiff's Interrogatories and Requests for Production and agreed to limit and/or narrow the documents sought in each request in hopes of addressing the objections. However, Plaintiffs never received a response from Sandbaggers regarding any of the requests raised in this Motion, nor any supplementation.

Thus, Plaintiffs request that the Court overrule Sandbaggers objections to Plaintiff's Request for Production 12, 15, 16, 31, 33, and 34 for the reasons detailed in the Notice attached as Exhibit A and incorporated herein by reference and require Sandbaggers to produce responsive documents to each request.

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that the Court grant this Motion to Compel against Sandbagger's Pub, overrule Sandbagger's Pub's objections, and enter an Order compelling Defendant Sandbaggers to provide complete responses and documents within seven (7) days of the signed order and for all other and further relief to which Plaintiffs may be justly entitled.

6

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

By: /s/ *Muhammad S. Aziz*
    Muhammad S. Aziz
    Texas Bar No. 24043538
    Hailey L. Hutson
    Texas Bar No. 24143669
    Kimberley M. Spurlock
    Texas Bar No. 24032582
    800 Commerce Street
    Houston, Texas 77002
    Telephone: (713) 222-7211
    Facsimile: (713) 225-0827
    maziz@awtxlaw.com
    hhutson@awtxlaw.com
    kspurlock@awtxlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Plaintiffs have conferred with counsel Sandbagger's Pub on April 17, 2025, regarding these discovery deficiencies. To date Sandbagger's Pub's Responses are incomplete. Sandbaggers' Pub is presumed opposed to the filing of this Motion.

/s/ *Kimberley M. Spurlock*
Kimberley M. Spurlock

**CERTIFICATE OF SERVICE**

I hereby certify that on this **April 30, 2025**, a true and correct copy of the foregoing document was served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/ *Kimberley M. Spurlock*
Kimberley M. Spurlock

7

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lilia Sosa on behalf of Muhammad Aziz
Bar No. 24043538
lsosa@awtxlaw.com
Envelope ID: 100265009
Filing Code Description: Motion (No Fee)
Filing Description: PLAINTIFFS??? MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION TO OVERRULE OBJECTIONS FROM DEFENDANT SANDBAGGER???S PUB, NP
Status as of 4/30/2025 11:41 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 4/30/2025 10:53:53 AM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 4/30/2025 10:53:53 AM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 4/30/2025 10:53:53 AM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 4/30/2025 10:53:53 AM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 4/30/2025 10:53:53 AM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 4/30/2025 10:53:53 AM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 4/30/2025 10:53:53 AM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 4/30/2025 10:53:53 AM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 4/30/2025 10:53:53 AM | SENT |
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 4/30/2025 10:53:53 AM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 4/30/2025 10:53:53 AM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 4/30/2025 10:53:53 AM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 4/30/2025 10:53:53 AM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 4/30/2025 10:53:53 AM | SENT |
| Kayla Bright | | kbright@krcl.com | 4/30/2025 10:53:53 AM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 4/30/2025 10:53:53 AM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 4/30/2025 10:53:53 AM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 4/30/2025 10:53:53 AM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 4/30/2025 10:53:53 AM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 4/30/2025 10:53:53 AM | SENT |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 4/30/2025 10:53:53 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lilia Sosa on behalf of Muhammad Aziz
Bar No. 24043538
lsosa@awtxlaw.com
Envelope ID: 100265009
Filing Code Description: Motion (No Fee)
Filing Description: PLAINTIFFS??? MOTION TO COMPEL DISCOVERY RESPONSES AND MOTION TO OVERRULE OBJECTIONS FROM DEFENDANT SANDBAGGER???S PUB, NP
Status as of 4/30/2025 11:41 AM CST

Case Contacts

| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 4/30/2025 10:53:53 AM | SENT |
|---|---|---|---|---|
| NIki Fischer | | niki.fischer@wilsonelser.com | 4/30/2025 10:53:53 AM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 4/30/2025 10:53:53 AM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 4/30/2025 10:53:53 AM | SENT |

174

## CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC, | § | |
| | § | |
| *Defendants.* | § | 281ˢᵗ JUDICIAL DISTRICT |

### Consolidated with:

## CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT OF |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF NIGUEL HAYWARD, DECEASED | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO | § | |
| | § | |
| *Defendant.* | § | 215ᵗʰ JUDICIAL DISTRICT |

## DEFENDANT SANDBAGGERS PUB'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND OVERRULE OBJECTIONS

**SANDBAGGERS PUB** ("Sandbaggers" or "Defendant") files its Response to Plaintiffs'

Motion to Compel (the "Motion"), as follows:

### I.
### INTRODUCTION

This case arises from a motor vehicle accident that occurred on or about November 15, 2022,

in which Defendant Eduardo Moreno ("Moreno") collided with a vehicle driven by Niguel Hayward

---

("Hayward") after allegedly consuming alcoholic beverages at Sandbaggers (a private club that operates within the Time to Spare entertainment center) and Molly's Pub ("Molly's"). Plaintiffs bring suit against Sandbaggers (and Molly's) under a theory of dram shop liability.

On November 27, 2024, Sandbaggers served its responses and objections to Plaintiff Orlando Hayward's First Set of Interrogatories and First Requests for Production. Since that time, an additional 459 pages of documents have been produced by Time to Spare (the entity that possesses and controls the premises in which Sandbaggers operates), all of which are equally responsive to Plaintiffs' discovery requests to Sandbaggers. Counsel for Sandbaggers anticipates further supplementing its production upon receipt of additional responsive documents.

## II.
### RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

Defendant addresses each challenged discovery response in turn, as follows.

### A. Plaintiff's First Set of Interrogatories

- **Interrogatory No. 5**

  **INTERROGATORY:** Please identify whether your employees are also employees of Time to Spare Entertainment.

  **ANSWER:** Defendant will supplement to provide responsive information.

  **SUPPLEMENTAL ANSWER:** Defendant confirms that its employees are also employees of Time to Spare Entertainment.

- **Interrogatory No. 7**

  **INTERROGATORY:** Please identify how We Scan, LLC was integrated into your POS software and system at the Subject Location on November 14-15, 2022.

  **ANSWER:** Defendant will supplement to provide responsive information.

  **SUPPLEMENTAL ANSWER:** We Scan LLC is not integrated into the Subject Location's POS system. It is a stand-alone program.

- **Interrogatory No. 8**

**INTERROGATORY:** Please identify the process and/or requirements of becoming a member with you.

**ANSWER:** Defendant will supplement to provide responsive information.

**SUPPLEMENTAL ANSWER:** In order to become a member of Sandbaggers, a customer must first present a Sandbaggers employee with a valid ID, which is then scanned into the We Scan program. A membership slip is printed with the customer's information, and the slip is then given to the customer to sign.

- **Interrogatory No. 9**

**INTERROGATORY:** Please identify any and all settings on your POS / We Scan, LLC software and/or system that could be used and/or utilized to detect the over-service of alcohol and/or drinking while obviously intoxicated by customers and/or patrons on November 14-15, 2022.

**ANSWER:** Defendant will supplement to provide responsive information.

**SUPPLEMENTAL ANSWER:** None.

- **Interrogatory No. 10**

**INTERROGATORY:** Please identify any sales goals used as either: (1) a criteria for or condition of continued employment at the Subject Location; (2) as a criterion for promotion or pay raise of any employee; or (3) as a criterion for an employee to get the ability to choose the shifts that they work, that were in effect on November 14-15, 2022.

**ANSWER:** Defendant will supplement to provide responsive information, if any.

**SUPPLEMENTAL ANSWER:** None.

- **Interrogatory No. 11**

**INTERROGATORY:** Please identify any sales or other promotions involving alcoholic beverages that were in effect at the Subject Location on November 14-15, 2022.

**ANSWER:** Defendant will supplement to provide responsive information, if any.

**SUPPLEMENTAL ANSWER:** None.

- **Interrogatory No. 12**

**INTERROGATORY:** Please identify by name, address, telephone number, and job title (i.e. manager, bartender, server, busboy, etc.) each employee who was working at the Subject Location on November 14-15, 2022.

**ANSWER:** Defendant will supplement to provide responsive information.

**SUPPLEMENTAL ANSWER:** Plaintiff is already in possession of the requested information. The employee schedule previously produced to Plaintiffs as Time to Spare 000002 provides the names and job titles of all employees working at the Subject Location on the requested dates. These individuals may be contacted through counsel for Defendant.

- **Interrogatory No. 13**

  **INTERROGATORY:** Please identify all security, surveillance, and/or other cameras that were in the Subject Location on November 14-15, 2022. Your answer should include a detailed description of the location of each camera and its field of vision.

  **ANSWER:** Defendant will supplement to provide responsive information.

  **SUPPLEMENTAL ANSWER:** There are 48 cameras on site that cover all point-of-sale stations, the bar top, the parking lot, the bowling lanes, the back-of-house offices, the mechanics area, and the exterior of the building.

- **Interrogatory No. 15**

  **INTERROGATORY:** Please identify how you provided ongoing training to servers, bartenders, and managers to prevent the over-service of alcohol in the two (2) years before the Incident, including:

  a. Frequency of training;
  b. Length of training sessions;
  c. Who provided the training sessions;
  d. How you documented training sessions; and
  e. How you ensured all employees received training sessions.

  **ANSWER:** Defendant requires each of its employees whose job responsibilities included the sale, service, or provision of alcohol to attend a Texas Alcoholic Beverage Commission-approved seller-server training course, and to maintain a valid TABC certification. Defendant will supplement to provide additional responsive information, if any.

  **SUPPLEMENTAL ANSWER:** Defendant provides no additional formal alcohol service training to its employees, but conducts informal hands-on training on alcohol service as needed.

- **Interrogatory No. 16**

  **INTERROGATORY:** Please identify the individuals, their job titles, and addresses that were in charge of implementing and/or overseeing your alcohol sale, service, and/or provision policies on November 14-15, 2022.

  **ANSWER:** Defendant will supplement to produce responsive information.

**SUPPLEMENTAL ANSWER:** Plaintiff is already in possession of the requested information. The employee schedule previously produced to Plaintiffs as Time to Spare 000002 provides the names and job titles of all employees working at the Subject Location on the requested dates, including managers responsible for overseeing the sale, service, and/or provision of alcohol. These individuals may be contacted through counsel for Defendant.

- ## Interrogatory No. 19

    **INTERROGATORY:** Please identify the name, address, job title, and TABC Seller Training Certificate Number (if any) of each individual with management and/or supervisory authority over your employees, who was on duty November 14-15, 2022. For purposes of this question, "management or supervisory authority" includes, but is not limited to, the authority to hire or fire employees, the authority to discipline employees, or the authority to direct employees in the performance of their duties.

    **ANSWER:** Defendant will supplement to provide responsive information.

    **SUPPLEMENTAL ANSWER:** The managers on duty on the requested dates were Kim Raska and Dani Longwell. Raska and Longwell may be contacted through counsel for Defendant.

## B. Plaintiff's First Requests for Production

- ## Request for Production No. 5

    **REQUEST:** Please produce all documents relating to Eduardo Moreno's membership with you as produced in Sandbaggers Pub 000001.

    **RESPONSE:** Defendant will supplement to produce additional responsive documents, if any.

    **SUPPLEMENTAL RESPONSE:** No additional responsive documents have been identified.

- ## Request for Production No. 6

    **REQUEST:** Please provide all electronically stored information in the form in which the information and/or documents were customarily created, used, and stored by the native application employed by you in the ordinary course of business for your POS for all information and data regarding Eduardo Moreno.

    **RESPONSE:** Defendant will supplement to produce responsive documents, if any.

    **SUPPLEMENTAL RESPONSE:** No additional responsive documents have been identified.

- **Request for Production No. 7**

  **REQUEST:** Please produce all electronically stored information in the form in which the information and/or documents were customarily created, used, and stored by the native application employed by you in the ordinary course of business for your usage of We Scan, LLC that includes information and data regarding Eduardo Moreno.

  **RESPONSE:** Defendant will supplement to produce responsive documents, if any.

  **SUPPLEMENTAL RESPONSE:** No additional responsive documents have been identified.

- **Request for Production No. 9**

  **REQUEST:** Please produce copies of all documents sent to you notifying you of the events made the basis of this lawsuit.

  **RESPONSE:** Defendant will supplement to produce responsive documents.

  **SUPPLEMENTAL RESPONSE:** Defendant was first notified of the subject incident when it was served with process in the present suit. Defendant received no written communication or other documents from the Texas Alcoholic Beverage Commission or any other person or entity relating to the subject incident until it was served with process. Defendant thus has no responsive documents in its possession aside from the citation for service of process, which is equally available to Plaintiffs.

- **Request for Production No. 11**

  **REQUEST:** Please produce any receipts, credit card authorization slips, or any other documentation showing that Eduardo Moreno purchased alcoholic drinks on November 14 and/or November 15, 2022.

  **RESPONSE:** Defendant will supplement to produce responsive documents.

  **ARGUMENT:** Defendant does not contest that Plaintiffs are entitled to the production of these documents, if any exist. However, at this time, no responsive documents have been identified. Should Defendant locate documents responsive to this Request, Defendant agrees to produce those documents to Plaintiffs.

- **Request for Production No. 13**

  **REQUEST:** Please produce all time sheets for all employees that were on duty at any time between November 14 and November 15, 2022.

  **RESPONSE:** Defendant will supplement to produce responsive documents.

**SUPPLEMENTAL RESPONSE:** A copy of the employee schedule for the premises, identifying the employees on duty on the requested dates, has been previously produced to Plaintiffs as Time to Spare 000002. No additional responsive documents have been identified.

- **Request for Production No. 14**

**REQUEST:** Please produce all surveillance video footage of the Premises taken between November 14 and November 15, 2022.

**RESPONSE:** Defendant directs Plaintiff to the video footage produced herewith. Defendant will supplement to produce additional responsive documents, if any.

**ARGUMENT:** Defendant does not contest that Plaintiffs are entitled to video footage from the subject premises on the incident date(s) that may capture events or persons relevant to the claims and defenses asserted in the present suit. To date, hundreds of Premises videos have been produced as Sandbaggers Pub 000004-000027 and Time to Spare 000003-000241. Defendant is working to gather all additional responsive video files from the requested time frame, and agrees to produce same to Plaintiffs.

- **Request for Production No. 15**

**REQUEST:** Please produce all employee handbooks, training manuals, safety policies, and operations manuals that were provided to employees prior to November 15, 2022.

**RESPONSE:** Defendant objects to this Request as overly broad, not reasonably limited in time and scope, not narrowly tailored to the facts and issues of this lawsuit, and seeking the production of documents that are not relevant to any issue herein and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections and without waiving same, upon the entry of an appropriate protective order to govern the production of confidential and/or proprietary information, Defendant will supplement to produce a copy of its alcohol awareness policy and training documents on alcohol awareness.

**ARGUMENT:** The Request as phrased is overbroad in scope, seeking a volume of manuals, policies, and handbooks with no relevance to the claims or defenses asserted in the present suit. As to relevant policies, manuals, or handbooks pertaining to the sale, service, or provision of alcohol, no responsive documents have been identified. Defendant requires each of its employees who sell, serve, or provide alcohol to attend a TABC-approved seller-server training course, and provides no additional policy or procedure documents on alcohol sales and service to its employees beyond the mandatory TABC-approved training.

- **Request for Production No. 17**

**REQUEST:** Please produce copies of all documents you produced to any government agency in relation to Eduardo Moreno and/or the incident made the basis of this lawsuit.

**RESPONSE:** Defendant will supplement to produce responsive documents, if any.

**SUPPLEMENTAL RESPONSE:** No responsive documents have been identified, other than the pleadings filed in the present suit, which are equally available to Plaintiffs.

- **Request for Production No. 18**

**REQUEST:** Please produce copies of all documents any government agency sent to you in relation to Eduardo Moreno and/or the incident made the basis of this lawsuit.

**RESPONSE:** Defendant will supplement to produce responsive documents, if any.

**SUPPLEMENTAL RESPONSE:** No responsive documents have been identified, as Defendant was first notified of the subject incident when it was served with process in the present suit.

- **Request for Production No. 21**

**REQUEST:** Please produce all federal, county, city, state, police, or other government permits, licenses, or similar documents which permit you to own, operate or manage a bar/restaurant.

**RESPONSE:** Defendant will supplement to produce responsive documents.

**SUPPLEMENTAL RESPONSE:** Defendant does not contest that Plaintiffs are entitled to the requested document(s), and agrees to produce same to Plaintiffs.

- **Request for Production No. 22**

**REQUEST:** Please produce all correspondence and documents with TABC that relates to the Incident.

**RESPONSE:** Defendant will supplement to produce responsive documents.

**SUPPLEMENTAL RESPONSE:** All responsive documents in Defendant's possession have been produced to Plaintiffs as Sandbaggers Pub 000028-000029. No additional responsive documents have been identified.

- **Request for Production No. 32**

**REQUEST:** Please produce any and all documents evidencing any sales or other promotions involving alcoholic beverages that were in effect at the Subject Location on November 14-15, 2022.

**RESPONSE:** Defendant will supplement to produce responsive documents, if any.

**SUPPLEMENTAL RESPONSE:** No responsive documents have been identified, as there were no such sales or promotions in effect at the Subject Location during the requested time frame.

- **Request for Production No. 35**

  **REQUEST:** Please produce all communications between you and Time to Spare Entertainment related to the Incident made the basis of this lawsuit.

  **RESPONSE:** Defendant will supplement to produce responsive documents, if any.

  **SUPPLEMENTAL RESPONSE:** No responsive documents have been identified.

- **Request for Production No. 36**

  **REQUEST:** Please produce any indemnity agreements between you and Time to Spare Entertainment.

  **RESPONSE:** Defendant will supplement to produce responsive documents, if any.

  **SUPPLEMENTAL RESPONSE:** None.

- **Request for Production No. 52**

  **REQUEST:** Please produce all receipts of Eduardo Moreno's at the Subject Location on November 14-15, 2022.

  **RESPONSE:** Defendant will supplement to produce responsive documents.

  **ARGUMENT:** Defendant does not contest that Plaintiffs are entitled to the production of these documents, if any exist. However, at this time, no responsive documents have been identified. Should Defendant locate documents responsive to this Request, Defendant agrees to produce those documents to Plaintiffs.

- **Request for Production No. 54**

  **REQUEST:** Please produce for each employee who was on duty on November 14-15, 2022, any TABC Seller Training Certificate, certification card, or any other documentation showing whether that employee had completed a CAST program.

  **RESPONSE:** Defendant will supplement to produce responsive documents.

  **ARGUMENT:** Defendant does not contest that Plaintiffs are entitled to these documents. Defendant is working to compile the requested documents for the employees whose job responsibilities included the sale, service, and/or provision of alcohol and who were on duty on the requested dates, and agrees to produce same to Plaintiffs.

## III.
### CONCLUSION

With respect to Plaintiffs' cause of action against this Defendant, this is a dram shop suit arising from alleged over-service of alcohol that occurred on or about November 14 or 15, 2022. Defendant does not contest, nor has it ever, that Plaintiffs are entitled to relevant documents regarding the sale, service, and provision of alcohol at its premises generally, or to Moreno specifically, on the date(s) of the subject incident. Over four hundred pages of these documents have already been produced to Plaintiffs. Counsel for Defendant is diligently working to obtain additional responsive documents, and Defendant anticipates further supplementing its production as discussed above. However, Defendant is unable to produce documents that do not exist or that are not within its actual or constructive possession, custody, or control.

**WHEREFORE,** Defendant Sandbaggers Pub prays that the Court deny Plaintiffs' Motion to Compel in its entirety.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ Kayla M. Bright*
    Michael A. Logan
    State Bar No. 12497500
    E-Mail: mlogan@krcl.com
    Kayla M. Bright
    State Bar No. 24138092
    E-Mail: kbright@krcl.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone:    (214) 777-4294
Facsimile:    (214) 777-4299

**ATTORNEYS FOR DEFENDANTS SANDBAGGERS PUB AND TIME TO SPARE, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on all counsel of record on the 13th day of May 2025.

/s/ Kayla M. Bright
Kayla M. Bright

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kimberly Hayes on behalf of Kayla Bright
Bar No. 24138092
khayes@krcl.com
Envelope ID: 100787592
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Sandbaggers Pub's Response to Plaintiffs' Motion to Compel Discovery Responses and Overrule Objections
Status as of 5/13/2025 4:29 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 5/13/2025 4:17:23 PM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 5/13/2025 4:17:23 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 5/13/2025 4:17:23 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 5/13/2025 4:17:23 PM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 5/13/2025 4:17:23 PM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 5/13/2025 4:17:23 PM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 5/13/2025 4:17:23 PM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 5/13/2025 4:17:23 PM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 5/13/2025 4:17:23 PM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 5/13/2025 4:17:23 PM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 5/13/2025 4:17:23 PM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 5/13/2025 4:17:23 PM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 5/13/2025 4:17:23 PM | SENT |
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 5/13/2025 4:17:23 PM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 5/13/2025 4:17:23 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 5/13/2025 4:17:23 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 5/13/2025 4:17:23 PM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 5/13/2025 4:17:23 PM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 5/13/2025 4:17:23 PM | SENT |
| Kayla Bright | | kbright@krcl.com | 5/13/2025 4:17:23 PM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 5/13/2025 4:17:23 PM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 5/13/2025 4:17:23 PM | SENT |

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Kimberly Hayes on behalf of Kayla Bright
Bar No. 24138092
khayes@krcl.com
Envelope ID: 100787592
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant Sandbaggers Pub's Response to Plaintiffs'
Motion to Compel Discovery Responses and Overrule Objections
Status as of 5/13/2025 4:29 PM CST

Case Contacts

| Cameron Keener | | cameron.keener@wilsonelser.com | 5/13/2025 4:17:23 PM | SENT |
|---|---|---|---|---|
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 5/13/2025 4:17:23 PM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 5/13/2025 4:17:23 PM | SENT |

## CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC, | § | |
| | § | |
| *Defendants.* | § | 281st JUDICIAL DISTRICT |

### <u>Consolidated with:</u>

## CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT OF |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF NIGUEL HAYWARD, DECEASED | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO | § | |
| | § | |
| *Defendant.* | § | 215th JUDICIAL DISTRICT |

## <u>DEFENDANT TIME TO SPARE, LLC'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND OVERRULE OBJECTIONS</u>

**TIME TO SPARE, LLC** ("Time to Spare" or "Defendant") files its Response to Plaintiffs' Motion to Compel (the "Motion"), as follows:

### I.
### <u>INTRODUCTION</u>

This case arises from a motor vehicle accident that occurred on or about November 15, 2022, in which Defendant Eduardo Moreno ("Moreno") collided with a vehicle driven by Niguel Hayward

("Hayward") after allegedly consuming alcoholic beverages at premises operated by Defendant Sandbaggers Pub ("Sandbaggers") and Liffey Leasing, Inc. d/b/a Molly's Pub ("Molly's"). Plaintiffs bring suit against Time to Spare, the entity that operates the entertainment center in which Sandbaggers is located, under a theory of dram shop liability.

On February 6, 2025, Time to Spare served its first Answers and Objections to Plaintiff Orlando Hayward's First Set of Interrogatories and First Requests for Production. Since that date, Time to Spare has supplemented to produce 459 pages of responsive documents, and counsel for Time to Spare anticipates further supplementing its production upon receipt of additional responsive documents.

## II.
## RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

As a threshold matter, Plaintiffs' contention that "Time to Spare has failed to produce any documents as it relates to their February 6, 2025 discovery responses" is untrue. Plaintiffs' Motion, § 2(A). On April 4, 2025, Time to Spare supplemented its production with 241 pages of responsive documents, including video from the subject premises on the date of the relevant incident and a schedule of all employees working at the premises on the incident date. A true and correct copy of the correspondence in which the documents labeled as Time to Spare 000001-000241 were transmitted to counsel for Plaintiffs is attached hereto as **Exhibit A.** And after the filing of Plaintiffs' Motion, Defendant further supplemented its production to include the requested primary and excess insurance policies in effect at the time of the subject incident. A true and correct copy of the correspondence in which those policies were transmitted to counsel for Plaintiffs is attached hereto as **Exhibit B.**

Defendant addresses each challenged response in turn, as follows.

### A. Plaintiff's First Set of Interrogatories

- **Interrogatory No. 3**

**INTERROGATORY:** Please identify the business and/or contractual relationship between you and Sandbaggers Pub.

**ANSWER:** Defendant will supplement to produce responsive information and documents.

**SUPPLEMENTAL ANSWER:** Defendant asserts that Sandbaggers Pub is the licensed provider of alcohol operating as a private club within the Time to Spare entertainment center.

- **Interrogatory No. 12**

**INTERROGATORY:** Please identify who owned the premises that was involved in the incident made the basis of this lawsuit and who was in control of the premises at the time of the incident.

**ANSWER:** Defendant will supplement to produce responsive information.

**SUPPLEMENTAL ANSWER:** Defendant was in possession and control of the subject Premises at the time of the incident that is the basis for this suit, and Sandbaggers was the licensed provider of alcohol operating as a private club within the Premises.

**B. First Requests for Production**

- **Request No. 2**

**REQUEST:** Please produce copies of all insurance policies that cover the occurrence in question, including but not limited to general liability coverage(s) and excess coverage(s), which were in effect on the date of the incident made the basis of this lawsuit.

**RESPONSE:** A copy of the relevant policy will be produced.

**SUPPLEMENTAL RESPONSE:** On May 13, 2025, Defendant supplemented its production to provide Plaintiffs with copies of the primary and excess insurance policies in effect on the date of the subject incident (Time to Spare 000242-000459). No additional responsive documents have been identified.

- **Request No. 8**

**REQUEST:** Please produce copies of all documents sent to you notifying you of the events made the basis of this lawsuit.

**RESPONSE:** Defendant objects to this Request as vague, overly broad, not reasonably limited in time and scope, and seeking the production of documents that are not relevant to any issue herein, not reasonably calculated to lead to the discovery of admissible evidence, and equally available to Plaintiffs.

**SUPPLEMENTAL RESPONSE:** Defendant was first notified of the incident that is the basis for this suit when Sandbaggers was served with process. Thus, Defendant has no

responsive documents (aside from the citation for service of process, which is equally available to Plaintiffs) in its possession.

- **Request No. 12**

  **REQUEST:** Please produce all employee handbooks, training manuals, safety policies, and operations manuals that were provided to employees prior to November 15, 2022.

  **RESPONSE:** Defendant objects to this Request as vague, overly broad, not reasonably limited in time and scope, not narrowly tailored to the facts and issues of this lawsuit, and seeking the production of documents that are not relevant to any issue herein.

  **ARGUMENT:** Defendant contends that the Request as phrased is overly broad in scope, as it fails to limit itself to documents relevant to alcohol sales and/or service, which is the central issue in the present suit. Subject to the objections asserted in Defendant's Response, as to written policies, handbooks, manuals, or procedure documents regarding alcohol sales and/or service, no responsive documents have been identified.

- **Request No. 13**

  **REQUEST:** Please produce all handbooks, training manuals, safety policies, and operations manuals you provided to Sandbaggers Pub prior to November 15, 2022.

  **RESPONSE:** Defendant objects to this Request as vague, overly broad, not reasonably limited in time and scope, not narrowly tailored to the facts and issues of this lawsuit, and seeking the production of documents that are not relevant to any issue herein and not reasonably calculated to lead to the discovery of admissible evidence.

  **ARGUMENT:** Plaintiffs' Motion agrees to limit the timeframe of this request only to the policies and procedures which were in effect at the time of the subject incident and/or applicable to any person employed by Defendant at the time of the Incident. Nevertheless, the Request is overbroad in scope, seeking a volume of documents with no relevance to the sale, service, or provision of alcohol by Defendant's employees. Subject to the objections asserted in Defendant's Response, as to written handbooks, manuals, and/or policies related to the sale, service, or provision of alcohol, no responsive documents have been identified.

- **Request No. 14**

  **REQUEST:** Please produce all documents that demonstrate that your employees and/or Sandbaggers employees read, understand, accept, acknowledge, and consented to following the documents produced in response to Request for Production No. 13.

  **RESPONSE:** Defendant objects to this Request as vague, overly broad, not reasonably limited in time and scope, not narrowly tailored to the facts and issues of this lawsuit, and seeking the production of documents that are not relevant to any issue herein and not reasonably calculated to lead to the discovery of admissible evidence.

**SUPPLEMENTAL RESPONSE:** Subject to the objections asserted in Defendant's Response, as discussed above, with respect to handbooks, policies, or manuals relevant to the sale, service, or provision of alcohol to customers, no responsive documents have been identified. Accordingly, Defendant has no documents responsive to this Request.

- **Request No. 15**

  **REQUEST:** Please produce your policies and procedures Sandbaggers Pub is required to follow while operating inside the Subject Location.

  **RESPONSE:** Defendant objects to this Request as vague, overly broad, not reasonably limited in time and scope, not narrowly tailored to the facts and issues of this lawsuit, and seeking the production of documents that are not relevant to any issue herein and not reasonably calculated to lead to the discovery of admissible evidence.

  **ARGUMENT:** The Request is overbroad in scope on its face, seeking any and all policies/procedures provided to Sandbaggers by Defendant without regard to the content or subject matter of such documents. Subject to the objections asserted in Defendant's Response, as discussed above, with respect to the sale, service, or provision of alcohol to customers, no responsive documents exist.

- **Request No. 22**

  **REQUEST:** Please produce copies of all non-privileged correspondence between you and any other person concerning the incident made the basis of this lawsuit.

  **RESPONSE:** No responsive non-privileged documents have been identified.

  **SUPPLEMENTAL RESPONSE:** Defendant had no notice of the incident that is the basis for this lawsuit until Sandbaggers was served with process. Thus, the only correspondence between Defendant and any other entity regarding the subject incident is privileged correspondence between Defendant and its counsel of record in the present suit. No responsive non-privileged documents have been identified.

- **Request No. 27**

  **REQUEST:** Please produce any and all documents related to any incidents wherein any governmental and/or law enforcement agency responded to the Subject Location during the two (2) years prior to the Incident.

  **RESPONSE:** Defendant objects to this Request as overly broad, not reasonably limited in time and scope, not narrowly tailored to the facts and issues of this lawsuit, and seeking the production of documents that are not relevant to any issue herein and not reasonably calculated to lead to the discovery of admissible evidence.

  **SUPPLEMENTAL RESPONSE:** Plaintiffs' Motion agrees to limit the scope of this Request to include only incidents involving intoxicated patrons. Subject to that limitation and

to the objections asserted in Defendant's Response, no responsive documents have been identified.

### III.
### CONCLUSION

With respect to Plaintiffs' cause of action against this Defendant, this is a dram shop suit arising from alleged over-service of alcohol that occurred on or about November 14 or 15, 2022. Any discovery requests not pertaining to the sale, service, or provision of alcohol at the subject premises are accordingly overbroad in scope, and seek to elicit information and/or documents with no relevance to the central issue in the present suit: namely, whether Defendant's employees sold, served, or provided alcohol to Moreno when he was obviously intoxicated to the extent that he posed a danger to himself and others. Defendant does not contest, nor has it ever, that Plaintiffs are entitled to relevant documents regarding the sale, service, or provision of alcohol at the Premises generally, and to Moreno specifically, on the incident date(s). Over four hundred pages of these documents have already been produced, and Defendant anticipates that it will further supplement its production to include additional responsive documents. However, Defendant is unable to produce documents that do not exist or that are not within its actual or constructive possession, custody, or control.

**WHEREFORE**, Defendant Time to Spare, LLC prays that the Court deny Plaintiffs' Motion to Compel in its entirety.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: /s/ *Kayla M. Bright*
Michael A. Logan
State Bar No. 12497500
E-Mail: mlogan@krcl.com
Kayla M. Bright
State Bar No. 24138092
E-Mail: kbright@krcl.com

901 Main Street, Suite 5200
Dallas, Texas 75202
Telephone: (214) 777-4294
Facsimile: (214) 777-4299

**ATTORNEYS FOR
DEFENDANTS SANDBAGGERS
PUB AND TIME TO SPARE, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on all counsel of record on the 13th day of May 2025.

*/s/ Kayla M. Bright*
Kayla M. Bright

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kimberly Hayes on behalf of Kayla Bright
Bar No. 24138092
khayes@krcl.com
Envelope ID: 100788933
Filing Code Description: No Fee Documents
Filing Description: Defendant Time to Spare, LLC's Response to Plaintiffs' Motion to Compel Discovery Responses and Overrule Objections
Status as of 5/13/2025 4:44 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 5/13/2025 4:25:02 PM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 5/13/2025 4:25:02 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 5/13/2025 4:25:02 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 5/13/2025 4:25:02 PM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 5/13/2025 4:25:02 PM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 5/13/2025 4:25:02 PM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 5/13/2025 4:25:02 PM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 5/13/2025 4:25:02 PM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 5/13/2025 4:25:02 PM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 5/13/2025 4:25:02 PM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 5/13/2025 4:25:02 PM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 5/13/2025 4:25:02 PM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 5/13/2025 4:25:02 PM | SENT |
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 5/13/2025 4:25:02 PM | SENT |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 5/13/2025 4:25:02 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 5/13/2025 4:25:02 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 5/13/2025 4:25:02 PM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 5/13/2025 4:25:02 PM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 5/13/2025 4:25:02 PM | SENT |
| Kayla Bright | | kbright@krcl.com | 5/13/2025 4:25:02 PM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 5/13/2025 4:25:02 PM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 5/13/2025 4:25:02 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kimberly Hayes on behalf of Kayla Bright
Bar No. 24138092
khayes@krcl.com
Envelope ID: 100788933
Filing Code Description: No Fee Documents
Filing Description: Defendant Time to Spare, LLC's Response to Plaintiffs' Motion to Compel Discovery Responses and Overrule Objections
Status as of 5/13/2025 4:44 PM CST

Case Contacts

| Cameron Keener | | cameron.keener@wilsonelser.com | 5/13/2025 4:25:02 PM | SENT |
| --- | --- | --- | --- | --- |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 5/13/2025 4:25:02 PM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 5/13/2025 4:25:02 PM | SENT |

5/19/2025 9:41 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 100979493
By: Passion Ruffin
Filed: 5/19/2025 9:41 AM
Pgs-3

CDISX
CPLHX

**CAUSE NO. 2023-07113**

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC, | § | |
| | § | |
| *Defendants.* | § | 281st JUDICIAL DISTRICT |

*Consolidated with*:

**CAUSE NO. 2023-36840**

| | | |
|---|---|---|
| ORLANDO HAYWARD AND REYNA | § | IN THE DISTRICT COURT OF |
| HAYWARD, INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE ESTATE | § | |
| OF NIGUEL HAYWARD, DECEASED | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| EDUARDO MORENO | § | |
| | § | |
| *Defendant.* | § | 215th JUDICIAL DISTRICT |

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES TO SANDBAGGER'S PUB, NP AND TIME TO SPARE, LLC

BE IT REMEMBERED that on this day came on for consideration, Plaintiffs' Motion to Compel Discovery Responses to Defendant Sandbagger's Pub, NP and Defendant Time to Spare, LLC. After considering the Motion to Compel, any responses, relevant pleadings, arguments of counsel, and as otherwise being fully advised in the premises, the Court is of the opinion that said Motion to Compel should be **GRANTED**. It is therefore

**ORDERED** that Defendant Sandbagger's Pub and Defendant Time to Spare shall, within

197

**twenty-one (21) days** of the date of this Order, provide the following:

1. Formally supplement their discovery responses to reflect the answers and information included in their response to Plaintiffs' Motion to Compel.

2. Formally supplement their discovery responses to identify the owner of the premises.

3. Produce the contractual agreement, including the lease agreement between Time to Spare and Sandbagger's Pub, as well as any other contractual agreement related to the employment of personnel between Time to Spare and Sandbagger's Pub.

4. Produce the TABC certifications which were in effect at the time of the Incident for all employees who were working on the day of the Incident.

5. Produce all surveillance footage at the facility taken between November 14, 2022-November 15, 2022.

6. Produce all policies and procedures, training materials, and/or employee handbooks, which were in effect at the time of the Incident which relate to the sale, service, and/or provision of alcohol to patrons.

7. Produce all policies and procedures, training materials, and/or employee handbook which were in effect at the time of the Incident that relates to customer service.

8. Produce Sandbagger's Pub's Insurance Policy and/or any other applicable insurance policies which were in effect at the time of the Incident that provide coverage.

9. Produce all receipts for Defendant Moreno between November 14, 2022-November 15, 2022.

10. Supplement disclosures and provide all persons with knowledge of relevant facts.

SIGNED this _____ day of _____, 2025.

Signed:
5/27/2025
HON. JUDGE PRESIDING

CAUSE NO. 2023-07113

| | | |
|---|---|---|
| DOMINGUEZ, ASHLIE, | § | IN THE DISTRICT COURT OF |
| *Plaintiff(s)* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MORENO, EDUARDO, | § | 281st JUDICIAL DISTRICT |
| *Defendant(s)* | § | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL RESPONSES FROM THIRD PARTY TEXAS ALCOHOL AND BEVERAGE COMMISSION**

The Court has considered Plaintiffs' Motion to Compel Third Party Compliance and Motion to Overrule Objections from the Texas Alcohol and Beverage Commission, the Response and Reply and hereby GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion.

Therefore, the Court GRANTS the Motion, OVERRULES the objections and ORDERS the production of documents from the Texas Alcohol and Beverage Commission within fifteen (15) days of the date of this order for the following requests for documents:

1. All documents or correspondence regarding TRACE Investigation resulting from the car accident involving Eduardo Moreno and Orlando Hayward that occurred on November 15, 2022 as long as their is not an open prosecution of Defendant Moreno.

2. All documents or correspondence relating to Sandbagger's Pub located at 13027 Highway 105 E, Conroe, TX 77306 for the years 2021 and 2022.

3. All documents of correspondence relating to Molly's Pub located at 901 N. Loop 336 W., Conroe, TX 77306 for the years 2021 and 2022.

Therefore, the Court DENIES the Motion, and SUSTAINS the objections for the following requests for documents:

200

1) Documents TABC provides TABC agents regarding how to conduct source investigations.

2) Documents TABC provides TABC agents regarding how to conduct TRACE investigations.

3) Policies and procedures for TABC agents' investigations of over-service including, but not limited to, TRACE investigations.

4) Any checklists provided to TABC agents for investigations of over-service.

5) Any criteria provided to TABC agents to assist with investigations of over-service.

6) Training materials TABC provides TABC agents to assist with investigations of over-service.

Signed July 30, 2025

_____

Hon. CHRISTINE WEEMS
Judge, 281st District Court

201

**(19) RECORD(S) FOUND.**

| CASE NUM: | 202307113 | PJN: | | ACT CODE: | | SEQ BEG: | | SEQ END: | | CRT: | 281 |

PUB  Pleas     CASE TYPE:  **MOTOR VEHICLE ACCIDENT**

CASE STATUS:  **CASE ON APPEAL**          STYLE:  **DOMINGUEZ, ASHLIE**

VS.  **MORENO, EDUARDO**          CONSOLIDATED CASES:  **202336840**

## Inquiry Results

| | DATE | SEQ NUM | ACT CODE | PJN | DESCRIPTION | PJN | COURT | INS |
|---|------|---------|----------|-----|-------------|-----|-------|-----|
| ☐ | 07/30/2025 | 19 | CPROZ | | ORDER SIGNED COMPELLING PRODUCTION IN PART | | 281 | 1 |
| | IMAGE NUM: 121909770 | | | PGS: 2 | LCD: 08/04/2025  CLERK: GARNER, JASMINE JANAE | | | |
| | PAYMENT AMOUNT: | | PERS/CONN: | | - | | | |
| ☐ | 05/27/2025 | 18 | CPLHX | | ORDER SIGNED GRANTING COMPLIANCE | | 281 | 1 |
| | IMAGE NUM: 120812596 | | | PGS: 3 | LCD: 05/30/2025  CLERK: GONZALEZ, PATRICIA | | | |
| | PAYMENT AMOUNT: | | PERS/CONN: | | - | | | |
| ☐ | 05/27/2025 | 17 | CDISX | | ORDER SIGNED COMPELLING DISCOVERY | | 281 | 1 |
| | IMAGE NUM: 120812596 | | | PGS: 3 | LCD: 05/30/2025  CLERK: GONZALEZ, PATRICIA | | | |
| | PAYMENT AMOUNT: | | PERS/CONN: | | - | | | |
| ☐ | 05/27/2025 | 16 | DCORX | | DOCKET CONTROL/PRETRIAL ORDER SIGNED | | 281 | 1 |
| | IMAGE NUM: 120777148 | | | PGS: 7 | LCD: 05/28/2025  CLERK: GONZALEZ, PATRICIA | | | |
| | PAYMENT AMOUNT: | | PERS/CONN: | | - | | | |
| ☐ | 05/16/2025 | 15 | CAFX | | ORDER SIGNED GRANTING TRIAL CONTINUANCE | | 281 | 1 |
| | IMAGE NUM: 120609326 | | | PGS: 2 | LCD: 05/19/2025  CLERK: GONZALEZ, PATRICIA | | | |
| | PAYMENT AMOUNT: | | PERS/CONN: | | - | | | |
| ☐ | 12/27/2024 | 14 | DCORX | | DOCKET CONTROL/PRETRIAL ORDER SIGNED | | 281 | 1 |
| | IMAGE NUM: 118244283 | | | PGS: 3 | LCD: 01/03/2025  CLERK: Hubbard, Raven | | | |
| | PAYMENT AMOUNT: | | PERS/CONN: | | - | | | |
| ☐ | 08/15/2024 | 13 | CAFX | | ORDER SIGNED GRANTING TRIAL CONTINUANCE | | 281 | 1 |
| | IMAGE NUM: 115933471 | | | PGS: 3 | LCD: 08/15/2024  CLERK: LUGO, BONNIE | | | |
| | PAYMENT AMOUNT: | | PERS/CONN: | | - | | | |
| ☐ | 05/08/2024 | 12 | CSL | | CASE CONSOLIDATION ACCOMPLISHED | | 281 | 1 |

202

**PGS:** 1     **LCD:** 05/08/2024     **CLERK:** LUGO, BONNIE          **PAYMENT AMOUNT:**

**PERS/CONN:**          -

|  | 05/08/2024 | 11 | CCSLX | ORDER SIGNED CONSOLIDATING CASE |
|---|---|---|---|---|

281     1     **IMAGE NUM:** 114290728          **PGS:** 1     **LCD:** 05/08/2024

**CLERK:** LUGO, BONNIE                **PAYMENT AMOUNT:**          **PERS/CONN:**          -

---

| ☐ | 04/17/2024 | 10 | 11E | PARTIAL DISMISSAL ON AGREEMENT OF PARTIES | 281 | 1 |
|---|---|---|---|---|---|---|

**IMAGE NUM:** 113916511          **PGS:** 2     **LCD:** 04/18/2024     **CLERK:** LUGO, BONNIE

**PAYMENT AMOUNT:**          **PERS/CONN:**          -

---

| ☐ | 02/12/2024 | 9 | DCORX | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 281 | 1 |
|---|---|---|---|---|---|---|

**IMAGE NUM:** 112735366          **PGS:** 3     **LCD:** 02/12/2024     **CLERK:** LUGO, BONNIE

**PAYMENT AMOUNT:**          **PERS/CONN:**          -

---

| ☐ | 01/08/2024 | 8 | CAFX | ORDER SIGNED GRANTING TRIAL CONTINUANCE | 281 | 1 |
|---|---|---|---|---|---|---|

**IMAGE NUM:** 112154050          **PGS:** 3     **LCD:** 01/09/2024     **CLERK:** LUGO, BONNIE

**PAYMENT AMOUNT:**          **PERS/CONN:**          -

---

| ☐ | 12/08/2023 | 7 | SBATX | ORDER SIGNED SUBSTITUTING ATTORNEY OF RECO | 281 | 1 |
|---|---|---|---|---|---|---|

**IMAGE NUM:** 111718313          **PGS:** 3     **LCD:** 12/08/2023     **CLERK:** LUGO, BONNIE

**PAYMENT AMOUNT:**          **PERS/CONN:**          -

---

| ☐ | 07/20/2023 | 6 | CDISY | ORDER SIGNED COMPELLING DISCOVERY DENIED | 281 | 1 |
|---|---|---|---|---|---|---|

**IMAGE NUM:** 109291384          **PGS:** 1     **LCD:** 07/20/2023     **CLERK:** LUGO, BONNIE

**PAYMENT AMOUNT:**          **PERS/CONN:**          -

---

| ☐ | 04/03/2023 | 5 | DCORX | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 281 | 1 |
|---|---|---|---|---|---|---|

**IMAGE NUM:** 107425206          **PGS:** 3     **LCD:** 04/03/2023     **CLERK:** LUGO, BONNIE

**PAYMENT AMOUNT:**          **PERS/CONN:**          -

---

| ☐ | 03/27/2023 | 4 | TRILG | DESIGNATED TRIAL READY | 281 | 1 |
|---|---|---|---|---|---|---|

**LCD:** 03/27/2023     **CLERK:** TORRES, RICK

**PAYMENT AMOUNT:**          **PERS/CONN:**          -

---

| ☐ | 03/13/2023 | 3 | 1N | JURY FEE PAID (TRCP 216) | 281 | 1 |
|---|---|---|---|---|---|---|

**LCD:** 03/14/2023     **CLERK:** District Clerk Service

**PAYMENT AMOUNT:**          **PERS/CONN:**          -

---

| ☐ | 03/13/2023 | 2 | 1F | JURY DEMAND MADE (TRCP 216) | 281 | 1 |
|---|---|---|---|---|---|---|

**LCD:** 03/14/2023     **CLERK:** ABRAM, DERRICK ANDRE

**PAYMENT AMOUNT:**          **PERS/CONN:**          -

203

☐     03/13/2023        1            1N                    JURY FEE PAID (TRCP 216)                                                    281            1

**LCD:** 03/14/2023    **CLERK:** District Clerk Service

**PAYMENT AMOUNT:**                    **PERS/CONN:**            -

204

# 2023-07113

**COURT:** 281st

**FILED DATE:** 2/2/2023

**CASE TYPE:** Motor Vehicle Accident



### DOMINGUEZ, ASHLIE

Attorney: CARTER, DARAGH JOHN

### vs.

### MORENO, EDUARDO

| Trial Settings | |
|---|---|
| **Date** | **Comment** |
| 3/18/2024 | Docket Set For: Trial Setting;Re-Set |
| 9/16/2024 | Docket Set For: Trial Setting;Re-Set |
| 2/17/2025 | Docket Set For: Trial Setting;Re-Set |
| 8/18/2025 | Docket Set For: Trial Setting;Re-Set |
| 1/19/2026 | Docket Set For: Trial Setting |

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |
| 4/3/2023 | DCORX - DOCKET CONTROL/PRETRIAL ORDER SIGNED |
| 7/20/2023 | CDISY - ORDER SIGNED COMPELLING DISCOVERY DENIED |
| 12/8/2023 | SBATX - ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD |
| 1/8/2024 | CAFX - ORDER SIGNED GRANTING TRIAL CONTINUANCE |
| 2/12/2024 | DCORX - DOCKET CONTROL/PRETRIAL ORDER SIGNED |
| 4/17/2024 | 11E - PARTIAL DISMISSAL ON AGREEMENT OF PARTIES |
| 5/8/2024 | CCSLX - ORDER SIGNED CONSOLIDATING CASE |
| 8/15/2024 | CAFX - ORDER SIGNED GRANTING TRIAL CONTINUANCE |
| 12/27/2024 | DCORX - DOCKET CONTROL/PRETRIAL ORDER SIGNED |
| 5/16/2025 | CAFX - ORDER SIGNED GRANTING TRIAL CONTINUANCE |
| 5/27/2025 | DCORX - DOCKET CONTROL/PRETRIAL ORDER SIGNED |
| 5/27/2025 | CDISX - ORDER SIGNED COMPELLING DISCOVERY |
| 5/27/2025 | CPLHX - ORDER SIGNED GRANTING COMPLIANCE |
| 7/30/2025 | CPROZ - ORDER SIGNED COMPELLING PRODUCTION IN PART SEE ORDER |

CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC, | § | |
| *Defendants.* | § | 281ST JUDICIAL DISTRICT |

Consolidated with:
CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND | § | IN THE DISTRICT COURT OF |
| REYNA HAYWARD, | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE | § | |
| ESTATE OF NIGUEL HAYWARD, | § | |
| DECEASED, | § | HARRIS COUNTY, TEXAS |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| EDUARDO MORENO, | § | |
| *Defendant.* | § | 281ST JUDICIAL DISTRICT |

## NON-PARTY TEXAS ALCOHOLIC BEVERAGE COMMISSION'S NOTICE OF APPEAL

The cause no. 2023-07113, styled *Ashlie Dominguez v. Eduardo Moreno, Kelly Ray Wren, and Draggin Tools Trucking, LLC*, consolidated with cause no. 2023-36840, styled *Orlando Hayward and Reyna Hayward, individually and as representatives of the estate of Niguel Hayward, deceased v. Eduardo Moreno*, was filed in the 281st Judicial District Court of Harris County, Texas.

The Hon. Christine Vinh Weems presiding judge of the 281st District Court of Harris County, signed an order granting Plaintiff's Motion to Compel Third Party Compliance and Motion to Overrule Objections and ordered non-party Texas Alcoholic Beverage Commission to produce records to Plaintiffs on July 30, 2025.

Non-party Texas Alcoholic Beverage Commission desire to appeal the July 30, 2025, order that granted Plaintiffs' Motion to Compel to the Fifteenth Court of Appeals.

This interlocutory appeal is permitted pursuant to Texas Civil Practice & Remedies Code § 51.014(a)(8). Pursuant to Texas Rule of Appellate Procedure 28.1(a), this interlocutory appeal is an accelerated appeal.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

/s/ Patrick Todd
PATRICK TODD
State Bar No. 24106513
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Administrative Law Division
P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548
Telephone: (512) 936-1660
Patrick.Todd@oag.texas.gov

***Attorneys for Non-Party***
***Texas Alcoholic Beverage Commission***

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on August 19, 2025 on the following attorneys-in-charge, by e-service:

Muhammad S. Aziz
State Bar No. 24043538
maziz@awtxlaw.com
Jessica L. Dean
State Bar No. 24043538
jdean@awtxlaw.com
Kim Spurlock
State Bar No. 24032582
kspurlock@awtxlaw.com
Hailey Hutson
State Bar No. 24143669
hhutson@awtxlaw.com
ABRAHAM, WATKINS, NICHOLS,
AGOSTO, AZIZ & STOGNER
800 Commerce Street
Houston, Texas 77002
Tel: (713) 222-7211
Fax: (713) 225-0827

ATTORNEYS FOR PLAINTIFFS ORLANDO
HAYWARD AND REYNA HAYWARD,
INDIVIDUALLY AND AS
REPRESENTATIVES OF THE ESTATE OF
NIGUEL HAYWARD, DECEASED

Carlos A. Balido
State Bar No. 01631230
BalidoEDocsNotifications@wbclawfirm.com
Laura Wright
State Bar No. 24098636
WrightEdocsNotifications@wbclawfirm.com
Walters, Balido & Crain, L.L.P.
10440 North Central Expressway
Meadow Park Tower, Suite 1500
Dallas, Texas 75231
Tel: (214) 749-4805
Fax: (214) 204-2101

ATTORNEYS FOR DEFENDANT EDUARDO
MORENO

Daragh Cartner
State Bar No. 24050387
dcarter@smithandhassler.com
SMITH & HASSLER
1225 North Loop West, Suite 525
Houston, Texas 77008
Tel: (713) 739-1250

ATTORNEY FOR PLAINTIFF ASHLIE
DOMINQUEZ

Brian G. Cano
State Bar No. 24045613
bcano@feesmith.com
Stephen M. Mengis
State Bar No. 24094842
smengis@feesmith.com
FEE, SMITH & SHARP LLP.
2777 Allen Parkway, Suite 800
Houston, Texas 77019
Tel: (713) 362-8313
Fax: (713) 362-8302

Michael A. Logan
State Bar No. 12497500
mlogan@krcl.com
Kayla M. Bright
State Bar No. 24138092
kbright@krcl.com
KANE RUSSELL COLEMAN LOGAN PC
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel: (214) 777-4294
Fax: (214) 777-4299

ATTORNEYS FOR DEFENDANTS KELLY RAY WREN AND DRAGGIN TOOLS TRUCKING, LLC

ATTORNEYS FOR DEFENDANT SANDBAGGERS PUB, NP

Danielle Hollis
State Bar No. 24085380
danielle.hollis@wilsonelser.com
Cameron Keener
State Bar No. 24107827
cameron.keener@wilsonelser.com
Kent M. Adams
State Bar No. 00869200
kent.adams@wilsonelser.com
WILSON ELSER
909 Fannin Street, Suite 3300
Houston, Texas 77010
Tel: (713) 353-2023
Fax: (713) 785-7780

ATTORNEYS FOR DEFENDANT LIFFEY INC., D/B/A MOLLY'S PUB

/s/ Patrick Todd
PATRICK TODD
Assistant Attorney General

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Catherine Hughes on behalf of Patrick Todd
Bar No. 24106513
catherine.hughes@oag.texas.gov
Envelope ID: 104543988
Filing Code Description: Notice of Appeal
Filing Description: Notice of Appeal
Status as of 8/19/2025 11:36 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 8/19/2025 10:10:26 AM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 8/19/2025 10:10:26 AM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 8/19/2025 10:10:26 AM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 8/19/2025 10:10:26 AM | SENT |
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 8/19/2025 10:10:26 AM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 8/19/2025 10:10:26 AM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 8/19/2025 10:10:26 AM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 8/19/2025 10:10:26 AM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 8/19/2025 10:10:26 AM | SENT |
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 8/19/2025 10:10:26 AM | ERROR |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 8/19/2025 10:10:26 AM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 8/19/2025 10:10:26 AM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 8/19/2025 10:10:26 AM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 8/19/2025 10:10:26 AM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 8/19/2025 10:10:26 AM | SENT |
| Mayra Contreras | | mayra.contreras@oag.texas.gov | 8/19/2025 10:10:26 AM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 8/19/2025 10:10:26 AM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 8/19/2025 10:10:26 AM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 8/19/2025 10:10:26 AM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 8/19/2025 10:10:26 AM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 8/19/2025 10:10:26 AM | SENT |
| Kayla Bright | | kbright@krcl.com | 8/19/2025 10:10:26 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Catherine Hughes on behalf of Patrick Todd
Bar No. 24106513
catherine.hughes@oag.texas.gov
Envelope ID: 104543988
Filing Code Description: Notice of Appeal
Filing Description: Notice of Appeal
Status as of 8/19/2025 11:36 AM CST

Case Contacts

| Kayla Bright | | kbright@krcl.com | 8/19/2025 10:10:26 AM | SENT |
|---|---|---|---|---|
| Kent Adams | 869200 | kent.adams@wilsonelser.com | 8/19/2025 10:10:26 AM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 8/19/2025 10:10:26 AM | SENT |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 8/19/2025 10:10:26 AM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 8/19/2025 10:10:26 AM | SENT |

CAUSE NO. 2023-07113

| | | |
|---|---|---|
| ASHLIE DOMINGUEZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| EDUARDO MORENO, KELLY RAY | § | |
| WREN, AND DRAGGIN TOOLS | § | |
| TRUCKING, LLC, | § | |
| *Defendants.* | § | 281ST JUDICIAL DISTRICT |

Consolidated with:
CAUSE NO. 2023-36840

| | | |
|---|---|---|
| ORLANDO HAYWARD AND | § | IN THE DISTRICT COURT OF |
| REYNA HAYWARD, | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE | § | |
| ESTATE OF NIGUEL HAYWARD, | § | |
| DECEASED, | § | HARRIS COUNTY, TEXAS |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| EDUARDO MORENO, | § | |
| *Defendant.* | § | 281ST JUDICIAL DISTRICT |

## NON-PARTY TEXAS ALCOHOLIC BEVERAGE COMMISSION'S REQUEST FOR THE CLERK'S RECORD

Non-Party Texas Alcoholic Beverage Commission (TABC) is appealing the Order

Granting In Part and Denying In Part Plaintiffs' Motion to Compel Responses from Third

Party Texas Alcoholic and Beverage Commission to the Fifteenth Court of Appeals. The

Hon. Christine Vinh Weems signed the Order on July 30, 2025. TABC filed its notice of

appeal on August 19, 2025, and will pay the clerk's fee for the preparation and filing of the

clerk's record in this case. Please contact us with the invoiced amount as soon as possible so

213

that we may deliver payment. **Pursuant to Tex. R. App. P. 35.1(b), because this is an accelerated interlocutory appeal, the Clerk's Record is due to be filed with the Court of Appeals on or before August 29, 2025**.

The Attorney General requests that the following documents be included in the clerk's record, as specified in Texas Rule of Appellate Procedure 34.5:

| Item No. | Date filed | Pleading or Document |
|---|---|---|
| 1. | 10/07/24 | Plaintiff's Motion to Compel Third Party Compliance and Motion to Overrule Objections |
| 1. | 10/07/24 | Non-Party Texas Alcoholic Beverage Commission's Response to Plaintiff's Motion to Compel |
| 3. | 07/30/25 | Order Granting In Part and Denying In Part Plaintiff's Motion to Compel Responses from Third Party Texas Alcoholic and Beverage Commission |
| 4. | 08/19/25 | Non-Party Texas Alcoholic Beverage Commission's Notice of Appeal |
| 5. | 08/22/25 | Defendants' Request for Clerk's Record (this document) |
| 6. | | The court's docket sheet |
| 7. | | The certified bill of costs |

Once the clerk has determined the cost of preparing the record, the Office of the Attorney General will pay the invoice that the clerk submits.

NON-PARTY TABC'S REQUEST FOR THE CLERK'S RECORD
Cause Nos. 2023-07113 & 2023-36840, *Dominguez et al. v. Moreno et al.*                Page 2 of 5

214

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/ Patrick Todd*
PATRICK TODD
State Bar No. 24106513
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1660
Patrick.Todd@oag.texas.gov

**ATTORNEYS FOR NON-PARTY
TEXAS ALCOHOLIC BEVERAGE
COMMISSION**

NON-PARTY TABC'S REQUEST FOR THE CLERK'S RECORD
Cause Nos. 2023-07113 & 2023-36840, *Dominguez et al. v. Moreno et al.*                Page 3 of 5

215

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on this 22nd day of August 2025, on the following parties by e-service:

Muhammad S. Aziz
State Bar No. 24043538
maziz@awtxlaw.com
Jessica L. Dean
State Bar No. 24043538
jdean@awtxlaw.com
Kim Spurlock
State Bar No. 24032582
kspurlock@awtxlaw.com
Hailey Hutson
State Bar No. 24143669
hhutson@awtxlaw.com
ABRAHAM, WATKINS, NICHOLS,
AGOSTO, AZIZ & STOGNER
800 Commerce Street
Houston, Texas 77002
Tel: (713) 222-7211
Fax: (713) 225-0827

**ATTORNEYS FOR PLAINTIFFS
ORLANDO HAYWARD AND
REYNA HAYWARD,
INDIVIDUALLY AND AS
REPRESENTATIVES OF THE
ESTATE OF NIGUEL HAYWARD,
DECEASED**

Carlos A. Balido
State Bar No. 01631230
BalidoEDocsNotifications@wbclawfirm.com
Laura Wright
State Bar No. 24098636
WrightEdocsNotifications@wbclawfirm.com
Walters, Balido & Crain, L.L.P.
10440 North Central Expressway
Meadow Park Tower, Suite 1500
Dallas, Texas 75231
Tel: (214) 749-4805
Fax: (214) 204-2101

**ATTORNEYS FOR DEFENDANT
EDUARDO MORENO**

Daragh Cartner
State Bar No. 24050387
dcarter@smithandhassler.com
SMITH & HASSLER
1225 North Loop West, Suite 525
Houston, Texas 77008
Tel: (713) 739-1250

**ATTORNEY FOR PLAINTIFF ASHLIE
DOMINQUEZ**

Brian G. Cano
State Bar No. 24045613
bcano@feesmith.com
Stephen M. Mengis
State Bar No. 24094842
smengis@feesmith.com
FEE, SMITH & SHARP LLP.
2777 Allen Parkway, Suite 800
Houston, Texas 77019
Tel: (713) 362-8313
Fax: (713) 362-8302

**ATTORNEYS FOR DEFENDANTS
KELLY RAY WREN AND
DRAGGIN TOOLS TRUCKING,
LLC**

Danielle Hollis
State Bar No. 24085380
danielle.hollis@wilsonelser.com
Cameron Keener
State Bar No. 24107827
cameron.keener@wilsonelser.com
Kent M. Adams
State Bar No. 00869200
kent.adams@wilsonelser.com
WILSON ELSER
909 Fannin Street, Suite 3300
Houston, Texas 77010
Tel: (713) 353-2023
Fax: (713) 785-7780

**ATTORNEYS FOR DEFENDANT
LIFFEY INC., D/B/A MOLLY'S
PUB**

Michael A. Logan
State Bar No. 12497500
mlogan@krcl.com
Kayla M. Bright
State Bar No. 24138092
kbright@krcl.com
KANE RUSSELL COLEMAN LOGAN PC
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel: (214) 777-4294
Fax: (214) 777-4299

**ATTORNEYS FOR DEFENDANT
SANDBAGGERS PUB, NP**

/s/ Patrick Todd
PATRICK TODD
Assistant Attorney General

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mayra Contreras on behalf of Patrick Todd
Bar No. 24106513
mayra.contreras@oag.texas.gov
Envelope ID: 104753452
Filing Code Description: Request
Filing Description: 2025 0822 Request for Clerks Record
Status as of 8/25/2025 8:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carlos A.Balido | | BalidoEDocsNotifications@wbclawfirm.com | 8/22/2025 4:26:17 PM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 8/22/2025 4:26:17 PM | SENT |
| Stephen Mengis | 24094842 | smengis@feesmith.com | 8/22/2025 4:26:17 PM | SENT |
| Kent Adams | 869200 | kent.adams@wilsonelser.com | 8/22/2025 4:26:17 PM | SENT |
| Stephen Mengis | | smengis@feesmith.com | 8/22/2025 4:26:17 PM | SENT |
| Daragh Carter | | dcarter@smithandhassler.com | 8/22/2025 4:26:17 PM | SENT |
| Abigail Villegas | | avillegas@smithandhassler.com | 8/22/2025 4:26:17 PM | SENT |
| Elizabeth Lampert | | ELampert@krcl.com | 8/22/2025 4:26:17 PM | SENT |
| Brian  G.Cano | | bcano@feesmith.com | 8/22/2025 4:26:17 PM | SENT |
| Elizabeth Chipelo | | elizabeth.chipelo@oag.texas.gov | 8/22/2025 4:26:17 PM | ERROR |
| MUHAMMAD S.AZIZ | | maziz@awtxlaw.com | 8/22/2025 4:26:17 PM | SENT |
| Jessica L.Dean | | jdean@awtxlaw.com | 8/22/2025 4:26:17 PM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 8/22/2025 4:26:17 PM | SENT |
| Kim Spurlock | | kspurlock@awtxlaw.com | 8/22/2025 4:26:17 PM | SENT |
| Hailey Hutson | | hhutson@awtxlaw.com | 8/22/2025 4:26:17 PM | SENT |
| Mayra Contreras | | mayra.contreras@oag.texas.gov | 8/22/2025 4:26:17 PM | SENT |
| Laura Wright | | WrightEdocsNotifications@wbclawfirm.com | 8/22/2025 4:26:17 PM | SENT |
| Jaclyn Degollado | | jdegollado@feesmith.com | 8/22/2025 4:26:17 PM | SENT |
| Gina Williams | | gwilliams@feesmith.com | 8/22/2025 4:26:17 PM | SENT |
| Michael  ALogan | | mlogan@krcl.com | 8/22/2025 4:26:17 PM | SENT |
| Kimberly Hayes | | KHayes@krcl.com | 8/22/2025 4:26:17 PM | SENT |
| Kayla Bright | | kbright@krcl.com | 8/22/2025 4:26:17 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Mayra Contreras on behalf of Patrick Todd
Bar No. 24106513
mayra.contreras@oag.texas.gov
Envelope ID: 104753452
Filing Code Description: Request
Filing Description: 2025 0822 Request for Clerks Record
Status as of 8/25/2025 8:39 AM CST

Case Contacts

| Kayla Bright | | kbright@krcl.com | 8/22/2025 4:26:17 PM | SENT |
|---|---|---|---|---|
| Danielle Hollis | | danielle.hollis@wilsonelser.com | 8/22/2025 4:26:17 PM | SENT |
| Cameron Keener | | cameron.keener@wilsonelser.com | 8/22/2025 4:26:17 PM | SENT |
| Lysandra Ramirez | | lysandra.ramirez@wilsonelser.com | 8/22/2025 4:26:17 PM | SENT |
| NIki Fischer | | niki.fischer@wilsonelser.com | 8/22/2025 4:26:17 PM | SENT |

# CERTIFICATE

**THE STATE OF TEXAS**

**COUNTY OF HARRIS**

       **I, MARILYN BURGESS,** Clerk of the District Court in and for Harris County, Texas, do hereby certify that the above and foregoing are true and correct copies of all the proceedings directed by Counsel and/or Rule 34 to be included in the **Original Clerks Record** in the Cause of

**NON-PARTY TEXAS ALCOHOLIC BEVERAGE COMMISSION**

           **VS**                          **APPELLATE COURT NO. 15-25-00139-CV**

                                        **TRIAL COURT CASE NO. 2023-07113**

**ASHLEY DOMINGUEZ, ORLANDO HAYWARD AND REYNA HAYWARD, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF NIGUEL HAYWARD, DECEASED, EDUARDO MORENO, KELLY RAY WREN, AND DRAGGIN TOOLS TRUCKING, LLC**

as the same appear from the originals now on file of record in this office.

GIVEN under my hand and seal of said Court at office in the City of Houston, on the

**25TH day of AUGUST, 2025, AD.**



MARILYN BURGESS,
CLERK DISTRICT COURT,
HARRIS COUNTY, TEXAS


BY : /s/ TONISHA RICKS
_____
**TONISHA RICKS, DEPUTY CLERK**

AP4 R04-30-92

# BILL OF COSTS

## APPELLATE COURT NO. 15-25-00139-CV

**THE STATE OF TEXAS**
**COUNTY OF HARRIS**

**NON-PARTY TEXAS ALCOHOLIC BEVERAGE COMMISSION**
        **APPELLANT(S)**

                                    **TRIAL COURT CASE NO. 2023-07113**

**VS.**

**ASHLEY DOMINGUEZ, ORLANDO HAYWARD AND REYNA HAYWARD, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF NIGUEL HAYWARD, DECEASED, EDUARDO MORENO, KELLY RAY WREN, AND DRAGGIN TOOLS TRUCKING, LLC**
        **APPELLEE(S)**

**TO OFFICERS OF COURT,**

## CLERK'S COSTS

| | |
|---|---|
| **ORIGINAL CLERKS RECORD** | $223.00 |
| LESS INDEX PAGES | $2.00 |
| TOTAL $ | **$221.00** |

*Appellant is not indigent*

The record has been paid for   **X**

The record has not been paid for      

THE STATE OF TEXAS
COUNTY OF HARRIS

Revised July 12, 2012

I, MARILYN BURGESS, Clerk of the District Court in and for Harris County, Texas, do hereby certify that the above is a Correct Bill of all Costs incurred in preparation of the above numbered and entitled suit up to this date.

IN WITNESS WHEREOF, I, hereunto affix my hand and seal of the Court at office in Houston, Texas this **25TH day of AUGUST, 2025, A.D.**



MARILYN BURGESS,
CLERK DISTRICT COURT,
HARRIS COUNTY, TEXAS

BY :      /s/ TONISHA RICKS
_____
**TONISHA RICKS, DEPUTY CLERK**

Revised July 12, 2012